IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al.[1] | § | |
| | § | |
| Debtors. | § | JOINTLY ADMINISTERED |

**APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY HUNTON & WILLIAMS, LLP AS COUNSEL FOR THE DEBTORS AND DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The Debtors and Debtors-in-Possession in the above-captioned cases (collectively, the "Debtors") file this Application, which seeks to employ Hunton & Williams, LLP as lead counsel for these bankruptcy cases. In support of the Application, the Debtors would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 100, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above..

2. On May 1, 2009 (the "Petition Date"), the Debtors filed voluntary chapter 11 petitions under the Bankruptcy Code with this Court. The Debtors continue to operate their businesses and manage their property as debtors-in-possession. No request for the appointment of a trustee has been made and no committees have been appointed.

3. The Debtors' First Day Declaration, filed on the Petition Date, discusses the general background of these cases, including the history of the Debtors, the nature of their businesses, and the history of these bankruptcy cases. *See* Declaration of Meade Monger in Support of Debtors' First Day Motions, Docket No. 3.

## RELIEF REQUESTED

4. Section 327(a) of the Bankruptcy Code provides: "Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

5. The Debtors have selected Hunton & Williams LLP ("Hunton" or the "Firm"), because of the Firm's extensive experience and knowledge of the areas of bankruptcy and general corporate law. The Debtors have employed in the past, and wish to employ on a go-forward basis Hunton as their attorneys in relation to bankruptcy, banking, corporate, labor and employment, benefits, tax and litigation matters, and other matters where the Firm's expertise may be of value to the Debtors.

6. By this Application, the Debtors request that they be authorized to employ Hunton immediately. The Debtors represent that it is necessary to retain Hunton immediately to render

legal advice to the Debtors with respect to their faithful execution of their duties herein. Subject to further order of this Court, the Debtors proposes that Hunton be employed to:

    a. advise the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their business and properties;

    b. attend meetings and negotiate with representatives of creditors and other parties in interest;

    c. take all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors' interests in negotiations concerning all litigation in which the Debtors are involved, including objections to claims filed against the estates;

    d. prepare all motions, applications, answers, orders, reports and papers necessary to the administration of the Debtors' estates;

    e. take any necessary action on behalf of the Debtors to obtain approval of a disclosure statement and confirmation of the Debtors' plan of reorganization;

    f. represent the Debtors in connection with obtaining the use of cash collateral and any potential postpetition financing;

    g. advise the Debtors in connection with any potential sale of assets;

    h. appear before the Court, any appellate courts and the United States Trustee and protect the interests of the Debtors' estates before those Courts and the United States Trustee;

    i. consult with the Debtors regarding tax matters; and

    j. perform all other necessary legal services to the Debtors in connection with these chapter 11 cases, including but not limited to (i) the analysis of the Debtors leases and executory contracts and the assumption, rejection or assignment thereof, (ii) the analysis of the validity of liens against the Debtors and (iii) advice on corporate, litigation and environmental matters.

7. At the Debtors' request, Hunton was retained on August 2, 2008 to advise on restructuring options, including potential bankruptcy-related services.

8. Gregory G. Hesse and Lynnette R. Warman, partners at Hunton, as well as other partners of, counsel to, and associates of Hunton who will assist in these Chapter 11 case are

members in good standing of the bar of the State of Texas and the United States District Court for all four Districts of Texas, among others.

9. The Debtors believe that Hunton does not hold an interest adverse to the Debtors' estates pursuant to Section 327 of the Bankruptcy Code. The basis of Debtors' determination is the Declaration of Gregory G. Hesse in Support of Debtors' Application to Employ Hunton & Williams, LLP as Counsel to the Debtors (the "*Hesse Declaration*") attached hereto as "*Exhibit A.*" The Hesse Declaration incorporated herein by this reference, includes the Firm's Disclosure of Compensation under 11 U.S.C. § 329 and Bankruptcy Rule 2016(b) in Debtors' cases.

10. Subject to approval of the Court in accordance with Section 330(a) of the Bankruptcy Code, the compensation to be paid Hunton shall be based upon the hourly rates charged in bankruptcy and non-bankruptcy matters by its respective partners, counsel, associates, and legal assistants for legal services rendered and reimbursement for out-of-pocket expenses incurred on Debtors' behalf. The hourly rates to be charged may be modified by Hunton in the ordinary course of its business and such rates are equal to the rates charged for such services generally rendered in similar bankruptcy and non-bankruptcy matters in this district. A copy of the engagement letter agreement between Debtors and Hunton setting forth the terms of Hunton's retention is attached to the Hesse Declaration.

11. The current standard hourly rates of the principal attorneys[2] and paraprofessionals presently designated to represent the Debtors are:

---

[2] Gregory G. Hesse, Lynnette R. Warman, Steven T. Holmes, Cameron W. Kinvig, Caroline R. Penninck, and Jesse T. Moore are attorneys who will perform requested bankruptcy and certain corporate legal services in this matter. Other attorneys in the Firm will assist and advise the Debtors with respect to other matters, including corporate, lending, securities, and litigation matters.

| a. | Partners | $470.00 - $850.00 |
| b. | Counsel | $400.00 |
| b. | Associates | $220.00 - $450.00 |
| c. | Paraprofessionals | $ 90.00 - $160.00 |

Other attorneys and paraprofessionals may from time to time serve the Debtors in connection with the matters herein described.[3]

12. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are established to compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with that client's case. The expenses charged to clients include, among other things, telephone and telecopies toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime expenses. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

13. Hunton has stated its desire and indicated its willingness to render the necessary professional legal services to Debtors. To the best of Debtors' knowledge, and except as disclosed in the Hesse Declaration, the Firm has not represented the Debtors, their creditors,

---

[3] The standard rates currently charged by attorneys at the Firm range from $220.00 per hour to $850.00 per hour. The standard rates for paraprofessionals range from $45.00 per hour to $225.00 per hour.

equity security holders, or any other parties-in-interest, or their respective attorneys, in any matter relating to Debtors or their estates.

14. Hunton has received from Debtors the amounts set forth in the Hesse Declaration as compensation for professional services performed and for reimbursement of reasonable expenses incurred in connection with such services.

15. Prior to the commencement of these cases, Hunton received a retainer and advance against expenses related to the preparation and prosecution of these Chapter 11 cases, as set forth in the Hesse Declaration, and for other services rendered, including general corporate legal services and legal advice related to Debtors' businesses. Such retainer and advance amounts have not been applied to prepetition invoices but such invoices have been paid in due course in accordance with its engagement letter. As of the Petition Date, however, a modest balance representing services rendered in connection with the preparation of this case, but not yet billed, was outstanding to Hunton for services it rendered to the Debtors, mostly during the month of April, and mostly for services rendered immediately prepetition.

16. Hunton agrees to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable bankruptcy national and local rules. All fees and expenses of Hunton shall be subject to final approval of this Court pursuant to 11 U.S.C. § 330. The Debtors believe the employment of Hunton as counsel is in the best interest of the Debtors' bankruptcy estates since Hunton has become familiar with the Debtors' operations and financial condition during the period immediately preceding Debtors' bankruptcy filings. Retention of other counsel to represent Debtors in bankruptcy and corporate law matters, would cost Debtors valuable time in the reorganization effort, and would result in unnecessary

duplication of expense in providing legal representation for the Debtors. Hunton's services to the Debtors will be rendered as directed by the Debtors.

## NOTICE

17. Notice of the filing of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' thirty largest creditors; (c) the Internal Revenue Service; and (d) the Securities and Exchange Commission. A copy of the Motion has been made available on the website of the Debtors' notice and claims agent, Kurtzman Carson Consultants. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**WHEREFORE, PREMISES CONSIDERED,** Debtors respectfully request that the Court enter an order (i) approving the retention of the Firm as lead counsel pursuant to 11 U.S.C. § 327(a), and (ii) granting the Debtors any further relief to which they may be entitled.

Dated: May 5, 2009

Accredited Home Lenders Holding Co. & its affiliated
Debtors and Debtors-in-Possession

*/s/ Meade Monger*
_____
Meade Monger
Chief Restructuring Officer