# EXHIBIT C

# PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACCREDITED HOME LENDERS | ) | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | ) | JOINTLY ADMINISTERED |
| | ) | |
| Debtors.[1] | ) | |
| | ) | **Related to Docket No. _____** |

## ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9) CLAIMS, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) PROVIDING CERTAIN SUPPLEMENTAL RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for the entry of an Order, pursuant to section 501 the Bankruptcy Code, Bankruptcy Rules 2002, 3003(c)(3) and 9007, and Local Rules 2002-1(e) (i) establishing the general bar date by which all creditors must file proofs of claim in these chapter 11 cases, including without limitation claims under Bankruptcy Code section 503(b)(9) related to goods delivered during the twenty (20) days prior to the Petition Date (the "General Bar Date");[3] (ii) establishing the date by which Governmental Units must file proofs of claim in these Chapter 11 cases (the "Governmental Unit Bar Date"); (iii) establishing the date by which proofs of claim relating to the Debtors' rejection of executory contracts or unexpired leases must be filed in these

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 100, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Motion.

[3] For purposes of this Motion, the Bar Dates (as defined herein) requested herein shall not extend to requests for payment of fees and expenses of professionals retained or sought to be retained by order of the Court in these cases.

Chapter 11 cases (the "Rejection Bar Date"); (iv) establishing a bar date by which creditors holding claims that have been amended by the Debtors in their Schedules (as defined below) must be filed in these Chapter 11 cases (the "Amended Schedule Bar Date"; together with the General Bar Date, the Governmental Unit Bar Date and the Rejection Bar Date, the "Bar Dates"); (v) approving a tailored proof of claim form to be distributed to potential creditors; (vi) approving the manner of notice of the Bar Dates; and (vii) providing certain supplemental relief; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their estates and that the establishment of the Bar Dates and the procedures set forth in the Motion are fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors or their property in these chapter 11 cases; and the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of this Motion having been due and sufficient under the circumstances; and upon the record therein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

       IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Bar Dates. The Bar Dates set forth in the Motion are hereby APPROVED.

3. Notices and Forms. The forms of the Bar Date Notice, the Proof of Claim Form, substantially in the form attached to the Motion, and the manner of providing notice of the Bar Dates proposed in the Motion, are APPROVED. The form and manner of notice of the Bar Dates approved hereby are deemed to fulfill the notice requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

4.  <u>The General Bar Date</u>. The General Bar Date by which proofs of claim against the Debtors must be filed is 5:00 p.m. (PT) on September 14, 2009.

5.  Any Entity that asserts a claim against the one or more of Debtors that arose prior to the Petition Date, including without limitation any claim under Bankruptcy Code section 503(b)(9) for goods delivered to a Debtor within twenty (20) days before the Petition Date (any such claim, a "<u>Prepetition Claim</u>") is required to file an original, written proof of such Prepetition Claim, substantially in the form of the Proof of Claim Form, so as to be received on or before the applicable General Bar Date by either mail or delivery by hand, courier, or overnight service to AHL Claims Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

6.  The Claims Docketing Center will <u>not</u> accept Proof of Claim Forms sent by facsimile, telecopy, or other electronic means. A proof of claim shall be timely filed only if the original Proof of Claim Form is *actually received* by the Claims Docketing Center on or before the General Bar Date.

7.  The following Entities <u>do not</u> need to file proofs of claim:

    (a)    any Entity that has already properly filed with the Claims Docketing Center a proof of claim against one or more of the Debtors for which no other or additional amounts or claims are sought;

    (b)    any Entity (i) whose Prepetition Claim is not listed as "disputed," "contingent," or "unliquidated" in the Schedules and (ii) that agrees with the nature, classification, and amount of such Prepetition Claim set forth in the Schedules and (iii) such entity does not dispute that its Prepetition Claim is an obligation only of the specific Debtor against which the Prepetition Claim is listed in the Schedules;

    (c)    any Entity whose Prepetition Claim previously has been allowed by, or paid pursuant to, an order of this Court;

    (d)    any Entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code, <u>unless</u> such claim is pursuant to Bankruptcy Code section 503(b)(9) on account of goods delivered to the Debtors during the twenty (20) days prior to the Petition Date; and

    (e)    any of the Debtors that hold Prepetition Claims against one or more of the other Debtors.

8. Except as provided below, the following Entities <u>must</u> <u>file</u> a proof of claim on or before the General Bar Date:

    (a)    creditors whose Prepetition Claims arise out of the rejection of executory contracts or unexpired leases by the Debtors prior to the entry of the Bar Date Order;

    (b)    Entities whose Prepetition Claims arise out of the obligations of such Entities under a contract for the provision of liability insurance to a Debtor;

    (c)    any Entity whose prepetition claim against the Debtors is not listed in the Schedules or whose prepetition claim is listed as disputed, contingent or unliquidated and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases; and

    (d)    any Entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and

    (e)    any Entity that asserts a claim against the Debtors under Bankruptcy Code section 503(b)(9) on account of goods delivered to the Debtors during the twenty (20) days prior to the Petition Date.

9. <u>The Governmental Unit Bar Date</u>. The Governmental Unit Bar Date by which Governmental Units must file proofs of claim against the Debtors is October 28, 2009 at 5:00 p.m. (PT).

10. Governmental Units wishing to assert claims against the Debtors must file an original, written proof of such claim, substantially in the form of the Proof of Claim Form, so as

to be received on or before the Governmental Unit Bar Date by either mail or delivery by hand, courier, or overnight service at the appropriate address identified above for the Claims Docketing Center.

11.     The Claims Docketing Center will not accept Proof of Claim Forms sent by facsimile, telecopy, or other electronic means. A proof of claim filed by a Governmental Unit shall be deemed timely filed only if the original Proof of Claim Form actually is received by the Claims Docketing Center on or before the Governmental Unit Bar Date.

12.     The Rejection Bar Date. The Rejection Bar Date by which a proof of claim relating to the Debtors' rejection of any executory contract or unexpired lease must be filed is the later of (a) the General Bar Date or (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court.

13.     Entities wishing to assert a Rejection Damages Claim are required to file an original, written proof of such Rejection Damages Claim, substantially in the form of the Proof of Claim Form, so as to be received on or before the Rejection Bar Date by either mail or delivery by hand, courier, or overnight service at the appropriate address identified above for the Claims Docketing Center.

14.     The Claims Docketing Center will not accept Proof of Claim Forms sent by facsimile, telecopy, or other electronic means. A proof of claim with respect to a Rejection Damages Claim shall be timely filed only if the original Proof of Claim Form is *actually received* by the Claims Docketing Center on or before the Rejection Bar Date.

15.     The Amended Schedule Bar Date. The Amended Schedule Bar Date for creditors holding claims which have been amended by the Debtors in their Schedules or added by the

Debtors to the Schedules is the later of (a) the General Bar Date or (b) thirty (30) days after the date that notice of the amendment or addition is served on the affected claimant.

16. Entities wishing to file proofs of claim with respect to claims which have been amended by the Debtors in their Schedules or added thereto are required to file an original, written proof of such claim, substantially in the form of the Proof of Claim Form, so as to be received on or before the Amended Schedule Bar Date by either mail or delivery by hand, courier, or overnight service at the appropriate address identified above for the Claims Docketing Center.

17. The Claims Docketing Center will not accept Proof of Claim Forms sent by facsimile, telecopy, or other electronic means. A proof of claim with respect to a claim which has been amended by the Debtors in their Schedules or added thereto shall be timely filed only if the original Proof of Claim Form is *actually received* by the Claims Docketing Center on or before the Amended Schedule Bar Date.

18. Proof of Claim Form. Each proof of claim filed must: (a) be written in the English language, (b) be denominated in lawful currency of the United States, (c) conform substantially with the Proof of Claim Form provided, and (d) attach copies of any writings upon which the claim is based.

19. Writings. Upon the advance express written consent of the Debtors, a proof of claim may be filed without the writings upon which the Prepetition Claim, as applicable, is based, as required by Bankruptcy Rules 3001(c) and (d) and this Order; provided, however, that, upon request of the Debtors or any other party in interest in these cases, any creditor that receives such written consent shall be required to transmit promptly such writings to the Debtors and the

party in interest making such request as soon as reasonably practicable, but in no event later than ten (10) business days from the date of such request.

20. <u>Filing Proofs of Claim Against Multiple Debtors</u>. All Entities asserting claims against more than one Debtor are required to: (a) file a separate proof of claim with respect to each such Debtor and (b) identify on each proof of claim the particular Debtor against which their claim is asserted.

21. <u>Effect of Failure to File by Applicable Bar Date</u>. Any Entity that is required pursuant to this Order to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against a Debtor, but that fails to do so on or by an applicable Bar Date, is forever barred, estopped, and enjoined from: asserting any Prepetition Claim against any of the Debtors (or filing a proof of claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Prepetition Claim. Additionally, any holder of any Prepetition Claim who is required, but fails, to file a proof of such Prepetition Claim in accordance with this Order on or before the applicable Bar Date shall not be permitted to vote to accept or reject any plan or plans or participate in any distribution in the Debtors' chapter 11 cases on account of such Prepetition Claim or to receive further notices regarding such Prepetition Claim.

22. <u>Mailing of Bar Date Notice Packages</u>. The Debtors shall provide actual notice of the Bar Dates by mailing the Bar Date Notice and the Proof of Claim Form (together, the "<u>Bar Date Notice Package</u>") within ten (10) business days of entry of this Order, but in no event later than July 16, 2009 to: (a) the U.S. Trustee; (b) all holders of Prepetition Claims listed on the Schedules at the addresses stated therein; (c) all counterparties to executory contracts and

unexpired leases; (d) all current and former employees of the Debtors to the extent that contact information for former employees is available in the Debtors' records; (e) all taxing authorities for locations in which the Debtors do business; (f) all parties to litigation in which the Debtors are involved; (g) all providers of utility services to the Debtors; (h) all insurance providers; (i) all of the Debtors' ordinary course professionals; (j) all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of this Order; (k) all parties that have filed proofs of claim in these cases as of the date of entry of this Order; and (l) all parties on the Debtors' consolidated mailing matrix (collectively, the "Bar Date Notice Parties").

23. The Debtors may, in their discretion, but shall not be required to, serve the Bar Date Notice to certain Entities that are not Bar Date Notice Parties with which, prior to the Petition Date, the Debtors had done business or that may have asserted a claim against the Debtors in the recent past.

24. Supplemental Mailings of Bar Date Notice Packages. In the event that: (a) Bar Date Notice Packages are returned by the post office with forwarding addresses, necessitating a remailing to the new addresses, (b) certain parties acting on behalf of parties in interest decline to pass along Bar Date Notice Packages to such parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known to the Debtors (collectively, the "Special Bar Date Parties"), the Debtors may, in their discretion, but shall not be required to make supplemental mailings of the Bar Date Notice Package up to thirty-three (33) days in advance of the applicable Bar Dates, with any such supplemental mailings being deemed timely.

25. Establishment of Special Bar Dates. The Debtors are authorized to establish special bar dates with respect to the Special Bar Date Parties as to which a mailing or remailing

of the Bar Date Notice Package is necessary and cannot be accomplished prior to thirty-three (33) days in advance of an applicable Bar Date. With respect to the Special Bar Date Parties, the Debtors are authorized to establish special bar dates at least thirty-three (33) days after the date on which the Debtors mail the notice of each such special bar date. Such notice will substantially take the form of the Bar Date Notice (with necessary modifications to reflect the special bar date provisions). The Debtors shall advise the Court of the establishment of each special bar date by filing a notice, together with a list that specifically identifies the Special Bar Date Parties that are subject thereto and a copy of the bar date notice applicable to the special bar date. In addition to being filed with the Court, the Debtors shall serve such notice upon the U.S. Trustee and counsel for the Committee. The Debtors shall file a certificate of service to evidence the mailing of each special bar date notice to the parties subject thereto.

26. Each of the special bar dates will apply only to the Special Bar Date Parties who are specifically identified as being subject thereto in the lists to be filed with the Court. As to any of such specifically identified parties, however, who may be found to have received effective notice of the Bar Dates, the Debtors do not waive the right to assert that the Bar Dates, rather than the special bar date, governs. The Bar Dates will remain effective and fully enforceable both with respect to known parties who have received actual notice thereof pursuant to the Bar Date Notice and with respect to unknown parties who are deemed to have received constructive notice thereof.

27. <u>Actual Notice of Amended Schedule Bar Date</u>. If and when the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a Prepetition Claim or add a claim to the Schedules, the Debtors shall provide notice to the affected claimant of any such amended or added claim, which shall include

information regarding the Amended Schedule Bar Date and how to file a proof of claim or amend an existing proof of claim.

28. <u>Assistance of Claims Agent</u>. Kurtzman Carson Consultants, LLC ("KCC"), the claims agent appointed in these cases, is authorized to facilitate and coordinate the claims reconciliation and bar date notice functions, including the mailing of the Bar Date Notice Packages. To the extent that KCC requires any assistance with the preparation and mailing of the Bar Date Notice Package, KCC is authorized to employ and pay necessary service providers, subject to prior approval from the Debtors, and to obtain reimbursement from the Debtors for any such payments on the same terms applicable to its direct services. KCC is further authorized to take such other actions as may be necessary to ensure timely preparation and mailing of the Bar Date Notice Package.

29. <u>Reservation of Rights</u>. The Debtors shall retain and hereby reserve the right to: (a) dispute, or assert offsets or defenses, against any Prepetition Claim; (b) subsequently designate any Prepetition Claim as disputed, contingent or unliquidated; and (c) object to any Prepetition Claim, whether scheduled or filed, on any grounds.

30. The Debtors are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order, including payment of costs incurred in connection with the process of noticing the Bar Dates.

31. This Court shall retain jurisdiction over all matters arising out of or related to the Motion and this Order.

Wilmington, Delaware
Date: July _____, 2009

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge