# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACCREDITED HOME LENDERS HOLDING CO., et al. | ) ) | Case No. 09-11516 (MFW) |
| | ) | |
| Debtors.[1] | ) | JOINTLY ADMINISTERED |

## NOTICE OF DEADLINES TO FILE PROOFS OF CLAIM

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On May 1, 2009, (the "Petition Date"), Accredited Home Lenders Holding Co., Accredited Home Lenders, Inc., Vendor Management Services, LLC d/b/a Inzura Settlement Services, Inzura Insurance Services, Inc., and Windsor Management Co., d/b/a AHL Foreclosure Services Co., (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Court (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

Under the Bankruptcy Code, the Debtors are granted certain protections against creditors. A creditor is anyone to whom the Debtors owe money or property. Creditors are prohibited from taking any actions to collect money or property from the Debtors. If unauthorized actions are taken by a creditor against any of the Debtors, the Court may penalize that creditor. A creditor who is considering taking action against any of the Debtors, or property of the Debtors, may wish to consult an attorney. The staff of the Clerk of the Court is not permitted to give legal advice.

### Prepetition Claim Bar Date

By Order of this Court entered on July 28, 2009 (the "Bar Date Order"), the last date and time for filing proofs of claim against the Debtors for any claim against the one or more of Debtors that arose prior to the Petition Date, including without limitation any claim under Bankruptcy Code section 503(b)(9) for goods delivered to a Debtor within twenty (20) days before the Petition Date (any such claim, a "Prepetition Claim") is **October 6, 2009 at 5:00 p.m. (Pacific Time)** (the "General Bar Date"). The General Bar Date and the procedures set forth below for the filing of proofs of claim apply to all Prepetition Claims against the Debtors, except for Governmental Units (as defined in section 101(27) of the Bankruptcy Code). Governmental Units must file proofs of claim by **October 28, 2009 at 5:00 p.m. (Pacific Time)** (the "Governmental Unit Bar Date"). **All proofs of claim must be actually received by the applicable bar date.**

You MUST file a proof of claim if you have a claim that arose on or before the Petition Date, and it is not an Excluded Prepetition Claim (as defined below). Acts or omissions of the Debtors that arose on or before the Petition Date may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date. Under section 101(5) of the Bankruptcy Code as used herein, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) right to an equitable remedy for breach of performance if such breach

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 100, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. <u>All entities asserting claims against more than one Debtor are required to file a separate proof of claim with respect to each such Debtor.</u>

The General Bar Date applies to all Prepetition Claims other than the Prepetition Claims of Governmental Units, except that the following entities <u>do</u> <u>not</u> need to file proofs of claim:

(a) any entity that has already properly filed with the Claims Docketing Center (as defined below) a proof of claim against one or more of the Debtors for which no other or additional amounts or claims are sought;

(b) any entity (i) whose Prepetition Claim is not listed as "disputed," "contingent," or "unliquidated" in the Debtors' schedules of assets and liabilities (the "<u>Schedules</u>") and (ii) that agrees with the nature, classification, and amount of such Prepetition Claim set forth in the Schedules and (iii) such entity does not dispute that its Prepetition Claim is an obligation only of the specific Debtor against which the Prepetition Claim is listed in the Schedules;

(c) any Entity whose Prepetition Claim has been allowed previously by, or paid pursuant to, an order of the Court; and

(d) any of the Debtors that hold Prepetition Claims against one or more of the other Debtors.

### Rejection Bar Date

If you wish to submit a rejection damages claim arising from the Debtors' rejection of an executory contract or unexpired lease during these chapter 11 cases, such proof of claim must be filed by the later of (a) the General Bar Date or (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court. Any other claims arising before the Petition Date with respect to any leases or contracts of the Debtors must be filed by the General Bar Date.

### FAILURE TO FILE PROOFS OF CLAIMS

EXCEPT WITH RESPECT TO EXCLUDED PREPETITION CLAIMS, ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM FOR ANY PREPETITION CLAIM THAT SUCH ENTITY HOLDS OR WISHES TO ASSERT AGAINST A DEBTOR, BUT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH PREPETITION CLAIM (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH PREPETITION CLAIM) AGAINST THE DEBTORS, AND THE DEBTORS AND THEIR PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH PREPETITION CLAIM, AND SUCH ENTITY SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH PREPETITION CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH PREPETITION CLAIM.

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST A DEBTOR. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVES THAT YOU HAVE A CLAIM.

### Procedures Generally Applicable to the Filing of Proofs of Claim

A proof of claim will be deemed timely filed only if the original proof of claim is mailed or delivered by hand, courier or overnight service so as to be <u>actually received</u> by Kurtzman Carson Consultants, LLC ("<u>KCC</u>"), at the following addresses (the "<u>Claims Docketing Center</u>") on or before the applicable bar date:

| If via U.S. mail: | If via delivery by hand, courier, or overnight service: |
|---|---|
| AHL Claims Processing Center | AHL Claims Processing Center |
| c/o Kurtzman Carson Consultants LLC | c/o Kurtzman Carson Consultants LLC |
| 2335 Alaska Avenue | 2335 Alaska Avenue |
| El Segundo, CA 90245 | El Segundo, CA 90245 |

Proofs of claim may <u>not</u> be sent by facsimile, telecopy, or other electronic means.

If you file a proof of claim, your filed proof of claim must (a) be written in the English language, (b) be denominated in lawful currency of the United States, (c) comply substantially with the enclosed proof of claim form, (d) attach copies of any writings upon which your asserted Prepetition Claim is based, and (e) be signed by the claimant or by an authorized agent of the claimant. If a proof of claim form is not enclosed herewith, you may obtain a proof of claim form by written request to KCC sent to the appropriate address set forth above or at the website maintained for these cases by KCC at the address http://www.kccllc.net/accredited. Additionally, you may obtain a proof of claim form from any bankruptcy court clerk's office, from your lawyer, or from certain business supply stores.

You may be listed as the holder of a claim against the Debtors in the Debtors' respective Schedules. If your claim is scheduled by the Debtors, the enclosed proof of claim form sets forth: (a) the amount of your claim (if any) as scheduled by the Debtors; (b) the specific Debtor against which the claim is scheduled; (c) whether your claim is scheduled as disputed, contingent or unliquidated; and (d) whether your claim is listed as a secured, unsecured priority or unsecured nonpriority claim. You will receive a different proof of claim form for each claim scheduled in your name by the Debtors. To determine if and how you are listed on the Schedules, if a proof of claim form is enclosed herewith, please refer to the proof of claim form, near the top of the right hand side of the first page, for the scheduled claim information.

Copies of the Schedules and the Bar Date Order are available and may be examined by interested parties (i) at the website maintained for these cases by KCC at the address http://www.kccllc.net/accredited, (ii) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801 between the hours of 8:00 a.m. and 3:00 p.m. (Easter Time), or (iii) on the Court's electronic docket of these cases at the address www.deb.uscourts.gov.

If you have any questions regarding the filing, amount, nature or processing of a proof of claim, please call KCC at (310) 823-9000. YOU SHOULD CONSULT YOUR ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM. **DO NOT ATTEMPT TO CONTACT THE COURT FOR ADVICE.**

Dated: July 29, 2009

Wilmington, Delaware

**BY ORDER OF THE UNITED STATES BANKRUPTCY COURT**