IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ACCREDITED HOME LENDERS HOLDING CO., et al.,<br><br>                    Debtors. | Chapter 11<br>Case Nos. 09-11516-MFW, et seq.<br>(jointly administered)<br><br>**Objections due by: September 4, 2009, at 4:00 p.m.**<br>**Hearing Date: September 14, 2009, at 4:00 p.m.** |

## **MOTION FOR BLANKET RELIEF FROM THE AUTOMATIC STAY**

Various servicers/mortgagees ("Movants"),[1] by their undersigned counsel, file this motion for blanket relief from the automatic stay, and in support hereof state as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362 and 105.

2. On May 1, 2009 (the "Petition Date"), Accredited Home Lenders Holding Co. and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. In their ordinary course of business, the Debtors hold junior mortgages, liens, trusts or similar encumbrance (each a "Junior Mortgage") on real property (the "Property") against which there would exist holders of senior mortgages, liens, trusts or similar encumbrances (each a "Senior Mortgage"). Each Junior Mortgage and any proceeds thereof may be part of the Debtors' bankrutpcy estates.

---

[1] Movants consist of (in alphabetical order) America's Servicing Company, Residential Credit Solutions, Inc. and Washington Mutual.

4. In order to exercise their rights under applicable state foreclosure law without violating the automatic stay, holders of Senior Mortgages need relief from stay. Because of the time and expense in seeking relief from the automatic stay in connection with each Property, Movants believe that a more cost-effective solution to this pervasive need is for the Court to enter relief from the automatic stay in connection with all Property, subject to a broad reservation of rights for the Debtors and their estates. Attached hereto as **Exhibit A** is a form of order that Movants are proposing in connection with the requested blanket relief (the "Blanket Relief Order").

5. Cause exists for the Court to enter the Blanket Relief Order in this case. After literally hundreds of prior motions in this and other cases, the Court has conducted nearly no hearings on the routine relief from stay sought. The result has been an unnecessarily full docket, in which the Debtors were required to review a large number of motions about which they have little interest in the outcome and the Court is required to sign one order per Property (or, on occasion, a single order referencing multiple properties).

6. In connection with each Property, the Blanket Relief Order preserves the rights of the Debtors and their estates, so that in the event there is any liquidation of assets, the Debtors' rights will attach to the proceeds. Because this occurs differently depending upon the laws of the state in which each respective Property is situated, the reservation of rights in the Blanket Relief Order is broad enough to accommodate the Debtors' interests regardless of the law applicable to a specific Property.

7. No prejudice will inure to the Debtors, their estates, or any other party in these cases. The Court's entry of blanket relief from stay will not constitute an adjudication of the rights of the Debtors or any other person in connection with any Property. Rather, it will simply

relieve the parties from the burdens imposed by the automatic stay to obtain an adjudication in accordance with applicable non-bankruptcy law.

8. Blanket relief from stay has been granted in bankruptcy cases in which there existed a potential or an actual history of a large number relief from stay motions. See In re New Century TRS Holdings, Inc., et al., Case Nos. 07-10416-KJC, et seq.; In re Liquidating Trust Of ResMAE Mortgage Corporation, f/k/a ResMAE Mortgage Corporation, et al., Case Nos. 07-10177-KJC, et seq.; and In re Mortgage Lenders Network U.S.A., Inc., Case Nos. 07-10146-PJW et. seq.; In re American Home Mortgage, Inc., Case No. 07-11047-CSS; In re Aegis Mortgage Corporation, Case No. 07-11119-BLS.

9. The Blanket Relief Order proposed herein is similar to the relief granted in the Mortgage Lenders case. In that case, the order entered by the Court represented the product of negotiations with the same counsel for the debtor that represents the Debtors herein. That order contained a small number of excluded properties, which the attached Blanket Relief Order does not have. In the event the Debtors herein have a similar list of such properties, Movants do not oppose attaching a comparable exhibit to the proposed Blanket Relief Order.

10. Movants believe that it may become necessary from time to time for parties to seek entry of an order specific to a particular Property. In some instances, a party may require an order to authorize a judge, trustee, or third party to commence or continue a proceeding to liquidate collateral, despite the existence of a blanket relief order. In other instances, a special circumstance may arise in which it is unclear whether a blanket relief order is required. In still other instances, a title insurer may refuse to insure good and marketable title unless an order specifically refers to a particular property.

11. The procedure for obtaining a specific order in the Blanket Relief Order is much easier for the parties and the Court than the existing method of filing separate motions. Unlike

the current practice of filing a single motion per property, the Blanket Relief Order contemplates that a single order can be submitted referencing an exhibit containing large numbers of properties. Although the supplemental order may contain a large number of pages, it will require only one order and one signature, dramatically reducing the burden on the Court's docket.

12. The undersigned contemplates filing no more than one supplemental order per month under certification of counsel.

13. Therefore, cause exists to enter the Blanket Relief Order.

14. Movants believe that this motion will be unopposed or entered upon consensual terms. A stay of any order granting this motion would, in such instance, be inappropriate. Therefore, Movants are seeking relief from the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

15. Copies of this motion and notice hereof have been served upon the Debtors, counsel for the Debtors, counsel for the Committee, counsel for the United States Trustee, and parties requesting the receipt of notice in accordance with Del. Bankr.LR 2002-1.

WHEREFORE, for the foregoing reasons, Movants respectfully request that this Court enter the Blanket Relief Order substantially in the form attached hereto as **<u>Exhibit A</u>**, and grant Movants such other and further relief as this Court deems just and proper.

Dated: August 20, 2009  
      Wilmington, Delaware

Respectfully submitted,

Atlantic Law Group, LLC

<u>/s/ **Brian Arban**</u>
Adam Hiller (DE No. 4105)
Michelle Berkeley-Ayres (DE No. 4635)
Brian Arban (DE No. 4511)
1500 North French Street, 2nd Floor
Wilmington, Delaware 19801
(302) 339-8800 telephone
(302) 213-0043 facsimile
*Attorneys for Movants*