IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ACCREDITED HOME LENDERS** | § | **Case No. 09-11516 (MFW)** |
| **HOLDING CO., et al.** | § | |
| | § | **JOINTLY ADMINISTERED** |
| Debtors.[1] | § | *Related To Docket No. 1143* |

## ORDER AUTHORIZING THE SALE OF CERTAIN ASSETS OF THE DEBTORS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS

Upon the motion, dated December 11, 2009 [Docket No. 1143] (the "Sale Motion"), of

the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")

for an order (the "Sale Order") (a) authorizing the sale ("the Sale") of certain mortgage loans (the

"Mortgage Loans") and real property (collectively with the Loans, the "Acquired Assets") of the

Debtors free and clear of liens, claims, encumbrances and other interests pursuant to the Asset

Purchase Agreement, dated December 2, 2009, between Debtor Accredited Home Lenders, Inc.

and non-debtor Accredited REO Properties II, LLC and West Coast Realty Services, Inc.

("Buyer") attached to the Motion as Exhibit A (the "APA")[2] and the Court having reviewed and

considered the Sale Motion, and having heard statements of counsel and the evidence presented

in support of the relief requested by the Debtors in the Sale Motion at a hearing before the Court

on January 27, 2009 (the "Sale Hearing"); and it appearing that: (i) the relief requested in the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 100, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

[2] Unless otherwise stated, all capitalized terms not defined herein shall have the same meaning as set forth in the APA and the Sale Motion, as applicable.

Sale Motion is in the best interests of the Debtors, their bankruptcy estates, their stakeholders, and all other parties-in-interest; (ii) the Court has jurisdiction over this matter; (iii) the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and (iv) the Debtors have provided sufficient notice of the Sale Motion and the Sale Hearing to all creditors and parties in interest; and after due deliberation thereon,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**[3]

**Jurisdiction, Final Order and Statutory Predicates**

A.  This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  This Sale Order constitutes an appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Fed. R. Bankr. P. 6004(h), and to any extent necessary under Fed. R. Bankr. P. 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Fed. R. Bankr. P. 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order and expressly directs entry of judgment as set forth herein.

C.  The statutory predicates for the relief requested in the Sale Motion are sections 105(a), 363, 503, and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 2002, 6004, and 9014.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Notice of the Sale and the Cure Costs**

D. Actual written notice of the Sale Hearing, the Sale Motion, the Auction, and the Sale, and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested Persons, including without limitation: (a) the United States Trustee for the District of Delaware, (b) counsel for the Official Committee of Unsecured Creditors, (c) all parties who have filed a request for service of notices in these cases, (d) all borrowers on the Acquired Assets, and (e) all parties who have expressed an interest in buying the Acquired Assets.

E. As evidenced by the affidavits of service previously filed with this Court, proper, timely, adequate and sufficient notice of the Sale Motion, the Auction, the Sale Hearing and the Sale has been provided in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, and 9014. The foregoing notice described in paragraph D was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Motion, the Auction, the Sale Hearing, and the Sale is required.

F. The disclosures made by the Debtors as applicable, concerning the APA, the Auction, the Sale, and the Sale Hearing were good, complete, and adequate, and no other or further disclosures by the Debtors with respect thereto are required.

**Good Faith of Buyer**

G. Buyer is purchasing the Acquired Assets in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that: (i) the Buyer won the right to purchase the Acquired Assets by winning at the Auction, which was conducted in a fair, open, and transparent manner

according to the procedures previously authorized by order of this Court; (ii) all payments to be made by Buyer in connection with the Sale have been disclosed; (iii) Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction and its affiliation with insiders of the other Debtors has been disclosed; and (iv) the negotiation and execution of the APA and any other agreements or instruments related thereto was without collusion, at arm's-length, and in good faith.

## Highest and Best Offer

H. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the Sale because, among other things, the Debtors and their advisors diligently and in good faith analyzed all other available options in connection with the disposition of the Acquired Assets, and have determined that (i) the APA constitutes the highest and best offer for the Acquired Assets, and will provide a greater recovery for the Debtors' bankruptcy estates than would be provided by any other available alternative; (ii) the Purchase Price and the other terms and conditions set forth in the APA together represent a fair and reasonable offer to purchase the Acquired Assets under the circumstances of the Debtors' cases; (iii) compelling circumstances for the Sale pursuant to section 363(b) of the Bankruptcy Code prior to the effective date of a plan of reorganization or liquidation exist, because, among other things, absent the Sale the value of the Acquired Assets will be substantially diminished and the Debtors will incur significantly more administrative expenses if the Sale is delayed.

I. Approval of the Sale Motion and the APA and the consummation of the transactions contemplated thereby is in the best interests of the Debtors and their respective creditors, estates, and other parties in interest.

J. The APA was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory or possession thereof, or the District of Columbia.

K. The Debtors are authorized, pursuant to sections 105(a) and 363 of the Bankruptcy Code to, among other things, as applicable, enter the APA and perform their respective obligations thereunder, sell the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc.[4] free and clear of all Liens and interests of any kind pursuant to the terms of the APA and this Sale Order.

## No Fraudulent Transfer

L. The consideration provided by Buyer pursuant to the APA for its purchase of the Acquired Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws of the United States, any state, territory, possession, and the District of Columbia.

M. Buyer is not a mere continuation of the Debtors or their respective estates and there is no continuity between Buyer and the Debtors. Buyer is not holding itself out to the public as a continuation of the Debtors or their respective estates, and the Sale does not amount to a consolidation, merger, or de facto merger of Buyer and the Debtors.

## Validity of Transfer

N. The Debtors (i) have full corporate power and authority to execute and deliver the APA and all other documents contemplated thereby, as applicable; (ii) have all of the power and

---

[4] Of the Acquired Assets, all of the Mortgage Loans and the real property located at 3120 SW 47th Ave., Hollywood, Florida are owned by Debtor Accredited Home Lenders, Inc. The other Acquired Assets are owned by non-debtor Accredited REO Properties II, LLC.

authority necessary to consummate the Sale; and (iii) have taken all actions necessary to authorize and approve the APA and to consummate the Sale, and no further consents or approvals are required for the Debtors to consummate the transactions contemplated by the APA, except as otherwise set forth in the APA.

O. The transfer of each of the Acquired Assets to Buyer will be, as of the Closing, a legal, valid and effective transfer of all Acquired Assets, and vests or will vest, as of the Closing, Buyer with any and all right, title, and interest of the Debtors to the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc. free and clear of all liens, claims, interests, and encumbrances (including without limitation Liens as defined in the APA) of any type whatsoever (whether known or unknown, secured or unsecured or in the nature of setoff or recoupment or other defense, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or nonmaterial, disputed or undisputed, whether arising prior to or subsequent to the commencement of these case, and whether imposed by agreement, understanding, law, equity, or otherwise, including without limitation claims otherwise arising under doctrines of successor liability), including without limitation to those (i) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of any Debtor's or Buyer's interest in the Acquired Assets, the right to service such Mortgage Loans, or any similar rights, and (ii) relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the Debtors' respective businesses prior to the Closing, including without limitation the transfer of the Acquired Assets to Buyer (all of the foregoing *other than* the Assumed

Liabilities, the "Liens") in each case accruing, arising, or relating to any time prior to the Closing, except for Assumed Liabilities.

## Section 363(f) Is Satisfied

P. Buyer would not have entered into the APA and would not consummate the transactions contemplated thereby if the sale of the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc. to Buyer, and the assumption of the Assumed Liabilities by Buyer, was not free and clear of all Liens of any kind or nature whatsoever, or if Buyer would, or in the future could (except and only to the extent expressly provided in the APA), be liable for any of such Liens, thus adversely affecting the Debtors and their respective creditors, estates, and other parties in interest.

Q. The Debtors may sell the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc. free and clear of all Liens of any kind because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens against the Debtors or their respective estates or any of the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc. who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of such Liens who did object fall within one or more of the other subsections of section 363(f), and are adequately protected by having their Liens, if any, in each instance against the Debtors or their respective estates or any of the Acquired Assets, as applicable, attach to the cash proceeds of the Sale ultimately attributable to the Acquired Assets in which such creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the Sale, subject

to any claims and defenses the Debtors or their respective estates may possess with respect thereto.

R. Except as expressly provided in the APA, the transfer of the Acquired Assets to Buyer and the assumption of the Assumed Liabilities by the Buyer will not subject Buyer to any liability whatsoever with respect to the Debtors' respective businesses or operations prior to the Closing, or by reason of the Closing under the laws of the United States, any state, territory or possession thereof, or the District of Columbia based, in whole or part, directly or indirectly, on any theory of law or equity, including without limitation any theory of equitable law, antitrust, or successor or transferee liability.

## Compelling Circumstances for an Immediate Sale

S. To maximize the value of the Acquired Assets and reduce the administrative expenses being incurred by the Debtors, it is essential that the sale of the Acquired Assets occur within the time constraints set forth in the APA. Time is of the essence in consummating the Sale.

T. Given all of the circumstances and adequacy and fair value of the Purchase Price under the APA, the proposed sale of the Acquired Assets to Buyer constitutes reasonable and sound exercises of each Debtor's business judgment and should be approved.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

## General Provisions

1. The relief requested in the Sale Motion is granted and approved, and the Sale contemplated thereby and by the APA is approved as set forth in this Sale Order.

2. All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation

filed with the Court or as resolved in this Sale Order, and all reservations of rights included therein, are, except as provided in other orders of the Court, hereby overruled on the merits with prejudice.

## Approval of the APA

3. The APA and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved.

4. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors, including without limitation their respective directors, officers, employees, and agents, are authorized to take any and all actions necessary or appropriate to (i) consummate the sale of the Acquired Assets to Buyer pursuant to and in accordance with the terms and conditions of the APA and this Sale Order, (ii) close the Sale as contemplated in the APA and this Sale Order, and (iii) execute and deliver, perform under, consummate, implement, and close fully the APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and the Sale, including any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the APA and such other ancillary documents. The Debtors are authorized to take all further actions as may be requested by Buyer for the purpose of assigning, transferring, granting, conveying, and conferring to Buyer or reducing to possession the Acquired Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the APA. Buyer and the Debtors shall have no obligation to close the Sale except as contemplated and provided for in the APA.

5. This Sale Order and the APA shall be binding in all respects upon the Debtors, their respective estates, all creditors of (whether known or unknown), and holders of equity

interests in, the Debtors, any holders of Liens or interests against or on all or any portion of the Acquired Assets, Buyer, and all of their respective successors and assigns including without limitation any subsequent trust or trustee appointed in any of the Debtors' cases or upon conversion to chapter 7 under the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding. Further, the APA shall not be subject to rejection. This Sale Order and the APA shall inure to the benefit of the Debtors, their respective estates, their respective creditors, Buyer, and all of their respective successors and assigns. To the extent that any provisions of this Sale Order are inconsistent with the terms of the APA, this Sale Order shall govern.

## Transfer of the Acquired Assets

6.     Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer the Acquired Assets at Closing. Upon the closing, Buyer shall take all of the Debtors' respective rights, titles and interests to, and possession of, the Acquired Assets, and such transfer shall constitute a legal, valid, binding, and effective transfer of such Acquired Assets. Upon the Debtors' receipt of the Purchase Price, the transfer of the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc. shall be free and clear of all Liens of any kind, except for the Permitted Liens, with all such Liens to attach to the net proceeds of the Sale with the same validity, priority, force, and effect that they now have as against such Acquired Assets, subject to any claims and defenses the Debtors' and their respective estates may possess with respect thereto.

7.     Except as expressly permitted or otherwise specifically provided by the APA or this Sale Order, all Persons holding claims against the Debtors or Liens on the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc. arising under or out of, in connection

with, or in any way relating to the Debtors, the Acquired Assets, or the Debtors' respective businesses or operations prior to the Closing or the transfer of the Acquired Assets to Buyer, hereby are forever barred, estopped, and permanently enjoined from asserting against Buyer or its successors or assigns, their property or the Acquired Assets, such Persons' claims against or interests in and to the Acquired Assets (except for the Assumed Liabilities). On the date of the Closing, each creditor is directed to execute such documents and take all other actions as may be necessary to release Liens on the Acquired Assets, if any, as provided for herein, as such Liens may have been recorded or may otherwise exist.

8.    All Persons are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with: (i) the ability of the Debtors to sell and transfer the Acquired Assets to Buyer in accordance with the terms of the APA and this Sale Order; and (ii) the Buyer's right, title and interest to the Acquired Assets.

9.    If any Person which has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens on, or interests in, the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc. shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Liens of any kind which the Person has or may assert with respect to the Acquired Assets then (a) the Debtors are hereby authorized and Buyer is hereby authorized, to execute and file such statements, instruments, releases, and other documents on behalf of such Person with respect to the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc.; and/or (b) Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order with the

appropriate clerk or recorder, which, once filed, registered, or otherwise recorded shall constitute conclusive evidence of the release of all Liens of any kind in the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc. This Sale Order shall be the Bankruptcy Court's determination that, at Closing, all Liens in and on the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc. being conveyed as described in the APA have been unconditionally released, discharged, and terminated from the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc.

10.     This Sale Order is and shall be binding upon and govern the acts of all Persons, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing Persons is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

## Other Provisions

11.     Buyer shall have no liability or responsibility for any liability or other obligation of the Debtors arising under or related to the Acquired Assets or the transactions contemplated by the APA, including without limitation the Excluded Liabilities (including any unrecorded liabilities of the Debtors), other than the Assumed Liabilities, and in no event shall Buyer have any liability or responsibility for any Excluded Liabilities (including any unrecorded liabilities of any Debtor). Without limiting the effect or scope of the foregoing, effective as of the Closing,

except (a) as otherwise provided by stipulations as set forth herein, filed with, or announced to the Court with respect to a specific matter by the Debtors with Buyer's written consent, or (b) with respect to the Assumed Liabilities, all Persons are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against Buyer, its successors and assigns, or the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc., with respect to (x) any Lien arising under, out of, in connection with, or in any way relating to the Debtors, Buyer, the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc., or the operation of the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc. prior to the Closing; or (y) successor liability, including without limitation the following actions: (i) commencing or continuing in any manner any action or other proceeding against Buyer, its successors, assets, or properties; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against Buyer, its successors, assets, or properties; (iii) creating, perfecting, or enforcing any Lien or other encumbrance against Buyer, its successors, assets, or properties; (iv) asserting any setoff, right of subrogation, recoupment, or defense of any kind against any obligation due Buyer or its successors; or (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (z) any action or conduct taken or not taken by Buyer with respect to, or any claims related to or arising out of, the Debtors, their bankruptcy cases, the Sale, the APA, or related agreements, instruments, or other documents.

12.     Except for the Assumed Liabilities, Buyer shall not have any liability of the Debtors or their respective estates arising under or related to the Acquired Assets that are owned

by Debtor Accredited Home Lenders, Inc. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein, Buyer shall not be liable for any Claims (as such term is defined in section 101(5) of the Bankruptcy Code) against the Debtors or any of their respective predecessors or affiliates (except for the Assumed Liabilities), and Buyer shall have no successor or vicarious liabilities of any kind or character, including without limitation any theory of antitrust, environmental, successor or transferee liability, labor law, WARN Act liability, de facto merger, or substantial continuity, whether known or unknown as of the Closing, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc. or any obligations of the Debtors arising prior to the date of the Closing, including without limitation liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of the Acquired Assets that are owned by Debtor Accredited Home Lenders, Inc. prior to the Closing. Buyer has given substantial consideration under the APA for the benefit of the holders of Liens. Upon consummation of the Sale and transactions contemplated by the APA, Buyer shall not be deemed to be the successor to the Debtors, have, de facto or otherwise, merged with or into the Debtors, or be a mere continuation or substantial continuation of the Debtors.

13.     The transactions contemplated by the APA are undertaken by Buyer without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and consummation of such Sale are duly and properly stayed pending such appeal. Buyer is a good

faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

14.    The consideration provided by Buyer for the Acquired Assets under the APA is fair and reasonable and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

15.    Nothing contained in this Sale Order shall alter the provisions of section 363(o) of the Bankruptcy Code.

16.    Nothing contained in any order of any type or kind entered in (i) the Debtors' cases or (ii) any related proceeding subsequent to entry of this Order shall conflict with or derogate from the provisions of the APA or the terms of this Sale Order.

17.    Pursuant to Bankruptcy Rules 7062, 9014, and 6004(h) this Order shall be effective immediately upon entry and the Debtors and Buyer are authorized to close the Sale immediately upon entry of this Sale Order.

18.    Upon the Closing, this Order shall be construed as and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all of the Acquired Assets or a bill of sale transferring good and marketable title in the Acquired Assets to Buyer pursuant to the terms of the APA.

19.    The Termination Fee and the Bidder Expense Reimbursements, as per the terms and conditions described in the Sale Motion and the Bid Procedures, and as approved by the Debtors, are hereby approved by the Bankruptcy Court as appropriate, lawful, and actual and necessary expenses preserving and benefiting the Debtors' bankruptcy estates. If applicable, the Debtors shall pay the Termination Fee to the Stalking Horse Bidder consistent with the terms of the APA between such Stalking Horse Bidder and the Sale Procedures Order, and the Debtors

may pay the Bidder Expense Reimbursements consistent with the terms of the Sale Procedures Order from the proceeds of the Sale.

20. The failure specifically to include any particular provision of the APA in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety.

21. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' respective estates.

22. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order, the APA, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith to which any Debtor is a party or which has been assigned by any Debtor to Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

23. All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24. The provisions of this Sale Order are nonseverable and mutually dependent.

25. To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Sale Motion in these cases, the terms of this Sale Order shall govern. For the avoidance of doubt, notwithstanding any other order entered or pleading filed in these cases, the Debtors have not previously sold the Acquired Assets as defined in the APA, including, without limitation, the Acquired Assets, the right to service such Acquired Assets, and/or any document related thereto, to any other person or entity.

26. To the extent there are any conflicts between the terms of this Sale Order and the APA (including all ancillary documents executed in connection therewith), the terms of this Sale Order shall control.

Date: January 28, 2010

The Honorable Mary F. Walrath
United States Bankruptcy Judge