IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**Hearing Date: March 18, 2010 at 11:30 a.m. prevailing Eastern time**
**Objection Deadline: March 11, 2010 at 4:00 p.m. prevailing Eastern time**

## DEBTORS' NINTH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS PURSUANT TO 11 U.S.C. § 502(b) AND BANKRUPTCY RULE 3007

---

**THIS OBJECTION SEEKS TO DISALLOW OR MODIFY CERTAIN PROOFS OF CLAIM FILED IN THIS CASE.  ANY NON-DEBTOR PARTY WHO FILED A PROOF OF CLAIM SHOULD REVIEW THE ATTACHED EXHIBITS TO DETERMINE IF THE DEBTORS ARE SEEKING TO DISALLOW THEIR CLAIM.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submit the ninth (non-substantive) omnibus objection (the "Claims Objection"), pursuant to section 502(b) of title 11 of the United States Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Delaware Local Bankruptcy Rule 3007-1 ("Local Rule 3007-1"), to the claims (the "Disputed Claims") listed on Exhibits A through C attached to the proposed order submitted herewith (the "Order").  In support of this Claims Objection, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056).  The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 100, San Diego, CA 92131.  The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

## Jurisdiction and Statutory Bases for Relief

1.      This Court has jurisdiction over this Claims Objection under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) (A) and (L).  Venue of this proceeding is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## Factual and Procedural Background

3.      On May 1, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors are continuing in possession of their respective properties and have continued to operate and maintain their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No request has been made for the appointment of a trustee or examiner. On June 16, 2009, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

6.      The Declaration of Meade Monger in Support of Debtors' First Day Motions [Docket No. 3] (the "Declaration") sets forth the history of the Debtors and the nature of their businesses and is incorporated herein in full by reference.

7.      By order dated May 5, 2009, the Court authorized Kurtzman Carson Consultants LLC to serve as the Debtors' notice, claims and solicitation agent (the "Claims Agent").

8.      On July 27, 2009, the Court signed the *Order (I) Establishing the Bar Date for Filing Proofs of Claim, including Section 503(b)(9) Claims, (II) Approving the Form and Manner and Notice Thereof, and (III) Providing Certain Supplemental Relief* [Docket No. 478] (the "Bar Date Order"). Pursuant to the Bar Date Order, the general bar date for filing proofs of claim, other than those claims specifically excluded in the Bar Date Order, was October 6, 2009 (the "Bar Date").

9.      In accordance with the Bar Date Order, notice of the Bar Date and the approved proof of claim form was mailed to: (a) the Office of the United States Trustee; (b) all holders of Prepetition Claims (as defined in the Bar Date Order) listed on the Schedules at the address listed therein; (c) all counterparties to executory contracts and unexpired leases; (d) all current and former employees of the Debtors to the extent that contact information for former employees is available in the Debtors' records; (e) all taxing authorities for locations in which the Debtors do business; (f) all parties to litigation in which the Debtors are involved; (g) all providers of utility services to the Debtors; (h) all insurance providers; (i) all of the Debtors' ordinary course professionals; (j) all entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of this Order; (k) all parties that have filed proofs of claim in these cases as of the date of the filing of this Claims Objection; and (l) all parties on the Debtors' consolidated mailing matrix.

10.     To date, approximately 1031 proofs of claim (the "Proofs of Claim") have been filed in these cases. The Proofs of Claim are recorded on the official claims registry in these cases (the "Claims Registry"), which is maintained by the Claims Agent and filed as updated, from time to time.

## Relief Requested

11.     By this Claims Objection, the Debtors seek entry of an order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 disallowing the Disputed Claims listed on Exhibits A through C attached hereto.

## The Disputed Claims

12.     Exhibits A through C attached to the Proposed Order contain Disputed Claims which the Debtors assert should be disallowed as indicated below and in the Exhibits attached to the Proposed Order.

13.     Exhibit A contains Disputed Claims which were amended or superseded by subsequently filed claims. As a result, the original claims filed no longer represent valid claims against the Debtors. To avoid multiple recoveries by one creditor with respect to the same alleged obligation, the Disputed Claims should be disallowed. Elimination of such redundant claims will streamline and enable the Debtors to maintain a more accurate claims register.

14.     Exhibit B contains Disputed Claims which were filed after the Bar Date and therefore, should be disallowed.

15.     Exhibit C contains Disputed Claims which have no basis in the Debtors' books and records and include or attach insufficient information and documentation to support the validity, amount and/or classification of such claims. Therefore, the Disputed Claims on Exhibit C should be disallowed.

## Bases for Relief

16.    Since the Bar Date, the Debtors and their advisers have been reviewing the Proofs of Claim filed in these cases.   Based upon such review, and as indicated in the Declaration of Jeannie Tang, a Director of AP Services, LLC, the entity retained in these chapter 11 cases to provide interim management and restructuring services to the Debtors pursuant to the *Order Authorizing the Retention and Employment of AP Services, LLC to Provide Interim Management and Restructuring Services and Designating Meade Monger as Chief Restructuring Officer and Michael Murphy as Chief Administrative Officer of the Debtors, Nunc Pro Tunc to the Petition Date* [Docket No. 282], which declaration is attached hereto and fully incorporated herein by reference (the "Tang Declaration"), the Debtors have determined that the Disputed Claims should be disallowed in their entirety from the Claims Registry for the reasons set forth in the Claims Objection and related exhibits and the Tang Declaration.

## Applicable Authority

17.    Section 502(b) of the Bankruptcy Code provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that…such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

18.    For the reasons set forth above and summarized on Exhibit A through C attached to the Order, the Debtors request that the Disputed Claims be disallowed in their entirety from the Claims Registry.

## Responses to Objections

19.    Filing and Service of Responses.    To contest this Claims Objection, a claimant must file and serve a written response to the Claims Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern time) on March 11, 2010.  Claimants should read the Claims Objection and Order and the attached exhibits carefully.  A claimant who has timely filed a written Response and wishes to oppose the Claims Objection must attend or make other arrangements to participate in the hearing on the objection, which hearing is scheduled to be held on March 18, 2010 at 11:30 a.m. Eastern Time, before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware  19801 (the "Hearing").

20.    Every Response shall be filed and served upon the following entities at the following addresses:  (a) Office of the Clerk, United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801; (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn:  James E. O'Neill, Esquire

21.    Content of Responses.    Every Response to the Claims Objection must contain at a minimum the following:

a.    a caption setting forth the name of the Court, the names of the Debtors, and the case number and the title of the objection to which the Response is directed;

b.    the name of the claimant and description of the basis for the amount of the Disputed Claim;

c.    a concise statement setting forth the reasons why the Disputed Claim should not be disallowed for reasons set forth in the Claims Objection including, but not limited to, the specific factual and legal bases upon which the claimant relies in opposing the Claims Objection;

d.    all documentation or other evidence supporting the Disputed Claim not included with the proof of claim previously filed with the Bankruptcy Court, upon which the claimant relies in opposing the Claims Objection; and

e.    the name, address, telephone number and fax number of the person(s) (which may be the claimant or a legal representative thereof) to whom counsel for the Debtors should serve a reply to the Response and who possesses authority to reconcile, settle or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

22.    Timely Response Required.  If a claimant fails to file and serve a timely Response, then without further notice to the claimant or a hearing, the Debtors will present to the Court an order disallowing in its entirety the Disputed Claim and authorizing and directing the Claims Agent to so revise the Claims Registry.

23.    Service Address.  If a Response contains an address for the claimant different from that stated on the Disputed Claim, the address in the Response shall constitute the service address for future service of papers upon the claimant with respect to the Claims Objection unless or until counsel for the Debtors receives written notice from the claimant or the claimant's counsel of a changed service address.

### Adjournment of Hearing

24.    The Debtors reserve the right to adjourn the Hearing on any Objection.  In the event that the Debtors so adjourn the Hearing, they will state that the Hearing on the Objection and/or Response has been adjourned on the agenda for the Hearing on the Claims Objection, which agenda will be served on the person designated by the claimants in a Response pursuant to Paragraphs 21(e) and 23 above.

### Reservation of Rights

25.    The Debtors expressly reserve the right to amend, modify or supplement this Claims Objection, and to file additional objections to the Disputed Claims or to any other claims (filed or not) that may be asserted against the Debtors.  Should one or more of the grounds of objection stated in this Claims Objection be overruled, the Debtors reserve their rights to object to the Disputed Claims on any other ground that bankruptcy or non-bankruptcy law permits.

### Further Information

26.    Questions about or requests for additional information about the Claims Objection should be directed to the Debtors' counsel in writing at Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE   19801 (**Attn: Kathleen P. Makowski, Esquire**) or by telephone at (302) 778-6417 or by email at kmakowski@pszjlaw.com.

27.    Claimants should not contact the Clerk of the Court to discuss the merits of their Proofs of Claim or this Claims Objection.

**Notice**

28.     Notice of this Claims Objection has been given to the following parties, or in lieu thereof, to their counsel, if known:   (i)  the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) parties requesting notice under Bankruptcy Rule 2002; and (iv) all holders of claims which are the subject of this Claims Objection.   The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

29.     No prior motion for the relief requested herein has been made to this or any other court.

**Compliance with Delaware Bankruptcy Local Rule 3007-1**

The Debtors assert that this Claims Objection complies with the requirements of Local Rule 3007-1.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) disallowing the Disputed Claims identified on Exhibits A through C to the proposed order; (ii) granting the Debtors such other and further relief to which they may be justly entitled.

Dated: February 16, 2010

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: ljones@pszjlaw.com
         joneill@pszjlaw.com
         kmakowski@pszjlaw.com

**ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION**