IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | JOINTLY ADMINISTERED |
| Debtors.[1] | § | Related Docket Nos. 1946 & 1947 |

Objection Deadline: October 13, 2010 at 4:00 p.m. (prevailing Eastern time)
Hearing Date: October 20, 2010 at 4:00 p.m. (prevailing Eastern time)

**DEBTORS' MOTION FOR ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (III) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS; (IV) APPROVING PUBLICATION NOTICE REGARDING THE PLAN AND OTHER DEADLINES; AND (V) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move (the "Motion") this Court for entry of an order (the "Proposed Order"), in substantially the form attached hereto as Exhibit A, pursuant to §§ 1125 and 1126 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 3017-1(a) and 3017-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) approving the *Disclosure Statement with Respect to the Debtors' Chapter 11 Plan of Liquidation*, dated September 15, 2010 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") [Docket No. 1947] as containing "adequate information" as that term is

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 100, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

defined in § 1125(a)(1) of the Bankruptcy Code; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the *Debtors' Chapter 11 Plan of Liquidation*, filed September 15, 2010 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") [Docket No. 1946],[2] including (a) approving the form and manner of the solicitation packages, (b) approving the form and manner of notice of the confirmation hearing, (c) establishing a record date and approving procedures for distributing solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing the deadline and procedures for filing objections to (a) confirmation of the Plan and (b) proposed cure amounts for executory contracts and unexpired leases that may be assumed as part of the Plan; (iv) approving publication notice for the confirmation hearing and certain claim-filing deadlines established by the Plan and other orders of the Court; and (v) granting related relief. In support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 1125 and 1126, Bankruptcy Rules 2002, 3016, 3017, and 3020, and Local Rules 3017-1(a) and 3017-1(b).

## Background

2. These bankruptcy cases were filed on May 1, 2009. The Debtors continue to operate their businesses and manage their property as debtors-in-possession. The United States

---

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Plan.

2

DOCS_DE:163951.1

Trustee appointed the Official Committee of Unsecured Creditors on June 16, 2009, and re-appointed one member and added two new members to the Committee on July 23, 2009. No trustee or examiner has been appointed.

3. On September 15, 2010, the Debtors filed the Plan and the Disclosure Statement.

4. The Disclosure Statement contains a summary of the Debtors' business operations, corporate structure, and capital structure, the reasons for commencing these cases, and the key events that have occurred since the Petition Date.

### Relief Requested

5. By this Motion, the Debtors seek the entry of the Proposed Order (i) approving the Disclosure Statement as containing "adequate information" as that term is defined in § 1125(a)(1) of the Bankruptcy Code; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (a) approving the form and manner of the solicitation packages, (b) approving the form and manner of notice of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), (c) establishing a record date and approving procedures for distributing solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing the deadline and procedures for filing objections to confirmation of the Plan; (iv) approving publication notice for the confirmation hearing and certain claim-filing deadlines established by the Plan and other orders of the Court; and (iv) granting related relief.

### Basis For Relief

**(1) Approval of the Disclosure Statement**

6. Section 1125 of the Bankruptcy Code requires a bankruptcy court to approve a written disclosure statement prior to allowing a debtor to solicit acceptances for a chapter 11

plan. *See* 11 U.S.C. § 1125(b). To approve a disclosure statement, a court must find that the disclosure statement contains "adequate information," which is defined as "information of a kind, and in sufficient detail . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1). The Debtors believe that the Disclosure Statement contains "adequate information" as that phrase is defined in section 1125(a)(1) of the Bankruptcy Code. Thus, the Debtors believe that the Disclosure Statement should be approved.

**(2) Procedures for Solicitation and Tabulation of Votes**

(a) <u>The Form and Manner of the Solicitation Packages</u>

7. Bankruptcy Rule 3017(d) specifies the materials to be distributed to creditors and equity security holders upon approval of a disclosure statement. In accordance therewith, the Debtors propose to transmit or cause to be transmitted by first class mail to parties entitled to vote on the Plan (the "<u>Voting Parties</u>")[3] a solicitation package containing: (i) written notice (the "<u>Confirmation Hearing Notice</u>"), substantially in the form annexed to the Proposed Order as <u>Exhibit 1</u>, of (a) the Court's approval of the Disclosure Statement, (b) the deadline for voting on the Plan, (c) the date of the Confirmation Hearing, and (d) the deadline and procedures for filing objections to the confirmation of the Plan; (ii) the Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (iii) the Disclosure Statement (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (iv) the appropriate ballot (proposed forms of which are annexed to the Proposed Order as <u>Exhibit 3</u>) and ballot return envelope; (v) a letter from the Committee urging creditors to vote in favor of the Plan if the Committee agrees to provide such a letter; and (vi) such other information as the Court may direct or approve

---

[3] The Voting Parties consist of Classes 3 H, 4 H, 5 H, 6 H, 7 H, and 8 H, and Classes 3 C, 4 C, 5 C, and 6 C.

(collectively, the "Solicitation Package"). The Debtors submit that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

8. Pursuant to § 1126(f) of the Bankruptcy Code, unimpaired creditors are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." 11 U.S.C. § 1126(f). Accordingly, the Debtors propose that they need not be required to transmit a Solicitation Package to holders of Administrative Claims or Priority Tax Claims, which are unclassified claims, to holders of Secured Claims in Classes 1 H and 1 C, or to holders of Priority Claims in Classes 2 H and 2 C (collectively, the "Unimpaired Creditors") because the Unimpaired Creditors are unimpaired and are deemed to have accepted the Plan.

9. Pursuant to § 1126(g) of the Bankruptcy Code, a class of claim holders who will not receive property under a plan is deemed not to have accepted the plan. 11 U.S.C. § 1126(g). Accordingly, the Debtors propose that they not be required to transmit Solicitation Packages to holders of Subordinated Claims in Classes 8 H, 9 H, and 7 C, or to Holders of Interests in Classes 10 H and 8 C (the "Deemed Rejecting Classes") because the Deemed Rejecting Classes are not entitled to vote on the Plan, will in all likelihood not receive any distribution or retain property under the Plan, and will be deemed to have rejected the Plan.

10. The Debtors propose to mail or cause to be mailed to each of the Unimpaired Creditors and the holders of claims in the Deemed Rejecting Classes (collectively, the "Non-Voting Parties") at the addresses to which notices for such holders are required to be sent pursuant to Bankruptcy Rule 2002(g) a notice substantially in the form annexed to the Proposed Order as Exhibit 2 (the "Non-Voting Creditor Notice"), which will set forth: (i) the non-voting classes; (ii) a summary of the treatment of Claims and Interests under the Plan; (iii) the date and

5

DOCS_DE:163951.1

time of the Confirmation Hearing; and (iv) the deadline and procedures for filing objections to the Plan. The Non-Voting Creditor Notice will indicate that Non-Voting Parties may obtain a copy of the Plan and Disclosure Statement free of charge on the dedicated webpage of the claims and noticing agent for these cases, Kurtzman Carson Consultants, LLC's ("KCC") related to the Debtors' chapter 11 cases.[4]

11. For the avoidance of doubt, it should be noted that the Debtors do not intend to send Solicitation Packages or Non-Voting Creditor Notices to the parties on the full service list in these cases. This service list includes more than 15,000 entities and individuals who were not scheduled as creditors and who have never filed claims, despite receiving notice of the commencement of the case, notice of the bar dates and an opportunity to file claims, and notice of the hearing on the Disclosure Statement. Thus, such entities and persons are not creditors and are not entitled to receive notice relating to the confirmation process under Bankruptcy Rules 2002(b) or 2002(g). Only creditors who were scheduled or who have filed proofs of claim not filed proofs of claims as of the Record Date shall be receiving notices as Voting Parties or Non-Voting Parties, as applicable.

12. Pursuant to Article VII of the Plan, on the Effective Date, except for an executory contract or unexpired lease that was previously assumed, rejected, or entered into by an order of the Court, or that is assumed or assumed and assigned pursuant to the Plan, each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to its own terms prior to the Effective Date will be rejected (the "Rejected Executory Contracts"), except any agreement that is the subject of a separate motion to assume, reject, or enter into such agreement that was filed pursuant to § 365

---

[4] Any party in interest may receive a hard copy of the Plan and Disclosure Statement upon written request to the Solicitation Agent (as defined below).

or § 363 of the Bankruptcy Code by the Debtors before the entry of the Confirmation Order. Accordingly, the Debtors will mail or cause to be mailed to each of the known counterparties to the Rejected Executory Contracts a Confirmation Hearing Notice as well as the Disclosure Statement and the Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion).

(b) The Form and Manner of Confirmation Hearing Notice

13. As indicated above, upon approval of the Disclosure Statement, the Debtors will serve on the appropriate parties either a Confirmation Hearing Notice or a Non-Voting Creditor Notice.

14. In addition, the Debtors request that the Court schedule the Confirmation Hearing for December 7, 2010 at 2:00 p.m. prevailing Eastern time or such other date and time which the Court deems fit.

(c) Record Date and Procedures for Distribution of Solicitation Package

15. The Debtors propose that the Court establish October 21, 2010, as the record date (the "Record Date") for the purposes of determining creditors entitled to receive a Solicitation Package and who may be entitled to vote on the Plan, subject to the disallowance of such creditors' claims for voting purposes as set forth below and for the purpose of determining the creditors and interest holders entitled to receive the Non-Voting Creditor Notice.

16. As authorized in connection with the Court's approval of its retention, KCC shall be permitted to inspect, monitor and supervise the solicitation process, to tabulate the ballots and to certify to the Court the results of the balloting.

17. On September 18, 2010, the Debtors caused notices of the hearing to consider approval of the Disclosure Statement (the "Disclosure Statement Hearing") to be mailed to all creditors, interest holders and parties in interest. The Debtors expect that a number of such

7

notices will be returned by the United States Postal Service as undeliverable.[5] The Debtors believe that it is costly and wasteful to mail Solicitation Packages or the Non-Voting Creditor Notice to the same addresses from which such notices are returned as undeliverable. Therefore, the Debtors seek the Court's approval to dispense with the mailing of Solicitation Packages or the Non-Voting Creditor Notice to the entities listed at such addresses unless the Debtors are provided with an accurate address prior to the Disclosure Statement Hearing. The Debtors further propose that they may, but shall not be required to, attempt to locate the correct address and prior to the Voting Deadline (as defined below) resend the Solicitation Packages or the Non-Voting Creditor Notice that are returned as undeliverable.

(d) Ballot Forms

18. Bankruptcy Rule 3017(d) provides that ballots for accepting or rejecting the Plan should conform substantially to Official Form No. 14. The Debtors propose to use ballots (collectively, the "Ballots") substantially in the form annexed to the Proposed Order as Exhibit 3. The proposed forms are based upon Official Form No. 14, but have been modified to meet the particular requirements of the Debtors' chapter 11 cases and the Plan. The appropriate form of ballot will be distributed to all of the Voting Parties.

19. Each Ballot will state the amount of the Creditor's allowed claim as of the Record Date. All Ballots will be accompanied by postage prepaid return envelopes addressed to KCC.

(e) Right to Opt In or Out of the Convenience Class

20. All Holders of general unsecured Claims against the Consolidated Debtors may elect to have such Claims treated as Class 6 C Convenience Claims. By default, general

---

[5] Upon return of an undeliverable notice, the Debtors, through KCC, will perform a review of the notice address with the address set forth on the proof(s) of claim filed with the Court to confirm that the notice address conforms to the creditor's address set forth in the proof(s) of claim. To the extent any errors occur, such creditor will be mailed a Solicitation Package or Non-Noting Creditor Notice as applicable.

8

unsecured Claims against the Consolidated Debtors that have a face amount of $25,000 or less are treated as Class 6 C Convenience Claims. Holders of such Claims will be able to opt out of Class 6 C and into Class 4 C by making this election on the Ballot they receive. Likewise, Holders of general unsecured Claims against the Consolidated Debtors that have a face amount greater than $25,000 may opt in to Class 6 C by making this election on the Ballot they receive. Since Holders of Class 6 C Claims will receive distributions from the Lone Star Settlement Payment, such Holders will be deemed to have accepted the Creditor Release that is being provided in exchange for the Lone Star Settlement Payment.

    (f) <u>Voting by Holders of Class 7 H Claims against Consolidated Holdco relating to Accredited Preferred Securities Trust I</u>

21. With respect to the Ballots that will be sent to Holders of Claims entitled to vote on the Plan in Class 7 H, the Debtors propose to deliver Ballots to record Holders of such Claims, including, without limitation, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, other agents or nominees, or their mailing agents (collectively, the "<u>Voting Nominees</u>"). Each Voting Nominee will be entitled to receive reasonably sufficient numbers of Solicitation Packages, including sufficient beneficial ballots (the "<u>Beneficial Ballots</u>"), to distribute to the beneficial owners of the Claims for whom such Voting Nominee acts (collectively, the "<u>Beneficial Owners</u>"). In addition, upon written request with supporting back-up documentation, the Debtors shall reimburse each Voting Nominee's reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to the Beneficial Owners of such Claims, the tabulation of the Ballots, and the completion of Master Ballots (as defined below).

22. The Debtors propose that each Voting Nominee be required to (i) forward a Solicitation Package to the Beneficial Owners of the securities entitled to vote on the Plan (the

"Voting Securities") for whom such Voting Nominee acts and (ii) include a return envelope provided by and addressed to the Voting Nominee so that the Beneficial Owners may return the completed Beneficial Ballots to the Voting Nominee so that they are received in sufficient time to allow the Voting Nominee to receive the Beneficial Ballots and summarize the results on a Master Ballot by such deadline as may be established by the Voting Nominee. The Debtors propose that the Beneficial Owners return the completed Beneficial Ballots to the Voting Nominees so that they are received by the Voting Nominees no later than three (3) business days prior to the Voting Deadline. The Voting Nominee then will summarize the individual votes of its respective Beneficial Owners from their Beneficial Ballots on the appropriate master ballot (the "Master Ballot"), in substantially the form of the Master Ballot (and instructions attached thereto) attached to the Solicitation Procedures Order, and will then return the Master Ballot to the Voting Agent so that it is received prior to the Voting Deadline (defined below). The Debtors propose that the Voting Nominees be required to retain the Beneficial Ballots for inspection for a period at least one (1) year following the Voting Deadline.

(g)     Voting Deadline

23.     Pursuant to Bankruptcy Rule 3017(c), at the time of or before the approval of the Disclosure Statement, "the court shall fix a time within which the holders of claims and interests may accept or reject the plan." Fed. R. Bankr. P. 3017(c). The Debtors respectfully request that the Court establish November 30, 2010 at 4:00 p.m. (prevailing Pacific Time) as the voting deadline (the "Voting Deadline"), which will serve as the deadline by which all ballots accepting or rejecting the Plan shall be received at the Ballot Tabulation Center, unless extended by the Debtors. Ballots must be returned to the Ballot Tabulation Center in the provided return envelope by first class mail, postage prepaid, by overnight courier, or by hand delivery, unless otherwise approved in advance by the Debtors in writing.

### (h) Procedures for Tabulating the Ballots

24. For purposes of voting on the Plan, with respect to all creditors, the Debtors propose that the amount of a claim used to tabulate acceptance or rejection of the Plan should be, as applicable:

   a. The amount of the Claim listed in a Debtor's schedule of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined or disputed, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law).

   b. The noncontingent and liquidated amount specified in a proof of claim timely filed with the Court or KCC (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of claim is not the subject of an objection, or an objection by the Debtor to a claim amount solely for voting purposes, filed no later than October 25, 2010 (the "Vote Objection Deadline") (or, if such claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

   c. The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is brought, notice is provided and a hearing is held at or prior to the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

   d. Except as otherwise provided in subsection (c) hereof, with respect to ballots cast by alleged creditors whose claims (i) are not listed on a Debtor's schedule of liabilities, or (ii) are listed as disputed, contingent and/or unliquidated on a Debtor's schedule of liabilities, but who have timely filed proofs of claim in wholly unliquidated or unknown amounts that are not the subject of an objection filed before the Vote Objection Deadline, such ballots shall be counted as votes in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, but shall not be counted in determining whether the aggregate claim amount requirement has been met.

25. If a creditor casts a ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the Court under applicable law), but the creditor's claim is the subject of an objection (either generally to the applicable claim, or solely for purposes of determining the amount of the applicable claim for voting purposes) filed no later than the Vote Objection Deadline, the Debtors request, in accordance with Bankruptcy Rule 3018, that the creditor's ballot not be counted, unless such claim is temporarily allowed by the

11

Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after a Claims Estimation Motion (as defined below) is brought by such creditor, notice is provided and a hearing is held at or prior to the Confirmation Hearing.[6] Notwithstanding the foregoing, if an objection to a claim requests that such claim be reclassified and/or allowed in a fixed, reduced amount, such claimant's ballot shall be counted in such reduced amount and/or as the reclassified category.

26. The Debtors additionally request that creditors seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) be required to file a motion (the "Claims Estimation Motion") for such relief no later than November 5, 2010 at 4:00 p.m. (prevailing Eastern Time), and that the Court schedule a hearing on such motion for a date on or prior to the Confirmation Hearing.

27. The Debtors further request that the following voting procedures and standard assumptions be used in tabulating the Ballots:

    a. For purposes of the numerosity requirement of § 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

    b. Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a ballot (or multiple ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will be counted as accepting the Plan.

    c. Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will counted as accepting the Plan.

    d. Only ballots that are timely received with original signatures will be counted. Unsigned ballots will not be counted.

---

[6] This proposed procedure is consistent with § 1126 of the Bankruptcy Code, which provides that a plan may be accepted or rejected by the holder of a claim allowed under section 502 of the Bankruptcy Code. In turn, § 502(a) of the Bankruptcy Code provides that a filed proof of claim is deemed allowed "unless a party in interest . . . objects." 11 U.S.C. § 502(a).

e. Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

f. Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

g. Whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, the last ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior ballots.

h. If a creditor simultaneously casts inconsistent duplicate ballots, with respect to the same claim, the ballot rejecting the Plan shall not be counted.

i. Each creditor shall be deemed to have voted the full amount of its claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Voting Agent and the Debtors, which determination shall be final and binding.

j. If a Class 3 C Ballot attempts to opt for Class 6 C Convenience Class treatment, yet opts out of the Creditor Release or votes to reject the Plan, the Holder casting such Ballot shall be deemed to have opted for Class 6 C Convenience Class treatment, consented to the Creditor Release, and voted to accept the Plan.

28. With respect to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners, the Debtors propose that the amount that will be used to tabulate acceptance or rejection of the Plan will be the principal amount held by such Voting Nominees and Beneficial Owners as of the Record Date (the "Record Amount"). The Debtors propose that the following additional rules apply to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners:

a. Votes cast by Beneficial Owners through a Voting Nominee will be applied against the positions held by such entities in the applicable debt security of the Debtors as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee pursuant to a Master Ballot will not be counted in excess of the Record Amount of the applicable securities held by such Voting Nominee.

b. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the applicable Voting Nominees.

13

c.  To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

d.  Where a Beneficial Owner holds securities through more than one Voting Nominee, it must execute a separate Ballot for each block of debt securities owned by such Beneficial Owner. However, such Holder must vote all of its Claims in each Class in the same manner, to either accept or reject the Plan. Accordingly, if such Holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted.

Similar voting and tabulation procedures have been approved in other chapter 11 cases in this District. *See, e.g., In re R.H. Donnelley Corp.*, Case No. 09-11833 (KG) (Oct. 21, 2009); *In re Pliant Corporation*, Case No. 09-1 0443 (MFW) (Aug. 17, 2009); *In re Linens Holding Co.*, Case No. 08-10832 (CSS) (Jan. 26, 2009); *In re Buffets Holdings, Inc.*, Case No. 08-10141 (MFW) (Dec. 16, 2008); *In re Am. Home Mortgage Holdings, Inc.*, Case No. 07-1 1047 (CSS) (Nov. 30, 2008).

29. The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; provided, however, that any such waivers shall be documented in the certification of voting results filed with this Court.

**(3) Objection Procedures and Deadlines**

(a) <u>Objections to the Plan</u>

30. Bankruptcy Rule 3020(b) provides that objections to confirmation of a proposed chapter 11 plan must be "filed and served on the debtor, the trustee, any committee appointed under the [Bankruptcy] Code and any other entity designated by the court, within a time fixed by the court." Bankruptcy Rule 3020(b). To comply with the twenty-eight (28) day notice

14

DOCS_DE:163951.1

requirement of Bankruptcy Rule 2002(b) and the solicitation schedule described above, and to permit the Debtors adequate time to respond to objections prior to the Confirmation Hearing, the Debtors propose that November 30, 2010 at 4:00 p.m. (prevailing Eastern Time) (the "Confirmation Objection Deadline") be fixed by the Court as the last date for filing and serving written objections, comments or responses to confirmation of the Plan (including any supporting memoranda). The Debtors further propose that the Court only consider timely filed written objections and that all objections not timely filed and served in accordance with the provisions of this Motion be deemed waived. Any Objections filed should provide proposed language to remedy such objections. Objections to confirmation of the Plan must be filed with the Court and served upon the following parties (collectively, the "Notice Parties"):

> The Debtors: (i) Hunton & Williams LLP, 1445 Ross Ave., Suite 3700, Dallas, TX 75202, attn: Gregory G. Hesse, Tel: (214) 979-3000, Fax: (214) 880-0011, and (ii) Pachulski Stang Ziehl & Jones LLP, North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, attn: Kathleen Makowski, Tel: (302) 652-4100, Fax: (302) 652-4400;

> The Creditors Committee: (i) Arent Fox LLP, 1675 Broadway, New York, NY 10019, attn: Andrew Silfen, Tel: (212) 484-3900, Fax: (212) 484-3990., and (ii) Elliott Greenleaf, 1105 Market St., Suite 1700, Wilmington, DE 19801, attn: Rafael X. Zahralddin-Aravena, Tel.: (302) 384-9400, Fax: (302) 384-9399; and

> The Office of the United States Trustee: 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, attn: T. Patrick Tinker, Tel.: (302) 573-6491, Fax: (302) 573-6497.

**(4)  Publication Notice**

31.   Pursuant to Federal Rule of Bankruptcy Procedure 2002(l), the Debtors seek to provide publication notice to unknown creditors of (a) the Court's approval of the Disclosure Statement, (b) the date of the Confirmation Hearing, (c) the deadline and procedures for filing objections to the confirmation of the Plan, (d) the Administrative Claims and Rejection Claims Bar Dates proposed by the Plan, (e) the already-expired deadlines for filing pre-petition claims as

established by the *Order (I) Establishing Bar Dates for Filing Proofs of Claim, Including Section 503(b)(9) Claims, (II) Approving the Form and Manner of Notice Thereof, and (III) Providing Certain Supplemental Relief,* dated July 27, 2009, Docket No. 478, and (f) the Plan's proposal to automatically disallow all claims that were not filed by the applicable bar dates, unless and until the Court enters an order allowing such claims.

32. The Publication Notice will include the address for a website where creditors may review the Plan, the Disclosure Statement, any orders relating to the Plan or the Disclosure Statement, and instructions on how to assert claims.

33. This notice, form annexed to the Proposed Order as <u>Exhibit 4</u> (the "Publication Notice") shall be run once at least 31 days prior to the Confirmation Objection Deadline in the national edition of *The Wall Street Journal*.

### Notice

34. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; and (c) parties that have filed a notice of appearance and requested service of papers in these cases. The Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that this Court (i) enter the Proposed Order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested herein, and (ii) grant such further relief as is just and proper.

Dated: September 24, 2010.

                **PACHULSKI STANG ZIEHL & JONES LLP**

                /s/ Kathleen P. Makowski
                Laura Davis Jones (Bar No. 2436)
                James E. O'Neill (Bar No. 4042)
                Kathleen P. Makowski (Bar No. 3648)
                919 North Market Street, 17th Floor
                P.O. Box 8705
                Wilmington, DE 19899-8705 (Courier 19801)
                Telephone: (302) 652-4100
                Facsimile: (302) 652-4400
                Email:    ljones@pszjlaw.com
                              joneill@pszjlaw.com
                              kmakowski@pszjlaw.com

                -and-

                **HUNTON & WILLIAMS LLP**

                Gregory G. Hesse (Texas Bar No. 09549419)
                Lynnette R. Warman (Texas Bar No. 20867940)
                Jesse T. Moore (Texas Bar No. 24056001)
                1445 Ross Avenue, Suite 3700
                Dallas, Texas 75202
                Telephone: (214) 979-3000
                Telecopy: (214) 880-0011
                Email:    ghesse@hunton.com
                              lwarman@hunton.com
                              jtmoore@hunton.com

                **ATTORNEYS FOR THE DEBTORS**
                **AND DEBTORS IN POSSESSION**