# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING
PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT
OR REJECT THE PLAN; (III) ESTABLISHING DEADLINE AND PROCEDURES FOR
FILING OBJECTIONS; (IV) APPROVING PUBLICATION NOTICE REGARDING
THE PLAN AND OTHER DEADLINES; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors") for the entry of an order, pursuant to § 1125

and 1126 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002,

3016, 3017, and 3020, and Local Rules 3017-1(a) and 3017-1(b), (i) approving the Disclosure

Statement**, as amended,** as containing "adequate information" as that term is defined in §

1125(a)(1) of the Bankruptcy Code; (ii) establishing procedures for solicitation and tabulation of

votes to accept or reject the Plan, including (a) approving the form and manner of the solicitation

packages, (b) approving the form and manner of notice of the Confirmation Hearing, (c)

establishing a record date and approving procedures for distributing solicitation packages, (d)

approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are
Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a
California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a
Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089),
and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The
address for all Debtors is 9915 Mira Mesa Blvd., Ste. 100, San Diego, CA 92131. The bankruptcy cases for these
debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

[2] Unless otherwise defined in herein, all capitalized terms shall have the respective meanings ascribed to them in
the Motion.

approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing the deadline and procedures for filing objections to confirmation of the Plan; (iv) granting related relief; and it appearing that adequate and sufficient notice of the Motion has been given under the circumstances; and it further appearing that adequate and sufficient notice pursuant to Bankruptcy Rule 2002(b) of the hearing to approve the Disclosure Statement has been given; **and it further appearing that that the contents of the solicitation packages comply with Bankruptcy Rules 2002 and 3017 and § 1125 of the Bankruptcy Code, constitute sufficient notice to all interested parties and is appropriate and reasonable under the circumstances for creditors to make an informed decisions to accept or reject the Plan**; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted.

2.     The Disclosure Statement**, as most recently amended,** is approved as containing adequate information within the meaning of § 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Disclosure Statement not otherwise consensually resolved are overruled.

3.     The Debtors shall mail or caused to be mailed to the Voting Parties no later than ~~October 29,~~**November 5,** 2010, a solicitation package containing: (i) written notice (the "Confirmation Hearing Notice"), substantially in the form annexed hereto as Exhibit 1, of (a) the Court's approval of the Disclosure Statement, (b) the deadline for voting on the Plan, (c) the date of the Confirmation Hearing, and (d) the deadline and procedures for filing objections to

confirmation of the Plan, which Confirmation Hearing Notice is approved; (ii) the Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (iii) the Disclosure Statement, substantially in the form approved by the Court (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (iv) the appropriate ballot (substantially in the form annexed hereto as Exhibit 3) and ballot return envelope; (v) a letter from the Committee ~~urging unsecured creditors to vote in favor of the Plan if the Committee agrees to provide such a letter~~**substantially in the form of the letter attached to the *Notice of Filing of Form of Plan Support Letter by Creditors Committee*, Docket No. 2102**; and (vi) such other information as the Court may direct or approve (collectively, the "Solicitation Package"). The Solicitation Package and the manner of service of the Solicitation Package satisfies the requirements of Bankruptcy Rule 3017(d).

4.      With respect to Solicitation Packages to be distributed to Holders of Claims in Class 7 H, the Debtors shall distribute or cause to be distributed Solicitation Packages, including Ballots, to record Holders of the securities in that class, including without limitation, brokers, banks, commercial banks, trust companies, dealers, other agents or nominees, or their mailing agents (collectively, the "Voting Nominees"), and each Voting Nominee shall be entitled to receive reasonably sufficient numbers of Solicitation Packages (including Beneficial Ballots) to distribute to the beneficial owners of the Claims for whom such Voting Nominee acts (collectively, the "Beneficial Owners"), and, upon request, the Debtors shall be responsible for each such Voting Nominee's **documented,** reasonable, actual, and customary out-of-pocket expenses associated with the distribution of the Solicitation Packages to the Beneficial Owners of such Claims and Interests, the tabulation of the Beneficial Ballots, and the completion of Master Ballots.

5.      The Debtors are authorized to distribute or cause to be distributed Master Ballots to the Voting Nominees in Class 7 H in accordance with customary procedures.

6.      Each Voting Nominee is required to forward the Solicitation Packages to Beneficial Owners, receive returned Ballots from the Beneficial Owners, tabulate the results according to the instructions set forth in the Master Ballots, and (i) return such results in a Master Ballot, aid (ii) retain the underlying Ballots received from the Beneficial Owners for inspection for a period of one year following the Voting Deadline (defined below).

7.      In order to cast its vote, the Beneficial Owner should return its Beneficial Ballot to the Voting Nominee so that it is received by the Voting Nominee no later than three (3) business days prior to the Voting Deadline.

**8.      A transferee of a scheduled claim shall be entitled to receive a solicitation package only if all actions necessary to comply with Bankruptcy Rule 3003(e) have been completed by the Record Date. Where a claim is transferred after the transferor has completed a Ballot, the transferee of such claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the holder of such transferred claim as of the Record Date.**

**9.**      8. The Debtors shall mail or cause to be mailed to each of the known counterparties to the Rejected Executory Contracts a Confirmation Hearing Notice as well as copies of the Disclosure Statement and the Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion).

**10.** ~~9.~~ The Debtors are not required to transmit a Solicitation Package to the Non-Voting Parties.[3] By ~~October 29,~~ **November 5,** 2010, the Debtors shall mail or cause to be mailed to each Non-Voting Party the Non-Voting Creditor Notice substantially in the form attached hereto as Exhibit 2.

**11.** ~~10.~~ The Debtors are not required to transmit any notices to persons or entities who were not scheduled as creditors and who have not filed proofs of claims as of the Record Date, regardless of whether such persons or entities have received other notices in these cases.

**12.** ~~11.~~ Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the Bar Dates in substantially the form attached hereto as Exhibit 4 (the "Publication Notice") once, in the national edition of *The Wall Street Journal* at least 25 days prior to the Confirmation Objection Deadline, which publication is hereby approved and, if the Plan is approved, shall be deemed good, adequate and sufficient publication notice of the Confirmation Hearing, the Confirmation Objection Deadline, the Administrative Claims and Rejection Claims Bar Dates, and the Plan's automatic disallowance of all Claims that were not filed by the applicable bar dates, unless and until the Court enters an order allowing such claims.

**13.** ~~12.~~ October 21, 2010 is established as the record date (the "Record Date") for the purposes of determining the creditors and interest holders entitled to receive the Solicitation Package and to vote on the Plan, and for the purpose of determining the creditors and interest holders entitled to receive the Non-Voting Creditor Notice.

---

[3] The Non-Voting Parties include (i) Unimpaired Creditors holding Administrative Claims, Priority Tax Claims, Secured Claims in Classes 1 H and 1 C, and Priority Claims Claims in Classes 2 H and 2 C, (ii) the holders of claims in the Deemed Rejecting Classes, namely of Subordinated Claims in Classes 8 H, 9 H, and 7 C, and Interests in Classes 10 H and 8 C, and (iii) the holders of Disallowed and Unallowed Claims, namely, Claims that (i) have been disallowed in full, (ii) are the subject of a pending objection seeking to disallow them in full, (iii) were scheduled as liquidated, contingent, or disputed without a timely proof of claim being filed relating to such potential Claim, or (iv) were not timely filed and not otherwise allowed by agreement or Order of the Court, unless and until the Court enters an order permitting such claims to vote.

**14.** ~~13.~~ Each Ballot will state the amount of the Creditor's allowed claim as of the Record Date.

**15.** ~~14.~~ Kurtzman Carson Consultants, LLC ("KCC") shall tabulate the ballots and certify to the Court the results of the balloting.

**16.** ~~15.~~ The Debtors are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Creditor Notices to addresses and entities to which the notice of the Disclosure Statement Hearing was returned by the United States Postal Service as undeliverable, unless the Debtors are provided with an accurate address.

**17.** ~~16.~~ The Ballots, substantially in the form annexed hereto as Exhibit 3, are hereby approved.

**18.** ~~17.~~ All Ballots must be properly executed, completed and delivered to the Voting Agent at Accredited Home Lenders Ballot Processing, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, so that the Ballots are actually received on or before ~~November 30,~~ December 7, 2010 at 4:00 p.m. (prevailing Pacific Time) (the "Voting Deadline"), unless extended by the Debtors. Ballots cast by facsimile, email or other electronic transmission will not be counted unless approved in advance by the Debtors in writing.

**19.** ~~18.~~ For purposes of voting on the Plan, the amount of a claim held by a creditor shall be determined pursuant to the following guidelines:

    a.    The amount of the Claim listed in a Debtor's schedule of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined or disputed, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law).

    b.    The noncontingent and liquidated amount specified in a proof of claim timely filed with the Court or KCC (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of claim is not the subject of an objection, or an objection by the Debtor to a claim amount solely for voting purposes, filed no later than ~~October 25,~~ November 5, 2010 (the "Vote Objection Deadline") (or, if such claim has been resolved pursuant to a stipulation or order entered by the

Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

c.    The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is brought, notice is provided and a hearing is held at or prior to the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

d.    Except as otherwise provided in subsection (c) hereof, with respect to ballots cast by alleged creditors whose claims (i) are not listed on a Debtor's schedule of liabilities, or (ii) are listed as disputed, contingent and/or unliquidated on a Debtor's schedule of liabilities, but who have timely filed proofs of claim in wholly unliquidated or unknown amounts that are not the subject of an objection filed before the Vote Objection Deadline, such ballots shall be counted as votes in determining whether the numerosity requirement of § 1126(c) of the Bankruptcy Code has been met, but shall not be counted in determining whether the aggregate claim amount requirement has been met.

**20.**   ~~19.~~ If a creditor casts a ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the Court under applicable law), but the creditor's claim is the subject of an objection (either generally to the applicable claim, or solely for purposes of determining the amount of the applicable claim for voting purposes) filed no later than the Vote Objection Deadline, then the creditor's ballot shall not be counted, unless such claim is temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after a Claims Estimation Motion is brought by such creditor, notice is provided and a hearing is held at or prior to the Confirmation Hearing. Notwithstanding the foregoing, if an objection to a claim requests that such claim be reclassified and/or allowed in a fixed, reduced amount, **then** such claimant's ballot shall be counted ~~in such reduced amount and/or as the reclassified category~~**as if such objection had been sustained, and if an objection to a claim requests that such claim be disallowed against certain Debtors and allowed against a different Debtor, then such claimant's ballot shall be counted as if such objection had been sustained**.

21. ~~20.~~ Creditors seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) must file and serve notice of a hearing on, and a Claims Estimation Motion, no later than **November ~~5,~~12, 2010**. The Court will schedule a hearing on such Claims Estimation Motion to be heard at or prior to the Confirmation Hearing. If a Claims Estimation Motion is timely filed, the Debtors shall be required to send a provisional ballot to such claimant (unless such claimant has already been provided with a ballot).

22. ~~21.~~ The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a. For purposes of the numerosity requirement of § 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

b. Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a ballot (or multiple ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will be counted as accepting the Plan.

c. Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will counted as accepting the Plan.

d. Only ballots that are timely received with original signatures will be counted. Unsigned ballots will not be counted.

e. Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

f. Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

g. Whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, the last ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior ballots.

h.    If a creditor simultaneously casts inconsistent duplicate ballots, with respect to the same claim, the ballot rejecting the Plan shall not be counted.

i.    Each creditor shall be deemed to have voted the full amount of its claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Voting Agent and the Debtors, which determination shall be final and binding.

j.    If a Class 3 C Ballot attempts to opt for Class 6 C Convenience Class treatment, yet opts out of the Creditor Release or votes to reject the Plan, the Holder casting such Ballot shall be deemed to have opted for Class 6 C Convenience Class treatment, consented to the Creditor Release, and voted to accept the Plan.

**23.**   ~~22.~~ With respect to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners, the amount that will be used to tabulate acceptance or rejection of the Plan will be the principal amount held by such Voting Nominees and Beneficial Owners as of the Record Date. The following additional rules apply to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners:

a.    Votes cast by Beneficial Owners through a Voting Nominee will be applied against the positions held by such entities in the applicable security of the Debtors as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the applicable securities held by such Voting Nominee.

b.    To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the applicable Voting Nominees.

c.    To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

d.    Where a Beneficial Owner holds securities through more than one Voting Nominee, it must execute a separate Ballot for each block of debt securities owned by such Beneficial Owner. However, such Holder must vote all of its Claims in each Class in the sane manner, to either accept or reject the Plan. Accordingly, if such Holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the Plan and the Ballots

are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted.

**24.** ~~23.~~ Any objection, comment or response to confirmation of the Plan (including any supporting memoranda) must ~~be in writing,~~ **(a) be in writing, (b) state the name and address of the objecting party and the nature of the claim or interest of such party, (c) state with specificity the legal and factual bases for and nature of any objection to the Plan, and (d) be** served on the parties identified below, and filed with the Court, together with proof of service, such that the foregoing are received by such parties and the Court on or before ~~November 30,~~ **December 7, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline"). The Court shall consider only timely filed written objections **that comply with the terms of this Order**. All objections not timely filed and served in accordance with the provisions of this Motion are hereby deemed waived. Objections to confirmation of the Plan should provide proposed language to remedy such objections and shall be served on the following parties:

> The Debtors: (i) Hunton & Williams LLP, 1445 Ross Ave., Suite 3700, Dallas, TX 75202, attn: Gregory G. Hesse, Tel: (214) 979-3000, Fax: (214) 880-0011, and (ii) Pachulski Stang Ziehl & Jones LLP, North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, attn: Kathleen Makowski, Tel: (302) 652-4100, Fax: (302) 652-4400;

> The Creditors Committee: (i) Arent Fox LLP, 1675 Broadway, New York, NY 10019, attn: Andrew I. Silfen, Tel: (212) 484-3900, Fax: (212) 484-3990., and (ii) Elliott Greenleaf, 1105 Market St., Suite 1700, Wilmington, DE 19801, attn: Rafael X. Zahralddin-Aravena, Tel.: (302) 384-9400, Fax: (302) 384-9399; and

> The Office of the United States Trustee: 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, attn: T. Patrick Tinker, Tel.: (302) 573-6491, Fax: (302) 573-6497.

**25.** ~~24.~~ Any party supporting the Plan shall be afforded an opportunity to file a response to any objection to confirmation of the Plan, prior to the Confirmation Hearing.

26. ~~25.~~ A hearing shall be held before this Court on **December ~~7,~~14, 2010 at ~~2:00 p~~10:30 a.m. (prevailing Eastern time)**, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 5th Floor, Wilmington, Delaware 19801, or as soon thereafter as counsel can be heard, to consider confirmation of the Plan (the "Confirmation Hearing").

27. ~~26.~~ The Confirmation Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest other than an announcement of the adjourned date at the Confirmation Hearing.

28. ~~27.~~ Prior to mailing the Disclosure Statement, Solicitation Packages, Non-Voting Creditor Notices, or the Cure Notice, the Debtors may fill in any missing dates and other information, correct any typographical errors and make such other non-material, non-substantive changes as they deem appropriate.

29. ~~28.~~ This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

Wilmington, Delaware
Date: October _____, 2010

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge

**EXHIBIT 1**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**NOTICE OF (i) APPROVAL OF DISCLOSURE STATEMENT, (ii) DEADLINE FOR VOTING ON THE DEBTORS' FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION, (iii) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, AND (iv) LAST DATE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO:     ALL HOLDERS OF CLAIMS IN CLASSES 3 H, 4 H, 5 H, 6 H, AND 7 H, AND CLASSES 3 C, 4 C, 5 C, AND 6 C, AND CERTAIN OTHER PARTIES

**PLEASE TAKE NOTICE THAT IF THIS NOTICE IS ACCOMPANIED BY A BALLOT, YOUR VOTE IS BEING SOLICITED IN CONNECTION WITH THE FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION (THE "PLAN") OF ACCREDITED HOME LENDERS HOLDING CO., ACCREDITED HOME LENDERS, INC., VENDOR MANAGEMENT SERVICES, LLC D/B/A INZURA SETTLEMENT SERVICES, INZURA INSURANCE SERVICES, INC., AND WINDSOR MANAGEMENT CO., D/B/A AHL FORECLOSURE SERVICES CO. (COLLECTIVELY, THE "DEBTORS").   YOU SHOULD CAREFULLY REVIEW THE MATERIAL SET FORTH IN THE DISCLOSURE STATEMENT (AND IN THE EXHIBITS ATTACHED THERETO) IN ORDER TO MAKE AN INDEPENDENT DETERMINATION AS TO WHETHER TO VOTE TO ACCEPT OR REJECT THE PLAN.**

**THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.**

### APPROVAL OF DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that, by Order dated ~~October 20,~~ November ___, 2010 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") approved the *First Amended* Disclosure Statement with Respect to the Debtors' *First Amended* Chapter 11 Plan of Liquidation , dated September 15, 2010 (as amended, the "Disclosure Statement"), as containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 100, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

## DEADLINE FOR VOTING ON THE PLAN

PLEASE TAKE FURTHER NOTICE that, pursuant to the Disclosure Statement Order, the Court established ~~November 30,~~December 7, 2010 at 4:00 p.m. prevailing Pacific Time (the "Voting Deadline") as the deadline by which Ballots[2] accepting or rejecting the Plan must be actually received. To be counted, your original signed Ballot (a Ballot to be completed by you may be enclosed herewith) must actually be received on or before the Voting Deadline by Kurtzman Carson Consultants, LLC (the "Voting Agent"), at Accredited Home Lenders Ballot Processing, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245. Ballots received by facsimile, e-mail or other means of electronic transmission will not be counted.

## CONFIRMATION HEARING

PLEASE TAKE FURTHER NOTICE that on December ~~7,~~14, 2010 at ~~2:00 p~~10:30 a.m. prevailing Eastern Time or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Mary F. Walrath, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 5th Floor, Wilmington, Delaware 19801 to consider confirmation of the Plan, as the same may be further amended or modified, and for such other and further relief as may be just and proper (the "Confirmation Hearing").

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be adjourned from time to time by the Court without further notice except for an announcement of the adjourned date made at the Confirmation Hearing. Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

## RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

PLEASE TAKE FURTHER NOTICE THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. ~~YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.:~~

### Full Satisfaction, Discharge and Release.

The payments, distributions and other treatment afforded to Holders of Allowed Claims and Interests under the Plan shall be in full and complete satisfaction, discharge and release of such Allowed Claims or Interests.

### Injunction.

The Plan provides that the occurrence of the Effective Date shall serve to satisfy all Claims or Causes of Action arising out of any Claim addressed by the terms of the Plan and will operate as an injunction, until the Bankruptcy Proceeding is closed, against (I) an act, to collect or recover from, or offset against, property of the Debtors or the Liquidating Trusts except as provided in the Plan and (II) the commencement or continuation of an action, the employment of process, or assertion of a claim based on any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date of the Plan, against the Debtors, the Consolidated Debtors Liquidating Trust, the Consolidated Debtors Liquidating Trustee, the Consolidated Holdco Liquidating Trust, and the Consolidated Holdco Liquidating Trustee, as representatives of the

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Plan.

Estate, as well as their successors or their respective agents, successors, and assigns.

### Exculpation.

The Plan provides that neither the Debtors nor their officers, directors, managers, employees or professionals, or the Creditors Committee and its professionals and advisors and members and their respective professionals and advisors, the Consolidated Debtors Liquidating Trust, the Consolidated Debtors Liquidating Trustee, the Consolidated Holdco Liquidating Trust, nor the Consolidated Holdco Liquidating Trustee will have or incur any liability to any holder of a Claim or Interest or any other entity for any act or omission in connection with, or arising out of, the Bankruptcy Proceeding, including but not limited to the formulation, preparation, dissemination, approval, confirmation, administration, or consummation of the Plan or the Disclosure Statement, the solicitation of votes for or confirmation of the Plan, or consummation or administration of the Plan or the property to be distributed under the Plan, or any compromises and settlements under the Plan, except for liability arising from conduct constituting willful misconduct or gross negligence pursuant to a Final Order. The foregoing parties will be entitled to rely upon the advice of counsel in all respects regarding their duties and responsibilities under the Plan.

### IMPORTANT TAX INFORMATION REQUIRED - POTENTIAL WITHHOLDING

Distributions to holders of Claims by the Debtors or the Liquidating Trustee, and any subsequent amounts received by the Liquidating Trust allocable to a holder, are subject to any applicable tax withholding. Under U.S. federal income tax law, interest and other reportable payments may, under certain circumstances, be subject to "backup withholding" at the then applicable backup withholding rate (currently 28%). Backup withholding generally applies if the holder (a) fails to furnish its social security number or other taxpayer identification number ("TIN"), (b) furnishes an incorrect TIN, (c) fails properly to report interest or dividends, or (d) under certain circumstances, fails to provide a certified statement, signed under penalty of perjury, that the TIN provided is its correct number and that it is a United States person that is not subject to backup withholding. Backup withholding is not an additional tax but merely an advance payment, which may be refunded to the extent it results in an overpayment of tax and the appropriate information is supplied to the IRS. Certain persons are exempt from backup withholding including, in certain circumstances, corporations aid financial institutions. In addition, in the case of any Liquidating Trust beneficiaries that are not U.S. persons, the Liquidating Trustee may be required to withhold up to 30% of the income or proceeds allocable to such persons, depending on the circumstances (including whether the type of income is subject to a lower treaty rate). Such withholding is not dependent on the Liquidating Trust distributing any cash or other proceeds. To avoid unnecessary withholding, each U.S. holder is required to properly complete and return a Substitute Form W-9, certifying that such holder is a U.S. person, that the TIN provided is correct, and that such holder is not subject to backup withholding, as per its instructions. Exempt persons should indicate their exempt status on the Substitute Form W-9 as per its instructions. Each non-U.S. holder is required to complete and return the applicable IRS Form W-8 (W-SBEN, W-SECI or W-SIMY, as applicable), signed under penalties of perjury, certifying the holder's foreign status. These forms may be obtained from the IRS website (http://www.irs.gov). Holders should consult their tax advisors as to any qualification for exemption from backup withholding, or a lower rate of U.S. withholding under an applicable treaty or exemption, and the procedure for obtaining such exemption.

## DEADLINE AND PROCEDURES FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that objections, if any, to confirmation of the Plan, including any supporting memoranda, must be in writing, must be filed with the Clerk of the United States Bankruptcy Court of the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801 together with proof of service, and shall state the name and address of the objector, all grounds for the objection and the amount of the Claim(s) or other Interest(s) held by the objector, and shall provide proposed language to remedy such objections. Any such objection must be filed with the Court and served so that it is actually received by the Court, the following parties, and all other parties requesting or entitled to receive notice in these cases, on or before ~~November 30,~~December 7, 2010 at 4:00 p.m. prevailing Eastern Time:

> The Debtors: (i) Hunton & Williams LLP, 1445 Ross Ave., Suite 3700, Dallas, TX 75202, attn: Gregory G. Hesse, Tel: (214) 979-3000, Fax: (214) 880-0011, and (ii) Pachulski Stang Ziehl & Jones LLP, North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, attn: Kathleen Makowski, Tel: (302) 652-4100, Fax: (302) 652-4400;

> The Creditors Committee: (i) Arent Fox LLP, 1675 Broadway, New York, NY 10019, attn: Andrew I. Silfen, Tel: (212) 484-3900, Fax: (212) 484-3990., and (ii) Elliott Greenleaf, 1105 Market St., Suite 1700, Wilmington, DE 19801, attn: Rafael X. Zahralddin-Aravena, Tel.: (302) 384-9400, Fax: (302) 384-9399; and

> The Office of the United States Trustee: 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, attn: T. Patrick Tinker, Tel.: (302) 573-6491, Fax: (302) 573-6497.

Any objection not filed and served as set forth above will be deemed waived and will not be considered by the Court.

## COPIES OF THE PLAN AND DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that to the extent not enclosed herewith, copies of the Plan and Disclosure Statement have been filed with the Bankruptcy Court and may be obtained by parties in interest at the Debtors' expense upon written request to Accredited Home Lenders, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245. In addition, copies of the Disclosure Statement and the Plan may be found online at www.kccllc.net/accredited and on the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801.

Dated: ~~October~~November ___, 2010.

PACHULSKI STANG ZIEHL & JONES LLP

_____

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)

4

Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:     ljones@pszjlaw.com
           joneill@pszjlaw.com
           kmakowski@pszjlaw.com

-and-

**HUNTON & WILLIAMS LLP**

Gregory G. Hesse (Texas Bar No. 09549419)
Lynnette R. Warman (Texas Bar No. 20867940)
Jesse T. Moore (Texas Bar No. 24056001)
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 979-3000
Telecopy: (214) 880-0011
Email:     ghesse@hunton.com
           lwarman@hunton.com
           jtmoore@hunton.com

**ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION**

**EXHIBIT 2**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

### NOTICE OF (i) APPROVAL OF DISCLOSURE STATEMENT, (ii) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, ~~AND~~ (iii) LAST DATE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN, AND (iv) LAST DATE AND PROCEDURES FOR FILING A CLAIMS ESTIMATION MOTION

TO:     ALL HOLDERS OF ADMINISTRATIVE CLAIMS, ~~AND~~ PRIORITY TAX CLAIMS, ~~AND~~

**ALL HOLDERS OF** CLAIMS AND INTERESTS IN CLASSES 1 H, 2 H, 8 H, 9 H, and 10 H, ~~and~~**AND** CLASSES 1 C, 2 C, 7 C, AND 8 C

**ALL HOLDERS CLAIMS THAT (i) HAVE BEEN DISALLOWED IN FULL, (ii) MADE THE SUBJECT OF A PENDING OBJECTION SEEKING TO DISALLOW SUCH CLAIMS IN FULL, (iii) WERE SCHEDULED AS LIQUIDATED, CONTINGENT, OR DISPUTED WITHOUT A TIMELY PROOF OF CLAIM BEING FILED RELATING TO SUCH POTENTIAL CLAIM, OR (iv) NOT TIMELY FILED, AND NOT OTHERWISE ALLOWED BY AGREEMENT OR ORDER OF THE COURT**

### APPROVAL OF DISCLOSURE STATEMENT

PLEASE TAKE NOTICE that, by Order dated ~~October 20, 2010~~November ___, 2010 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") approved the *First Amended* Disclosure Statement with Respect to the Debtors' *First Amended* Chapter 11 Plan of Liquidation, dated September 15, 2010 (as amended, the "Disclosure Statement"), as containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

### COPIES OF THE PLAN AND DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that copies of the Plan and Disclosure Statement have been filed with the Bankruptcy Court and may be obtained by parties in interest at the Debtors' expense upon written request to Accredited Home Lenders, c/o Kurtzman Carson Consultants LLC, 2335 Alaska

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 100, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

Avenue, El Segundo, CA 90245. In addition, copies of the Disclosure Statement and the Plan may be found on the internet at www.kccllc.net/accredited and on the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801.

<u>CONFIRMATION HEARING</u>

PLEASE TAKE FURTHER NOTICE that on <u>December 7,14, 2010 at 2:00 p10:30 a.m. prevailing Eastern Time</u> or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Mary F. Walrath, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 5th Floor, Wilmington, Delaware 19801 to consider confirmation of the Plan, as the same may be further amended or modified, and for such other and further relief as may be just and proper (the "Confirmation Hearing").

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be adjourned from time to time by the Court without further notice except for an announcement of the adjourned date made at the Confirmation Hearing. Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

<u>CLASSES OF CLAIMS AND INTERESTS NOT ENTITLED TO VOTE</u>

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Plan and the Bankruptcy Code, (i) holders of Administrative Claims,[2] Priority Tax Claims, and Secured and Priority Claims in Classes 1 H, 2 H, 1 C, and 2 C are unimpaired, are conclusively presumed to have accepted the Plan and, thus, are not entitled to vote on the Plan and a (ii) the holders of Subordinated Claims in Classes 8 H, 9 H, and 7 C, and holders of Interests in Classes 10 H and 8 C will not receive any distributions under the Plan and are presumed to have rejected the Plan.

<u>**PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Plan, the Bankruptcy Code, and orders of this Court, the holders of Claims that (i) have been disallowed in full, (ii) are the subject of a pending objection seeking to disallow them in full, (iii) were scheduled as liquidated, contingent, or disputed without a timely proof of claim being filed relating to such potential Claim, and (iv) were not timely filed and not otherwise allowed by agreement or Order of the Court ("Disallowed and Unallowed Claims") shall not be entitled to have their votes counted unless they file a Claims Estimation Motion (as defined below) and obtain an order from the Court permitting to them to vote.**</u>

<u>SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS</u>

PLEASE TAKE FURTHER NOTICE that the Plan proposes to modify the rights of certain creditors and equity securities holders of the Debtors. Under the Plan, the Debtors' assets will be transferred to two liquidating trusts. The assets of Debtors Accredited Home Lenders Holding Company and Vendor Management Services LLC ("Consolidated Holdco") will be transferred to one trust, and the assets of the other Debtors (the "Consolidated Debtors") will be transferred to a second trust. General unsecured creditors of the Debtors will receive interests in and distributions from these respective trusts,

---

[2] Undefined capitalized terms herein are ascribed the definitions provided in the Plan.

as described below.  The Plan establishes the following classes of Claims and Interests with the following treatment:[3]

### Unclassified Administrative Claims

Administrative Claims include all Claims for the costs and expenses of administering the Cases having priority under § 507(a)(2) of the Bankruptcy Code, including without limitation costs and expenses allowed under § 503(b) of the Bankruptcy Code, the actual and necessary costs and expenses of preserving the Debtors' bankruptcy Estates and operating the business of the Debtors, any fees or charges assessed against the Estates under 28 U.S.C. § 1930, Professional Fee Claims, and any Claims allowed pursuant to § 507(b) of the Bankruptcy Code. ~~On the Effective Date Date, or as soon thereafter as is reasonably practicable, the~~

**Any** Holder of ~~eachan~~ **Allowed** Administrative Claim ~~that is an Allowed Claim~~**other than Professional Fee Claims** shall receive, ~~in the~~ **the** full ~~and final satisfaction~~**amount** of ~~such~~**the** Holder's Allowed **Administrative** Claim~~, cash in an amount equal to the unpaid portion of such Allowed Claim, or some other, less favorable treatment as is agreed upon by the Debtors or the Liquidation Trustee, as applicable, and the Holder of such Allowed Administrative Claim.~~ **in one cash payment from the Consolidated Debtors, or Consolidated Holdco, as applicable, as part of the Effective Date Distribution.  An Administrative Claim that is a Disputed Claim shall not receive any distribution unless and until such Claim becomes an Allowed Administrative Claim.  Upon the entry of a Final Order allowing an Administrative Claim, the Holder of that Claim shall receive the full amount of such Claim in one cash payment from the applicable Liquidating Trust.  The applicable Liquidating Trustee or the applicable Debtor and the Holder of an Allowed Administrative Claim may agree to less favorable treatment of such Allowed Administrative Claim.  An Administrative Claim not filed prior to the Administrative Claim Bar Date as provided in this Plan shall be deemed forever waived and barred, the Holder thereof shall not be entitled to a distribution under the Plan, and the Debtors or applicable Liquidating Trustee shall have no obligation with respect thereto.**

**Unless otherwise expressly provided in the Plan, a Professional Fee Claim will be Allowed only if:  (i) on or before forty-five (45) days after the Effective Date (the "Professional Fee Bar Date"), the entity holding such Professional Fee Claim files with the Court a final fee application and serves the application on counsel to the Debtors, counsel to the Creditors' Committee, Consolidated Debtors Liquidating Trustee, Consolidated Holdco Liquidating Trustee, and the U.S. Trustee; and (ii) the Court enters a Final Order allowing such Claim.**

**Any party in interest may file an objection to such application within the time provided by the Bankruptcy Rules or within any other period that the Bankruptcy Court establishes.  Entities holding Professional Fee Claims that do not timely file and serve a fee application will be forever barred from asserting such Professional Fee Claim against the Debtors, the Estates, the Liquidating Trusts, or their respective property.**

**The Debtors, or the applicable Liquidating Trustee, will pay or cause to be paid an Allowed Professional Fee Claim, in cash, within five (5) days after the conditions specified in this Section 3.1(b) of the Plan are satisfied.  All Allowed Professional Fee Claims shall be ratably paid, with 75% paid by the Consolidated Debtors or the Consolidated Debtors Liquidating Trust and 25% paid by Consolidated Holdco or the Consolidated Holdco Liquidating Trust.  To the extent that the Consolidated Debtors have previously paid more than 75% of the Allowed Professional Fee Claims, the Consolidated Debtors shall have an Administrative Claim against Consolidated Holdco or the**

---

[3] For a complete description of the Plan provisions, reference should be made to the Plan and Disclosure Statement, copies of which can be obtained by the methods described at the beginning of this Notice.

Consolidated Holdco Liquidating Trust for any amount paid in excess of 75% of the Allowed Professional Fee Claims which shall be paid, in cash, to the Consolidated Debtors Liquidating Trust within five (5) days after the entry of a Final Order allowing such Allowed Professional Fee Claims.

### Unclassified Priority Tax Claims

Any Holder of an Allowed Priority Tax ~~Claims include claims for an amount entitled to priority under § 507(a)(8) of the Bankruptcy Code. Unless a Final Order otherwise provides, on the Distribution Date, or as soon thereafter as is reasonably practicable, each Holder of a Priority Tax Claim that is an Allowed Claim shall receive, and in~~Claim shall receive the full ~~and final satisfaction of such Holder's Allowed Claim, cash in an amount equal to the unpaid portion of such Allowed Claim.~~ amount of the Holder's Allowed Priority Tax Claim in one cash payment from Consolidated Holdco or the Consolidated Debtors, as applicable, as part of the Effective Date Distribution. A Priority Tax Claim that is a Disputed Claim shall not receive any distribution unless and until such Claim becomes an Allowed Priority Tax Claim. Upon the entry of a Final Order allowing an Priority Tax Claim against Consolidated Holdco after the Effective Date, the Holder of that Claim shall receive the full amount of such Claim in one cash payment from the Consolidated Holdco Liquidating Trust except as otherwise provided under Section 3.3 of the Plan. Upon the entry of a Final Order allowing a Priority Tax Claim against the Consolidated Debtors after the Effective Date, the Holder of that Allowed Claim shall receive the full amount of such Claim in one cash payment from the Consolidated Debtors Liquidating Trust except as otherwise provided under Section 3.3 of the Plan. The applicable Liquidating Trustee or Debtor and the Holder of an Allowed Priority Tax Claim may agree to less favorable treatment of such Allowed Priority Tax Claim. To the extent that some or all of an Allowed Secured Claim for taxes does not qualify as a Priority Tax Claim, it will be classified as a Class 1 Secured Claim.

### Class 1 H and 1 C - Secured Claims

Any Holder of a Class 1 H or 1 C Allowed Secured Claim shall at the sole option of the applicable Debtors receive (a) the full amount of the Holder's Allowed Secured Claim in one cash payment as part of the Effective Date Distribution from the applicable Debtor, (b) all or a portion of the Assets securing the Allowed Secured Claim, or (c) subject to the requirements of § 1124(2) of the Bankruptcy Code, the legal, equitable and contractual rights of the Holder of such Allowed Secured Claim shall be reinstated. A Class 1 H or 1 C Secured Claim that is a Disputed Claim shall not receive any distribution unless and until such Claim becomes Allowed. Upon the entry of a Final Order allowing the Class 1 H or 1 C Secured Claim after the Effective Date, the Holder of that Claim shall receive (a) the full amount of such Claim in one cash payment from the applicable Liquidating Trust, (b) all or a portion of the Assets securing the Allowed Secured Claim, or (c) subject to the requirements of § 1124(2) of the Bankruptcy Code, the legal, equitable and contractual rights of the Holder of such Allowed Secured Claim shall be reinstated. The applicable Liquidating Trustee or Debtor and the Holder of a Allowed Secured Claim may agree to less favorable treatment of such claim.

### Class 2 H and 2 C - Priority Claims Other Than Priority Tax Claims

Any Holder of a Class 2 H or Class 2 C Allowed Priority Non-Tax Claim shall receive the full amount of such claim in one cash payment as part of the Effective Date Distribution from the applicable Debtors. A Class 2 H or 2 C Priority Non-Tax Claim that is a Disputed Claim shall not receive any distribution unless and until such Claim becomes a Class 2 H or Class 2 C Allowed Priority Non-Tax Claim. Upon the entry of a Final Order allowing such claim after the Effective Date, the Holder of that Claim shall receive the full amount of such Claim in one cash payment from the applicable Liquidating Trust. The applicable Liquidating Trustee or Debtor and the Holder of an Class 2 H or Class 2 C Allowed

Priority Non-Tax Claim may agree to less favorable treatment of such claim.

### Class 3 H - General Unsecured Claims against Consolidated Holdco

Holders of Class 3 H Allowed Claims shall receive a Pro Rata Share of interests in the Consolidated Holdco Liquidating Trust and are entitled to receive distributions equal to their Pro Rata Share of any distributions of Consolidated Holdco Liquidating Trust Assets made by the Consolidated Holdco Liquidating Trustee out of the Consolidated Holdco Liquidating Trust in accordance with the Consolidated Holdco Liquidating Trust Agreement **and the Plan**. In calculating the distribution to the Holders of Class 3 H Claims, the Pro Rata Share shall include in the calculation the Allowed Claims **and Disputed Claims** included in Class 3 H, 4 H, 5 H and 7 H. ~~On the Effective Date, or as soon thereafter as is practicable,~~

**In the event of entry of a Final Order determining a Disputed Claim to be an Allowed Claim, the Holder of the subject claim shall receive its Pro Rata Share of interests in the Consolidated Holdco Liquidating Trust and** the Consolidated Holdco Liquidating Trustee ~~shall make a distribution to each Holder of an Allowed Class 3H Claim in an amount equal to such Holder's Pro Rata Share of the balance,~~ **in his sole discretion, may make an Interim Distribution to the Holder of such Allowed Claim from the Consolidated Holdco Liquidating Trust Reserve, or may release funds from the Consolidated Holdco Liquidating Trust Reserve to such Holder in a Subsequent Distribution. The Holders of Class 3 H Allowed Claims shall thereafter receive their Pro Rata Share of Subsequent Distributions from the Consolidated Holdco Liquidating Trust.**

**Upon full administration of the Assets vested in the Consolidated Holdco Liquidating Trust, the Consolidated Holdco Liquidating Trustee shall make the Final Distribution, and all obligations under the Plan of the Consolidated Holdco Liquidating Trustee to the Holders of Class 3 H Allowed Claims shall be satisfied. In the event that the Holders of Class 3 H Allowed Claims are paid in full, together with interest thereon from the Petition Date through the date on which such claim is paid in full calculated at the federal judgment rate in effect as of the Petition Date,** any funds remaining in the Consolidated Holdco Liquidating Trust Account ~~remaining after creation of the Consolidated Holdco Liquidating Trust Reserve. Dispute Class 3 H Claims shall receive the same treatment upon being allowed.~~ **, net of expenses, shall be distributed to the Holders of the Class 4 H and 5 H Claims, and potentially Class 7 H Claims, in accordance with the provisions of the Plan.**

In the event Class 3 H votes in favor of the Plan ~~and the Holders of Class 3 H Claims do not object to confirmation of the Plan,~~ **the** payment of Class 4 H Claims will be subordinated ~~in~~**and junior to the** payment of Class 3 H Claims **and Class 4 H Claims shall not receive any distribution until Class 3 H Claims are paid in full under the Plan.**

### Class 4 H - General Unsecured Claims Against Consolidated Holdco held by LSF-MRA, LLC

Holders of Class 4 H Allowed Claims shall receive a Pro Rata Share of interests in the Consolidated Holdco Liquidating Trust. In calculating the distribution to the Holder of Class 4 H Claims, the Pro Rata Share shall include in the calculation the ~~claims~~**Allowed Claims and Disputed Claims** included in Class 3 H, 4 H, 5 H, and 7 H. Until the Holders of the Class 4 H Allowed Claims are satisfied in full with interest thereon from the Petition Date through the date on which such Claim is paid in full calculated at the federal judgment rate in effect as of the Petition Date, the Holder of Class 4 H Allowed Claims shall be entitled to receive its Pro Rata Share of the proceeds of the Consolidated Holdco Liquidating Trust.

Notwithstanding ~~the foregoing~~, in the event Class 3 H votes in favor of the Plan ~~and does not object to confirmation of the Plan~~, the payment of Class 4 H Claims will be subordinated to the payment of Class 3 H Claims **and Class 4 H Claims shall not receive any distribution until Class 3 H Claims are paid in full as provided under the Plan**.

Further, in the event Class 5 H votes in favor of the Plan and does not object to ~~the~~ confirmation of the Plan, the payment of Class 4 H Claims will be subordinated to the payment of Class 5 H Claims.

Pursuant to the terms of ~~Holdco's guaranty to the Holders of Allowed Class 7 H Claims~~**the Trust Preferred Indenture and related documents**, Class 7 H Claims are subordinated to the Class 4 H Claims and any payment attributable to Class 7 H Claims are to be paid to the Holders of, inter alia, Allowed Class 4 H Claims **on a pro rata basis to the extent provided under the Trust Preferred Indenture and related documents**. Notwithstanding the foregoing, in the event that ~~that~~ Class 7 H votes to accept the Plan, and ~~does~~**the Holders of Class 7 H Claims do** not object to confirmation of the Plan, payment of Class 4 H shall be subordinated to payment of the Allowed Class 7 H Claims.

**Notwithstanding the foregoing, the subordination of claims of the Lone Star Entities, against Consolidated Holdco including, but not limited to, claims of the Lone Star Entities that are Class 4 H Claims, and as set forth herein, shall not in any way affect or be deemed to affect the availability of such claims for use as setoff or any other defenses of the Lone Star Entities to or against claims against the Lone Star Entities asserted by Consolidated Holdco or the Consolidated Holdco Liquidating Trust.**

### Class 5 H - General Unsecured Claims Held by the REIT against Consolidated Holdco

The Class 5 H Claim of the REIT shall be **fixed and** Allowed in the amount of Twenty Million Dollars ($20,000,000) and, on account of such claim, the Holder of the Allowed Class 5 H Claim shall receive its Pro Rata Share of interests in the Consolidated Holdco Liquidating Trust. In calculating the distribution to the Holder of Class 5 H Claims, the Pro Rata Share shall include in the calculation the ~~claims~~**Allowed Claims and Disputed Claims** included in Class 3 H, 4 H, 5 H, and 7 H. Until the Class 5 H Claim is satisfied in full with interest thereon from the Petition Date through the date on which such Claim is paid in full calculated at the federal judgment rate in effect as of the Petition Date, the Holder of Allowed Class 5 H Unsecured Claims shall be entitled to Pro Rata Share of the proceeds of the Consolidated Holdco Liquidating Trust. The Holder of Allowed Class 5 H Claim will waive its right to enforce any subordination provisions relating to Class 7 H Claims, and in the event Class 5 H votes in favor **of the Plan and does not object to confirmation** of the Plan, payment of Class 4 H Claims will be subordinated to the payment of Class 5 H Claims.

### Class 6 H - Convenience Class Claims against Consolidated Holdco

~~Class 6 H Convenience Claims are those general unsecured claims against Consolidated Holdco that are less than $25,000. Holders of general unsecured claims greater than $25,000 against Consolidated Holdco may opt for a Class 6 H Convenience Claim by reducing their claim to $25,000. Each Holder of a~~**Each Holder of an Allowed** Consolidated Holdco Convenience Claim in Class 6 H shall receive **seventy-five percent (75%)** of the Holder's **Allowed** Class 6 H Convenience Claim in one cash payment as part of the Effective Date Distribution from Consolidated Holdco, or such other, less favorable treatment as is agreed upon by Consolidated Holdco and the Holder of such Consolidated Holdco Convenience Claim.

### Class 7 H - Claims against Consolidated Holdco relating to Accredited Preferred Securities

**Trust I**

Class 7 H consists of Allowed Claims against Holdco that relate to the Trust Preferred Securities, Trust Preferred Notes, and the Trust Preferred Note Claims. **Holders of Allowed Class 7 H Claims shall receive their Pro Rata Share of interests in the Consolidated Holdco Liquidating Trust subject to the enforcement of the applicable subordination provisions as described herein to the extent provided under the Trust Preferred Indenture and related documents and the Plan.**

Pursuant to the terms of **the** Trust Preferred Indenture, the Class 7 H Claims are subordinated to the Class 4 H and 5 H Claims and any payments attributable to Class 7 H Claims are to be paid to the ~~holders~~**Holders** of Class 4 H and 5 H Claims. If Class 7 H ~~rejects~~**votes to reject** the Plan, then, until distributions are made in an amount sufficient to pay Holders of **Allowed** Class 4 H ~~and 5 H~~ Claims**,** in full with interest thereon**,** from the Petition Date through the date on which such Claim is paid in full calculated at the federal judgment rate in effect as of the Petition Date, the subordination provisions relating to Class 7 H will be enforced and the Pro Rata Share attributable to Class 7 H shall be distributed ~~to other classes.~~**pursuant to the terms of § 4.4 of the Plan.**

Notwithstanding the foregoing, **if** Class 7 H votes in favor of confirmation of the Plan and the Holders of **Allowed** Class 7 H Claims do not object to confirmation of the Plan, ~~the subordination provisions relating to the Class 7 H Claims will not be enforced and~~**then the payment of** the holders of **the** Class 4 H Claims shall ~~have payment of their Claims~~**be** subordinated to the payment of ~~all other Claims against Consolidated Holdco, and Class 7 H shall be entitled to receive the Pro Rata Distribution from the Consolidated Holdco Liquidating Trust~~**Class 7 H Claims and Holders of Allowed 7 H Claims will receive distributions as provided above**.

**Class 8 H – REIT Preferred Holder's Subordinated Guaranty Claims against Consolidated Holdco**

~~Class 8 H consists of the claims of the Holders of the REIT's Preferred Securities, who have guaranty claims against Holdco that are subordinated to general unsecured Holdco creditors.~~ Unless otherwise agreed to by the Creditors Committee and the REIT Committee, on the Effective Date (i) the Holders of Allowed Class 8 H Claims shall not receive beneficial interests in the Consolidated Holdco Liquidating Trust or be deemed to be beneficial holders of the Consolidated Holdco Liquidating Trust until all beneficial holders with ~~allowed senior unsecured claims against the Consolidated Holdco Liquidating Trust~~**Allowed Claims in Classes 3 H, 4 H, 5 H, and 7 H** have been paid in full **as provided under the Plan** prior to the termination of the Consolidated Holdco Liquidating Trust, (ii) the Holders of Allowed Class 8 H Claims shall not be entitled to any reports or notices from the Consolidated Holdco Liquidating Trustee until they receive beneficial interests in the Consolidated Holdco Liquidating Trust and are beneficial holders of the Consolidated Holdco Liquidating Trust, and (iii) the Consolidated Holdco Liquidating Trust Agreement shall be drafted in a manner that avoids any material adverse consequences to the Consolidated Holdco Liquidating Trust under applicable securities and tax laws. ~~In the event the senior unsecured creditors~~ **If the Holders of Class 3 H, 4 H, 5 H, and 7 H Claims** who are beneficial holders of the Consolidated Holdco Liquidating Trust are not paid in full **as provided under the Plan,** or **if** the Consolidated Holdco Liquidating Trust is terminated prior to the **time when such** senior unsecured creditors who are beneficial holders are paid in full, then the Holders of Allowed Class 8H Claims shall not receive any distribution under the Plan. If the ~~senior unsecured creditors~~**Holders of Class 3 H, 4 H, 5 H, and 7 H Claims** who are beneficial holders of the Consolidated Holdco Liquidating Trust are paid in full **as provided under the Plan** prior to the termination of the Consolidated Holdco Liquidating Trust, then Holders of ~~Holders of~~ Allowed Class 8 H Claims shall

receive beneficial interests in the Consolidated Holdco Liquidating Trust as provided under the Plan ~~(unless such claims are disallowed pursuant to a Final Order)~~.

### Class 9 H - Subordinated Claims against Consolidated Holdco

Class 9 H consists of claims against **Consolidated** Holdco that are **not separately classified and are** subordinated for any reason under § 510 of the Bankruptcy Code. Holders of Class 9 H Claims shall not receive any distributions until the Holders of Class 3 H, 4 H, 5 H and 7 H Claims against **Consolidated** Holdco have been paid in full **with interest as provided under the Plan**, in which event the holders of Class 9 H Claims shall receive their Pro Rata Share of Subsequent Distributions from the **Consolidated** Holdco Liquidating Trust.

### Class 10 H - Consolidated Holdco Interests

Class 10 H consists of the Interests in Consolidated Holdco, including those Interests held by the Lone Star Entities. All Interests, including those Interests held by the Lone Star Entities, shall be canceled as of the Effective Date and the Holders thereof shall receive no distribution under the Plan, unless Holders of all Class 8 H and 9 H Claims against **Consolidated** Holdco are paid in full with interest **as provided under the Plan**.

### Class 3 C - General Unsecured Claims against Consolidated Debtors

Holders of **Allowed** Class 3 C and 4 C ~~Allowed Unsecured~~ Claims shall be entitled to receive ~~distributions commencing on the Effective Date to the extent funds of the Consolidated Debtors are available after satisfaction of the Consolidated Debtors' Plan obligations to higher priority claimants, establishment of the Consolidated Debtors Liquidating Trust Reserve, and reservation of sufficient funds to pay the projected expenses of the Consolidated Debtors Liquidating Trust, and continuing on each Subsequent Distribution Date~~**a Pro Rata Share of interests in the Consolidated Debtors Liquidating Trust and are entitled to receive distributions equal to their Pro Rata Share of any distributions of the Consolidated Debtors Liquidating Trust Assets made by the Consolidated Debtors Liquidating Trustee out of the Consolidated Debtors Liquidating Trust in accordance with the Consolidated Debtors Liquidating Trust Agreement, and continuing on the dates of Subsequent Distributions**, equal to their Pro Rata Share of any distributions of Consolidated Debtors Liquidating Trust Assets made by the Consolidated Debtors Liquidating Trustee out of the Consolidated Debtors Liquidating Trust**, as provided under the Plan**.

In addition to the distributions described above, Holders of Class 3 C General Unsecured Claims shall be entitled to receive a Pro Rata ~~share~~**Share** of the Lone Star Settlement ~~Fund pursuant to the terms of the Plan.~~**Payment subject to the terms of this Plan. Holders of Class 3 C General Unsecured Claims and Class 6 C Convenience Claims are deemed to have accepted the Creditor Release.**

**In the event of entry of a Final Order determining a Disputed Claim to be an Allowed Claim, the Holder of the subject claim shall receive its Pro Rata Share of interests in the Consolidated Debtors Liquidating Trust and the Consolidated Debtors Liquidating Trustee, in his sole discretion, may make an Interim Distribution to the Holder of such Allowed Claim from the Consolidated Debtors Liquidating Trust Reserve, or may release funds from the Consolidated Debtors Liquidating Trust Reserve to such Holder in a Subsequent Distribution. The Holders of Class 3 C Allowed Claims shall thereafter receive their Pro Rata Share of Subsequent Distributions from the Consolidated Debtors Liquidating Trust.**

Upon full administration of the Assets vested in the Consolidated Debtors Liquidating Trust, the Consolidated Debtors Liquidating Trustee shall make the Final Distribution, and all obligations under the Plan of the Consolidated Debtors Liquidating Trustee to the Holders of Allowed Class 3 C Claims shall be satisfied. In the event that the Holders of Allowed Class 3 C Claims are paid in full, together with interest thereon from the Petition Date through the date on which such claim is paid in full calculated at the federal judgment rate in effect as of the Petition Date, any funds remaining in the Consolidated Debtors Liquidating Trust Account, net of expenses, shall be distributed first to the Holders of the Allowed Class 4C and then to the Holders of Allowed Class 7 C Claims in accordance with the provisions of the Plan.

**Class 4 C - General Unsecured Claims against the Consolidated Debtors opting out of the Creditor Release**

Holders of Allowed Class 3 C and 4 C Claims shall be entitled to receive a Pro Rata Share of interests in the Consolidated Debtors Liquidating Trust and are entitled to receive distributions equal to their Pro Rata Share of any distributions of the Consolidated Debtors Liquidating Trust Assets made by the Consolidated Debtors Liquidating Trustee out of the Consolidated Debtors Liquidating Trust in accordance with the Consolidated Debtors Liquidating Trust, and continuing on each Subsequent Distribution Date, equal to their Pro Rata Share of any distributions of Consolidated Debtors Liquidating Trust Assets made by the Consolidated Debtors Liquidating Trustee out of the Consolidated Debtors Liquidating Trust.

**For the avoidance of doubt,** Holders of **Allowed** Class 4 C ~~Non-Releasing General Unsecured~~ Claims opting out of the Creditor Release shall not be entitled to receive any distributions from the Lone Star Settlement ~~Fund~~**Payment**.

Upon full administration of the Assets vested in the Consolidated Debtors Liquidating Trust, the Consolidated Debtors Liquidating Trustee shall make the Final Distribution, and all obligations under the Plan of the Consolidated Debtors Liquidating Trustee to the Holders of Allowed Class 4 C Claims shall be satisfied. In the event that the Holders of Allowed Class 4C Claims are paid in full, together with interest thereon from the Petition Date through the date on which such claim is paid in full calculated at the federal judgment rate in effect as of the Petition Date, any funds remaining in the Consolidated Debtors Liquidating Trust Account, net of expenses, shall be distributed to the Holders of Allowed Class 7 C Claims in accordance with the provisions of the Plan.

**Class 5 C - General Unsecured Claims Against the Consolidated Debtors held by the Lone Star Entities**

The Claims of the Lone Star Entities shall be waived and shall receive no distributions under the Plan.

**Class 6 C - Convenience Class Claims against Consolidated Debtors**

~~Class 6 C Convenience Claims are those general unsecured claims against Consolidated Debtors that are less than $25,000, unless the Holder of such Claims opts for those Claims to be treated as Class 4 C Claims. Holders of general unsecured claims greater than $25,000 against Consolidated Debtors may opt for a Class 6 C Convenience Claim by reducing their claim to $25,000. Each Holder of a Consolidated Debtors~~**On the Effective Date, or as soon as practicable thereafter, each Holder of an Allowed Consolidated Debtor** Convenience Claim in Class 6 C shall receive **seventy-five percent (75%)** of the Holder's **Allowed** Class 6 C Convenience Claim in one cash payment as part of the Effective Date

Distribution from the Consolidated Debtors, or such other, less favorable treatment as is agreed upon by the Consolidated Debtors and the Holder of such ~~Consolidated Debtors Convenience Claim~~Allowed Consolidated Debtor Convenience Claim.

Holders of Class 6 C Convenience Claims are deemed to have accepted the Creditor Release and will be entitled to receive distributions from the Lone Star Settlement Payment.

An Allowed Unsecured Claim against any of the Consolidated Debtors that has a face amount equal to or less than $25,000 shall be treated as a Class 6 C Claim, provided, however that a Holder of such a Claim may opt for that Claim to be treated as a Class 4 C Claim by making that designation on a properly cast Ballot.

### Class 7 C - Subordinated Claims against the Consolidated Debtors

Class 7 C consists of Subordinated Claims against the Consolidated Debtors, including the subordinated claim of the REIT in the amount of Fifteen Million Dollars ($15,000,000), that is being allowed pursuant to the Plan. Holders of Class 7 C Subordinated Claims shall receive no distribution under the Plan unless the Holders of Allowed Class 3 C and 4 C Allowed Claims are paid in full, as provided under the Plan, and in such event shall receive any Residual Assets upon termination and dissolution of the Liquidating Trust as provided under the Plan.

### Class 8 C - Consolidated Debtors Interests

~~Class 8 C consists of the Interests in the Consolidated Debtors.~~ All Interests shall be canceled as of the Effective Date and the Holders thereof shall receive no distribution under the Plan, unless Holders of all Class 7 C Allowed Subordinated Claims against the Consolidated Debtors are paid in full with interest as provided under the Plan, and in such event shall receive any remaining Residual Assets upon termination and dissolution of the Liquidating Trust as provided under the Plan.

## RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

PLEASE TAKE FURTHER NOTICE ~~that the Plan contains the release, injunctive and exculpation provisions set forth below~~THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS:

Full Satisfaction, Discharge and Release.

The payments, distributions and other treatment afforded to Holders of Allowed Claims and Interests under the Plan shall be in full and complete satisfaction, discharge and release of such Allowed Claims or Interests.

Injunction.

The Plan provides that the occurrence of the Effective Date shall serve to satisfy all Claims or Causes of Action arising out of any Claim addressed by the terms of the Plan and will operate as an injunction, until the Bankruptcy Proceeding is closed, against (I) an act, to collect or recover from, or offset against, property of the Debtors or the Liquidating Trusts except as provided in the Plan and (II) the commencement or continuation of an action, the employment of process, or assertion of a claim based on any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date of the Plan, against the Debtors, the Consolidated Debtors Liquidating Trust, the Consolidated Debtors Liquidating Trustee, the Consolidated Holdco

Liquidating Trust, and the Consolidated Holdco Liquidating Trustee, as representatives of the Estate, as well as their successors or their respective agents, successors, and assigns.

Exculpation.

The Plan provides that neither the Debtors nor their officers, directors, managers, employees or professionals, or the Creditors Committee and its professionals and advisors and members and their respective professionals and advisors, the Consolidated Debtors Liquidating Trust, the Consolidated Debtors Liquidating Trustee, the Consolidated Holdco Liquidating Trust, nor the Consolidated Holdco Liquidating Trustee will have or incur any liability to any holder of a Claim or Interest or any other entity for any act or omission in connection with, or arising out of, the Bankruptcy Proceeding, including but not limited to the formulation, preparation, dissemination, approval, confirmation, administration, or consummation of the Plan or the Disclosure Statement, the solicitation of votes for or confirmation of the Plan, or consummation or administration of the Plan or the property to be distributed under the Plan, or any compromises and settlements under the Plan, except for liability arising from conduct constituting willful misconduct or gross negligence pursuant to a Final Order. The foregoing parties will be entitled to rely upon the advice of counsel in all respects regarding their duties and responsibilities under the Plan.

## IMPORTANT TAX INFORMATION REQUIRED - POTENTIAL WITHHOLDING

Distributions to holders of Claims by the Debtors or the Liquidating Trustee, and any subsequent amounts received by the Liquidating Trust allocable to a holder, are subject to any applicable tax withholding. Under U.S. federal income tax law, interest and other reportable payments may, under certain circumstances, be subject to "backup withholding" at the then applicable backup withholding rate (currently 28%). Backup withholding generally applies if the holder (a) fails to furnish its social security number or other taxpayer identification number ("TIN"), (b) furnishes an incorrect TIN, (c) fails properly to report interest or dividends, or (d) under certain circumstances, fails to provide a certified statement, signed under penalty of perjury, that the TIN provided is its correct number and that it is a United States person that is not subject to backup withholding. Backup withholding is not an additional tax but merely an advance payment, which may be refunded to the extent it results in an overpayment of tax and the appropriate information is supplied to the IRS. Certain persons are exempt from backup withholding including, in certain circumstances, corporations and financial institutions. In addition, in the case of any Liquidating Trust beneficiaries that are not U.S. persons, the Liquidating Trustee may be required to withhold up to 30% of the income or proceeds allocable to such persons, depending on the circumstances (including whether the type of income is subject to a lower treaty rate). Such withholding is not dependent on the Liquidating Trust distributing any cash or other proceeds. To avoid unnecessary withholding, each U.S. holder is required to properly complete and return a Substitute Form W-9, certifying that such holder is a U.S. person, that the TIN provided is correct, and that such holder is not subject to backup withholding, as per its instructions. Exempt persons should indicate their exempt status on the Substitute Form W-9 as per its instructions. Each non-U.S. holder is required to complete and return the applicable IRS Form W-8 (W-8BEN, W-8ECI or W-8IMY, as applicable), signed under penalties of perjury, certifying the holder's foreign status. These forms may be obtained from the IRS website (http://www.irs.gov). Holders should consult their tax advisors as to any qualification for exemption from backup withholding, or a lower rate of U.S. withholding under an applicable treaty or exemption, and the procedure for obtaining such exemption.

## DEADLINE AND PROCEDURES FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that objections, if any, to confirmation of the Plan, including any supporting memoranda, must be in writing, must be filed with the Clerk of the United States Bankruptcy Court of the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801 together with proof of service, and shall state the name and address of the objector, all grounds for the objection and the amount of the Claim(s) or other Interest(s) held by the objector, and shall provide proposed language to remedy such objections. Any such objection must be filed with the Court and served so that it is actually received by the Court, the following parties, and all other parties requesting or entitled to receive notice in these cases, on or before ~~November 30,~~December 7, 2010 at 4:00 p.m. prevailing Eastern Time:

The Debtors: (i) Hunton & Williams LLP, 1445 Ross Ave., Suite 3700, Dallas, TX 75202, attn: Gregory G. Hesse, Tel: (214) 979-3000, Fax: (214) 880-0011, and (ii) Pachulski Stang Ziehl & Jones LLP, North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, attn: Kathleen Makowski, Tel: (302) 652-4100, Fax: (302) 652-4400;

The Creditors Committee: (i) Arent Fox LLP, 1675 Broadway, New York, NY 10019, attn: Andrew L. Silfen, Tel: (212) 484-3900, Fax: (212) 484-3990., and (ii) Elliott Greenleaf, 1105 Market St., Suite 1700, Wilmington, DE 19801, attn: Rafael X. Zahralddin-Aravena, Tel.: (302) 384-9400, Fax: (302) 384-9399; and

The Office of the United States Trustee: 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, attn: T. Patrick Tinker, Tel.: (302) 573-6491, Fax: (302) 573-6497.

Any objection not filed and served as set forth above will be deemed waived and will not be considered by the Court.

## DEADLINE AND PROCEDURES FOR CLAIMS ESTIMATION MOTIONS

**PLEASE TAKE FURTHER NOTICE** that if you wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "Claims Estimation Motion"). A Claims Estimation Motion must set forth with particularly the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely-filed Claims Estimation Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, you shall not have a Ballot counted at all. The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing. Any such Claims Estimation Motion must be filed with the Court and served so that it is actually received by the Court, the following parties, and all other parties requesting or entitled to receive notice in these cases, on or before November 12, 2010 at 4:00 p.m. prevailing Eastern Time:

> The Debtors: (i) Hunton & Williams LLP, 1445 Ross Ave., Suite 3700, Dallas, TX 75202, attn: Gregory G. Hesse, Tel: (214) 979-3000, Fax: (214) 880-0011, and (ii) Pachulski Stang Ziehl & Jones LLP, North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, attn: Kathleen Makowski, Tel: (302) 652-4100, Fax: (302) 652-4400;

> The Creditors Committee: (i) Arent Fox LLP, 1675 Broadway, New York, NY 10019, attn: Andrew I. Silfen, Tel: (212) 484-3900, Fax: (212) 484-3990., and (ii) Elliott Greenleaf, 1105 Market St., Suite 1700, Wilmington, DE 19801, attn: Rafael X. Zahralddin-Aravena, Tel.: (302) 384-9400, Fax: (302) 384-9399; and

> The Office of the United States Trustee: 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, attn: T. Patrick Tinker, Tel.: (302) 573-6491, Fax: (302) 573-6497.

Any Claims Estimation Motion not filed and served as set forth above will be deemed waived and will not be considered by the Court.

Dated: ~~October~~November ___, 2010.

**PACHULSKI STANG ZIEHL & JONES LLP**

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:    ljones@pszjlaw.com
          joneill@pszjlaw.com

kmakowski@pszjlaw.com

-and-

**HUNTON & WILLIAMS LLP**

Gregory G. Hesse (Texas Bar No. 09549419)
Lynnette R. Warman (Texas Bar No. 20867940)
Jesse T. Moore (Texas Bar No. 24056001)
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 979-3000
Telecopy: (214) 880-0011
Email:        ghesse@hunton.com
              lwarman@hunton.com
              jtmoore@hunton.com

**ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION**

**EXHIBIT 3**
**(Class 3 H - Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST CONSOLIDATED HOLDCO**

This ballot (the "Ballot") is being sent to Holders of General Unsecured Claims against Accredited Home Lenders Holding Co. and Vendor Management Services, LLC (the "Class 3 H Claims"). If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

On ~~October 20,~~ November ___, 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") signed an order (the "Solicitation Order") which approved the *First Amended Disclosure Statement with Respect to the Debtors' First Amended Chapter 11 Plan of Liquidation* , dated September 15, 2010 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Debtors' First Amended Chapter 11 Plan of Liquidation* (as the same may be further amended or modified, the "Plan"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent. If you do not have a copy of the Plan or the Disclosure Statement, you may obtain a copy upon written request to Accredited Home Lenders c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, by going to the website at www.kccllc.net/accredited, or by calling (866) 967-1789. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 100, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Class 3 H Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 3 H CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "VOTING AGENT"). THE VOTING DEADLINE IS 4:00 P.M. PREVAILING PACIFIC TIME ON ~~NOVEMBER 30,~~DECEMBER 7, 2010.**

**ITEM 1.**   **CLASS 3 H CLAIMS AMOUNT. The undersigned certifies that as of October 21, 2010 (the "Record Date"), it held Class 3 H Claims in the below amount:**

$\qquad$ $_____$

**ITEM 2.**   **CLASS 3 H CLAIMS VOTE. The holder of the Class 3 H Claims that relate to this Ballot votes:**

▪ to ACCEPT the Plan          ▪ to REJECT the Plan

**ITEM 3.**   **OPTIONAL ELECTION TO BE TREATED AS A CLASS 6 H CONVENIENCE CLAIM.** If you voted to accept the Plan in Item 2, you may check this box if you elect to have your Class 6 H General Unsecured Claims against Consolidated Holdco reduced to $25,000 and to have your Claims treated as one Consolidated Holdco Convenience Claim. If the Plan is confirmed, upon the Effective Date, Holders Consolidated Holdco Convenience Claims will receive one distribution in cash equal to 75% of such Claims. This distribution will fully satisfy such Claims. Holders electing for this treatment shall not receive any further distributions under the Plan. By checking the box below, you irrevocably elect and consent to have your Claims allowed in an aggregate reduced amount not to exceed $25,000. **IF YOU OPT FOR THE CONVENIENCE CLASS ELECTION, YOU WILL BE AUTOMATICALLY DEEMED TO HAVE VOTED TO ACCEPT THE PLAN.**

▪ The undersigned elects to have the Class 3 H General Unsecured Claims against Consolidated Holdco to which this Ballot pertains treated as a Convenience Claim and acknowledges that any valid Claim to which this Ballot pertains shall be Allowed in an amount not to exceed $25,000. The undersigned also votes to accept the Plan.

**ITEM 4.**   **CERTIFICATION. By signing this Ballot, the holder of the Class 3 H Claims certifies that it:**

(a)      is the holder of the Claim or Claims to which this Ballot pertains;

(b) has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that it acknowledges that the vote set forth on this Ballot is subject to all

the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order;

(c)  has full power and authority to vote to accept or reject the Plan; and

(d)  has not submitted any other Ballots relating to the Claim or Claims to which this Ballot pertains that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
        (Print or Type)

Social Security Or Federal Tax I.D. No.:_____
        (Optional)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

---

**YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT, BY 4:00 P.M. PACIFIC TIME ON ~~NOVEMBER 30,~~ DECEMBER 7, 2010, OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

---

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.**

# VOTING INSTRUCTIONS

1.     All capitalized terms used in the ballot (the "Ballot") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.     Please read and follow these instructions carefully. You must transmit this Ballot to the Voting Agent by no later than 4:00 p.m. prevailing Pacific Time on ~~November 30,~~December 7, 2010, unless such time is extended (the "Voting Deadline"), or your Ballot will not be counted.

3.     In order for your vote to count, you must:

   a.     Complete Item 1;

   b.     Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c.     If you elect to have your Class 3 H General Unsecured Claim or Claims against Consolidated Holdco treated as a Convenience Claim, you will receive the cash distribution available to holders of Convenience Claims instead of a Pro Rata Share of interests in the Consolidated Holdco Liquidating Trust and distributions from the Consolidated Holdco Liquidating Trust, and your Claim or Claims will be reduced to one Claim in an amount not to exceed $25,000. To make this election, check the box in Item 3. Election to reduce the amount of your Claim or Claims in order to be eligible to have your Claim(s) treated as a Convenience Claim is at your option. By checking the box in Item 3, you irrevocably elect and consent to have any valid Claims to which this Ballot pertains Allowed in a reduced amount not to exceed $25,000. Further, by checking the box in Item 3, you accept the Plan, regardless of the box you checked in Item 2.

   d.     Review the certifications in Item 3;

   e.     Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

   f.     If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

4.     Return the completed Ballot to the Voting Agent in the preaddressed stamped envelope enclosed with this Ballot.

5.     If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

6.     If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before November ~~5,~~12, 2010, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularly the amount and classification of which

you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing.

7. If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot. However, if a holder of Claims casts Ballots received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

8. Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

9. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

10. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

11. This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

12. If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

13. PLEASE MAIL YOUR BALLOT PROMPTLY. FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.

**FOR MAILING PURPOSES, THE ADDRESS OF THE VOTING AGENT IS:**

ACCREDITED HOME LENDERS BALLOT PROCESSING
KURTZMAN CARSON CONSULTANTS LLC
2335 ALASKA AVENUE
EL SEGUNDO, CA 90245

**EXHIBIT 3**
**(Class 4 H - Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**BALLOT FOR HOLDER OF LSF-MRA, LLC CLAIMS AGAINST CONSOLIDATED HOLDCO**

This ballot (the "Ballot") is being sent to LSF-MRA, LLC, Holder of Unsecured Claims against Accredited Home Lenders Holding Co. (the "Class 4 H Claims"). If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

On ~~October 20,~~November ___, 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") signed an order (the "Solicitation Order") which approved the *First Amended Disclosure Statement with Respect to the Debtors' First Amended Chapter 11 Plan of Liquidation* , dated September 15, 2010 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Debtors' First Amended Chapter 11 Plan of Liquidation* (as the same may be further amended or modified, the "Plan"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent. If you do not have a copy of the Plan or the Disclosure Statement, you may obtain a copy upon written request to Accredited Home Lenders c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, by going to the website at www.kccllc.net/accredited, or by calling (866) 967-1789. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Class 4

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 100, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

H Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 4 H CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "VOTING AGENT"). THE VOTING DEADLINE IS 4:00 P.M. PREVAILING PACIFIC TIME ON NOVEMBER 30, DECEMBER 7, 2010.

ITEM 1.    CLASS 4 H CLAIMS AMOUNT. The undersigned certifies that as of October 21, 2010 (the "Record Date"), it held Class 4 H Claims in the below amount:

$ _____

ITEM 2.    CLASS 4 H CLAIMS VOTE. The holder of the Class 4 H Claims that relate to this Ballot votes:

. to ACCEPT the Plan        . to REJECT the Plan

ITEM 3.    CERTIFICATION. By signing this Ballot, the holder of the Class 4 H Claims certifies that it:

(a)    is the holder of the Claim or Claims to which this Ballot pertains;

(b) has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that it acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order;

(c) has full power and authority to vote to accept or reject the Plan; and

(d) has not submitted any other Ballots relating to the Claim or Claims to which this Ballot pertains that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
           (Print or Type)

Social Security Or Federal Tax I.D. No.: _____
           (Optional)

Signature: _____

By: _____
      (If Appropriate)

2

Title:_____
      (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

<div style="border:1px solid black">

**YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT, BY 4:00 P.M. PACIFIC TIME ON ~~NOVEMBER 30,~~DECEMBER 7, 2010, OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

</div>

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.**