IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACCREDITED HOME LENDERS HOLDING CO., et al [1] | ) ) | Case No. 09-11516 (MFW) |
| | ) ) | (Jointly Administered) |
| Debtors. | ) ) | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of ACCREDITED HOME LENDERS HOLDING, CO., et al., | ) ) ) ) ) | |
| | ) | Adv. Pro. No. 10-50980 (MFW) |
| Debtor-Plaintiff, v. | ) ) ) | |
| ACCREDITED MORTGAGE LOAN REIT TRUST, | ) ) ) ) | |
| Defendants. | ) | |

**NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON NOVEMBER 30, 2010 AT 11:30 A.M. PLEASE NOTE THAT THE HEARING WILL BE HELD BEFORE THE HONORABLE MARY F. WALRATH AT THE FOLLOWING LOCATION: 824 N. MARKET STREET, 5th FLOOR, COURTROOM NO. 4, WILM., DE**

<u>**CONTINUED OMNIBUS OBJECTIONS TO CLAIMS:**</u>

1. Debtors' First (Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S. C. Section 502(b) and Bankruptcy Rule 3007 (Docket No. 1042, 11/13/09)

    Related Documents:

    A. Revised Exhibit A Through C to the Proposed Order Regarding Debtors' First (Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S. C. Section 502(b) and Bankruptcy Rule 3007 (Docket No. 1082, 11/23/09)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 100, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

B.  Notice of Submission of Proofs of Claim Regarding Debtors First (Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007, Debtors Fifth (Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 and Debtors Seventh (Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 1218, 01/15/10)

Response Deadline: December 11, 2009 at 4:00 p.m.

Responses Received:

Status: This matter is fully resolved except for the claims of Norge & Madeleine Labrato (the "Labratos"). The hearing with respect to the Labratos claim is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

2.  Debtors' Fifth (Substantive and Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 1173, 12/21/09)

    Related Documents:

    A.  Notice of Submission of Proofs of Claim Regarding Debtors First (Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007, Debtors Fifth (Substantive and Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 and Debtors Seventh (Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 1218, 01/15/10)

    Response Deadline: January 20, 2010 at 4:00 p.m.

    Responses Received:

    Status: This matter is fully resolved except for the claim of New York State Department of Taxation and Finance. The hearing with respect to this claim is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

3.  Debtors' Seventh (Substantive) Pursuant to 11 U.S.C. Section 502(b) and Bankruptcy Rule 3007 (Docket No. 1175, 12/21/09)

    Related Documents:

    A.  Notice of Submission of Proofs of Claim Regarding Debtors First (Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007, Debtors Fifth (Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 and Debtors Seventh (Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 1218, 01/15/10)

B.  Notice of Submission of Proofs of Claim in Connection with Debtors' Seventh (Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 1391, 03/18/10)

Response Deadline: January 20, 2010 at 4:00 p.m.

Responses Received:

A.  Response of SPUSV5 Northcreek, LLC to Debtors' Seventh (Substantive) Pursuant to 11 U.S.C. Section 502(b) and Bankruptcy Rule 3007 (Docket No. 1940, 09/13/10)

Reply:

A.  Debtors' Reply to Response of SPUSV5 Northcreek, LLC to Debtors' Seventh (Substantive) Pursuant to 11 U.S.C. Section 502(b) and Bankruptcy Rule 3007 (Docket No. 2202, 11/23/10)

Status: This matter is fully resolved except for the claim of SPUSV5 Northcreek, LLC ("SPUSV5"). The hearing with respect to SPUSV5 is continued to the January 20, 2011 hearing at 10:30 a.m. (prevailing Eastern time).

4.  Debtors' Eighth (Substantive and Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 1303, 02/17/10)

Related Documents:

A.  Notice of Submission of Proofs of Claim in Connection with Debtors' Sixth (Non-Substantive) Omnibus Objection to Claims, Debtors' Eighth (Substantive and Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 [For Claims With No Responses] (Docket No. 1389, 03/18/10)

Responses:

A.  Motion to Allow Rescheduling of Hearing and Order Stopping all Discovery Until Hearing [Filed by Greg and Olga Johnson] (Docket No 1664, 06/18/10)

B.  Motion to Allow Judgment and Order Granting Claim for Non-Response by Debtor [Filed by Greg and Olga Johnson] (Docket No 1665, 06/18/10)

C.  Notice of Hearing on Greg and Olga Johnson's Motion for Judgment and Order Granting Claim for Non-Response by Debtor. Hearing scheduled for 7/21/2010 at 11:30 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #4, Wilmington, Delaware. (Docket No. 1666, 06/21/10).

D.  Notice of Hearing on Greg and Olga Johnson's Motion to Allow Rescheduling of Hearing and Order Stopping all Discovery Until Hearing. Hearing scheduled for 7/21/2010 at 11:30 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #4, Wilmington, Delaware. (Docket No. 1667, 06/21/10).

E.  [Signed] Order (Agreed) Granting Claimants Greg and Olga Johnson's Motion for Continuance and Denying as Moot Their Motion for Judgment (Docket No. 1838, 08/05/10

Response Deadline: May 10, 2010, at 4:00 p.m.

Replies Received:

A.  Objection to Motion for Judgment and Order Granting this Claim for Non Response by Accredited Home Lenders Holding Co., et al. (Docket No. 1682, 06/23/10)

Status: This matter is resolved or continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time) as reflected on Exhibit A.

5.  Debtors' Tenth (Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 1394, 03/22/10)

Related Documents:

A.  Notice of Submission of Proofs of Claim in Connection with Debtors' Tenth (Non-Substantive) Omnibus Objection to Claims and Debtors' Eleventh (Substantive and Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 1447, 04/07/10)

Response Deadline: April 14, 2010 at 4:00 p.m.

Responses Received:

Status: This matter is fully resolved except for the EA Boniakowski Agency, Inc. The hearing with respect to this claim is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

6.  Debtors' Twelfth (Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b0 and Bankruptcy Rule 3007 (Docket No. 1554, 5/20/10)

Response Deadline: Extended to October 13, 2010 at 4:00 p.m. for Financial Guarantee and Insurance Co., Alan M. Jacobs, Liquidating Trustee of the New Century Trust, Fidelity and Deposit Company of Maryland and US Bank National Association.

Responses Received:

Status: This matter is fully resolved except for the claims of Alan M. Jacobs as Liquidating Trustee of the New Century Liquidating Trust and Fidelity and Deposit of Maryland (the "Remaining Claims"). The hearing on the Remaining Claims is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

7. Debtors' Fourteenth (Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 1556, 05/20/10)

   Response Deadline: June 14, 2010 at 4:00 p.m. Response deadline extended to October 13, 2010 at 4:00 p.m. for Ocwen Loan Servicing LLC and HSBC Bank USA Nat. Assoc.

   Responses Received:

   A. Ocwen Loan Servicing, LLC's Response to Debtors' Fourteenth (Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 2017, 10/13/10)

   Status: This matter is fully resolved except for the claims of HSBC Bank USA, N.A. and Ocwen Loan Servicing (the "Remaining Claims"). The hearing on the Remaining Claims is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

**CONTINUED MATTERS:**

8. Motion of Kodiak CDO I, Ltd., Kodiak CDO II, Ltd., and JPMorgan Chase Bank, N.A. for Entry of an Order converting the Debtors' Chapter 11 Cases to Chapter 7 Cases Pursuant to 11 U.S.C. Section 1112 (b) (Docket No. 173, 06/19/09)

   Related Documents:

   A. Order (with additions of the Court) Granting Motion of Kodiak CDO I Ltd., Kodiak CDO II Ltd., and JPMorgan Chase Bank N.A. to Shorten Notice Regarding Motion for Entry of an Order converting the Debtors' Chapter 11 Cases to Chapter 7 Cases Pursuant to 11 U.S.C. Section 1112 (b) (Docket No. 191, 06/22/09).

   Response Deadline: June 30, 2009 at 12:00 Noon. The deadline for further responses has been extended to May 13, 2010 at 4:00 p.m.

   Responses Received:

   A. Joinder of Citigroup Global Realty Markets to the Motion of Kodiak CDO I, Ltd., Kodiak CDO II, Ltd., and JPMorgan Chase Bank, N.A. for Entry of an Order converting the Debtors' Chapter 11 Cases to Chapter 7 Cases Pursuant to 11 U.S.C. Section 1112 (b) (Docket No. 182, 06/22/09)

B.  Initial Objection of the Official Committee of Unsecured Creditors to Motion of Kodiak CDO I, Ltd., Kodiak CDO II, Ltd., and JPMorgan Chase Bank, N.A. for Entry of an Order converting the Debtors' Chapter 11 Cases to Chapter 7 Cases Pursuant to 11 U.S.C. Section 1112 (b) (Docket No. 183, 06/22/09)

C.  Debtors' Objection To Motion of Kodiak CDO I Ltd., Kodiak CDO II, Ltd. And JPMorgan Chase Bank, N.A. To Shorten Notice Regarding Motion To Shorten Notice Regarding Motion For Entry of An Order Converting the Debtors' Chapter 11 Cases to Chapter 7 Cases Pursuant to 11 U.S.C. Sec. 1112(b) (Docket No. 186, 06/22/09)

D.  Debtors' Objection to the Motion for Entry of an Order Converting the Debtors' Chapter 11 Cases to Chapter 7 Cases (Docket No. 212, 06/30/09)

E.  Objection of Lyle and Patricia Wroan to the Motion to Convert of Kodiak CDO, LTD, and JPMorgan Chase Bank, NA (Docket No. 216, 06/30/09)

F.  Preliminary Response of United States Trustee to Motion of Kodiak CDO I, Ltd., Kodiak CDO II, Ltd., and JPMorgan Chase Bank, N.A. for Entry of an Order converting the Debtors' Chapter 11 Cases to Chapter 7 (Docket No. 238, 07/01/09)

Status: The hearing on the this matter is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

9.  Debtors' Objection to Claims of the Department of Treasury Internal Revenue Service Claim Nos. 474 and 475 (Docket No. 1134, 12/08/09)

Related Documents: None.

Response Deadline: January 20, 2010 at 4:00 p.m.

Responses Received:

A.  United States Response to Debtors' Objection to Claims of the Department of Treasury Internal Revenue Service Claim Nos. 474 and 475 (Docket No. 1224, 01/20/10)

Status: The hearing on the this matter is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

10. Motion of The Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing, and Authority to Investigate and Prosecute Claims and Causes of Action on Behalf of the Committee, Debtors, and Debtors Estates and Settle Claims on Behalf of the Debtors Estates (Docket No. 1203, 01/06/10)

Related Documents:

A. [Signed] Order Approving Stipulation Concerning The Investigation, Assertion And Prosecution Of Certain Of The Debtors And Estates Subordination And Recharacterization Claims And Other Causes Of Action Against AHL Mortgage Loan REIT Trust (Docket No. 1306, 02/17/10)

B. [Signed] Order Approving Revised Stipulation Concerning The Investigation, Assertion And Prosecution Of Certain Of The Debtors And Estates Subordination And Recharacterization Claims And Other Causes Of Action Against AHL Mortgage Loan REIT Trust (Docket No. 1323, 02/19/10)

C. Re-Notice of Hearing on Motion of The Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing, and Authority to Investigate and Prosecute Claims and Causes of Action on Behalf of the Committee, Debtors, and Debtors Estates and Settle Claims on Behalf of the Debtors Estates (Docket No. 1507, 04/28/10)

Response Deadline: January 20, 2010 at 4:00 p.m. Deadline extended to September 1, 2010 at 4:00 p.m.

Responses Received:

A. Objection of Lone Star Creditors to Motion of the Official Unsecured Creditors Committee for Entry of an Order Granting Leave, Standing, and Authority to Investigate and Prosecute Claims and Causes of Action on Behalf of the Committee, Debtors, and Debtors Estates and Settle Claims on Behalf of the Debtors Estates (Docket No. 1529, 05/13/10)

B. Debtors' Objection to Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing, and Authority to Investigate and Prosecute Claims and Causes of Action on Behalf of the Committee, Debtors, and Debtors Estates and Settle Claims on Behalf of the Debtors Estates (Docket No. 1530, 05/13/10)

Status: The hearing on the this matter is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

11. Motion for Reconsideration from March 30, 2010 Order Disallowing Claims Filed By Carrie L. Luft and Denying as Moot Movant Luft's Motion for Relief From the Automatic Stay (Docket No. 1453, 04/09/10)

Response Deadline: June 14, 2010 at 4:00 p.m.

Status: The hearing on the this matter is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

12. Objection to Claim by Claimant(s) Deutsche Bank National Trust Company (Docket No. 1567, 05/21/10)

    Related Documents:

    A. Notice of Service [executed signature page for Declaration] (Docket No. 1589, 05/26/10)

    B. Notice of Submission of Proofs of Claim in Connection with Debtors' Objection to Claims Filed by Deutsche Bank National Trust Company Pursuant to 11 U.S.C. Section 502(b) and Bankruptcy Rule 3007 (Docket No. 1619, 06/9/10)

    Response Deadline: June 14, 2010 at 4:00 p.m. Response deadline extended to December 14, 2010 for Deutsche Bank National Trust Company

    Responses Received: None as of the date of this Notice of Agenda.

    Status: The hearing on the this matter is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

13. Debtors' Objection to Claims Filed By US Bank, N.A. Pursuant to 11 U.S.C. §502(b) and Bankruptcy Rule 3007 (Docket No. 1568, 05/21/10)

    Related Documents:

    A. Notice of Service [executed signature page for Declaration] (Docket No. 1590, 05/26/10)

    B. Notice of Submission of Proofs of Claim in Connection with Debtors' Objection to Claims Filed By Deutsche Bank National Trust Company Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 1618, 06/09/10)

    Response Deadline: June 14, 2010 at 4:00 p.m. Response deadline extended to November 23, 2010 for US Bank, N.A.

    Responses Received: None as of the date of this Notice of Agenda.

    Status: The hearing on the this matter is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

14. Motion for Relief from Stay Under Section 362(d) of the Bankruptcy Code and/or for Abstention, for Permission to Proceed on Claim Not Filed Before Bar Date, and to Compel Production of Insurance Information [Filed by Amos Twito] (Docket No. 1725, 07/09/10)

Related Documents: None.

Response Deadline: August 11, 2010 at 4:00 p.m. Extended to September 14, 2010 at 4:00 p.m. (prevailing Eastern time).

Responses Received: None as of the date of this Notice of Agenda.

Status: The hearing on the this matter is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

15. Objection to Claim by Claimant(s) Orange City SQ JV, LLC (Docket No. 2040, 10/19/10)

Response Deadline: November 23, 2010 at 4:00 p.m. Response deadline extended to December 14, 2010 at 4:00 p.m. for Orange City SQ JV, LLC

Responses Received: None as of the date of this agenda.

Status: The hearing on the this matter is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

**PENDING MATTER (UNDER ADVISEMENT):**

16. Debtors' Thirteenth (Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 1555, 05/20/10)

Related Documents:

A. Notice of Submission of Proofs of Claim in Connection with Debtors' Thirteenth (Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 1616, 06/09/10)

B. Declaration of Eugene C. Smalls (Docket No. 1661, 06/16/10).

Response Deadline: June 14, 2010 at 4:00 p.m.

Responses Received:

A. Unsecured Creditor Eugene C. Smalls' Reply to Debtors' Thirteenth (Substantive) Omnibus Objection to Claims (Docket No. 1636, 06/14/10)

Replies:

A. Debtors' Post-Hearing Brief Regarding Claims of Eugene C. Smalls (Docket No. 1726, 07/09/10)

Status: The Debtors' objection to the claims of Eugene C. Smalls is taken under advisement.

## HEARING ON DISCLOSURE STATEMENT AND RELATED MOTION (CONTINUED):

17. Debtors' Motion for Order (I) Approving the Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan; (III) Establishing Deadline and Procedures for Filing Objections; (IV) Approving Publication Notice Regarding the Plan and Other Deadlines; and (V) Granting Related Relief (Docket No. 1975, 09/24/10)

    Related Documents:

    A. First Amended Chapter 11 Plan of Liquidation (Docket Nos. 2103, 09/15/10)

    B. Second Amended Disclosure Statement with Respect to the Debtor's First Amended Chapter 11 Plan of Liquidation (Docket No. 2145, 11/05/10)

    C. [Blackline] Second Amended Disclosure Statement With Respect to the Debtors' First Amended Chapter 11 Plan of Liquidation (Docket No. 2146, 11/05/10)

    D. [Blackline] First Amended Chapter 11 Plan of Liquidation (Docket No. 2104, 10/29/10)

    E. First Amended Disclosure Statement with Respect to the Debtor's First Amended Chapter 11 Plan of Liquidation (Docket No. 2105, 10/29/10)

    F. [Blackline] First Amended Disclosure Statement with Respect to the Debtor's First Amended Chapter 11 Plan of Liquidation (Docket No. 2106, 10/29/10)

    G. Debtors' Chapter 11 Plan of Liquidation (Docket Nos. 1946, 09/15/10)

    H. Disclosure Statement with Respect to the Debtors' Chapter 11 Plan of Liquidation (Docket Nos. 1947, 09/15/10)

    I. Notice of Hearing on Disclosure Statement and Objection Deadline (Docket No. 1948, 09/16/10)

    J. Amended Notice of Hearing on Disclosure Statement Originally Scheduled for October 20, 2010 at 4:00 P.M. now Adjourned to November 2, 2010 at 10:30 a.m. (Docket No. 2023, 10/15/10)

    K. Debtors' Emergency Motion to Restrict Public Access to Response to Disclosure Statement With Respect to the Debtors' Chapter 11 Plan of Liquidation Filed By David Osborn and Bart A. Brown, Jr. (Docket No. 2086, 10/27/10)

    L. Notice of Second Revised Proposed Order (I) Approving the Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes

to Accept or Reject the Plan; (III) Establishing Deadline and Procedures for Filing Objections; (IV) Approving Publication Notice Regarding the Plan and Other Deadlines; and (V) Granting Related Relief (Docket No. 2089, 10/28/10)

Response Deadline: October 14, 2010 at 4:00 p.m. Extended to October 28, 2010 at 4:00 p.m. for Kodiak CDO I, Ltd., Kodiak CDO II, Ltd. and the Lone Star Creditors.

Responses Received:

A. Objection to October 20, 2010 Hearing and Improper Notice (Docket No. 1987, 09/29/10)

B. Objection of Pamela J. Peerce-Landers and Bruce K. Landers to Debtors' Chapter 11 Plan of Liquidation (Docket No. 2018, 10/14/10)

C. Response to Disclosure Statement with Respect to the Debtors' Chapter 11 Plan of Liquidation [Filed by David Osborn and Bart A. Brown, Jr.] (Docket No. 2081, 10/27/10)

D. Objection by Pamela J. Peerce-Landers and Bruce K. Landers to Second Amended Disclosure Statement with Respect to the Debtor's First Amended Chapter 11 Plan of Liquidation (Docket No. 2185, 11/15/10)

E. Informal response from Audrey Mutchnik

F. Informal response from the United States Trustee

G. Informal response from Wells Fargo in its capacity as indenture trustee for the Trust Preferred Notes

H. Informal response from the Official Committee of Unsecured Creditors

Status: The hearing on the this matter is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time). The Debtors will announce the continuance in Court.

18. Debtors' Emergency Motion to Restrict Public Access to Response to Disclosure Statement With Respect to the Debtors' Chapter 11 Plan of Liquidation Filed By David Osborn and Bart A. Brown, Jr. (Docket No. 2086, 10/27/10)

Related Documents:

A. Response to Disclosure Statement with Respect to the Debtors' Chapter 11 Plan of Liquidation [Filed by David Osborn and Bart A. Brown, Jr.] (Docket No. 2081, 10/27/10)

B.  Notice of Hearing Debtors' Emergency Motion to Restrict Public Access to Response to Disclosure Statement With Respect to the Debtors' Chapter 11 Plan of Liquidation Filed By David Osborn and Bart A. Brown, Jr. (Docket No. 2095, 10/28/10)

Response Deadline: November 1, 2010 at 12:00 Noon.

Responses Received:

A.  Response to Debtors' Emergency Motion to Restrict Public Access to Response of David Osborn and Bart A. Brown, Jr. to Debtors' Disclosure Statement and Chapter 11 Plan of Liquidation (Docket No. 2120, 11/01/10)

B.  Objection to Debtors Emergency Motion to Restrict Public Access to Response to Disclosure Statement With Respect to Responses to Debtors' Chapter 11 Plan of Liquidation Filed By David Osborn and Bart A. Brown, Jr. (Docket No. 2127, 11/01/10)

Status: The hearing on the this matter is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

## ADVERSARY PROCEEDINGS (CONTINUED):

19. Official Committee of Unsecured Creditors v. Accredited Mortgage Loan REIT Trust (Adv. Pro. No. 10-50980)

    Contested Matters:

    A.  Motion to Intervene in Adversary Proceeding (Docket No. 16, 06/28/10)

    B.  Motion for Standing to Assert Claims of Accredited Home Lenders Holdings Co. [Filed by JPMorgan Chase Bank, N.A., Kodiak CDO I, Ltd., Kodiak CDO II, Ltd.] (Docket No. 29, 09/02/10)

    C.  Motion for Clarification and Reconsideration [Filed by JPMorgan Chase Bank, N.A., Kodiak CDO I, Ltd., Kodiak CDO II, Ltd.] (Docket No. 34, 09/10/10)

    Related Documents:

    A.  [Signed] Order Staying Adversary Proceeding (Docket No. 32, 09/07/10)

    B.  Stipulation Extending Stay of Adversary Proceeding (Docket No. 41, 10/14/10)

    Responses Received:

A.  Opposition of the Official Committee of Unsecured Creditors to Kodiak CDO I, Ltd., Kodiak CDO II, Ltd., and JPMorgan Chase Bank, N.A.'s Motion to Intervene in Adversary Proceeding (Docket No. 21, 08/10/10)

B.  Objection of the Official Committee of Unsecured Creditors to Kodiak CDO I, Ltd., Kodiak CDO II, Ltd. and JP Morgan Chase Bank, N.A.'s Motion for Clarification and Reconsideration (Docket No. 35, 09/16/10)

C.  Opposition of the Official Committee of Unsecured Creditors to Kodiak CDO I, Ltd., Kodiak CDO II, Ltd., and JPMorgan Chase Bank, N.A. Motion for Standing to Assert Claims of Accredited Home Lenders Holdings Co. (Docket No. 36, 09/16/10)

Replies Received:

A.  Reply Brief on Motion to Intervene in Adversary Proceeding [Filed by JPMorgan Chase Bank, N.A., Kodiak CDO I, Ltd., Kodiak CDO II, Ltd.] (Docket No. 26, 09/01/10

Status: The hearing on the this matter is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time).

## UNCONTESTED MATTER WITH CERTIFICATION OF COUNSEL:

20. Objection to Claim by Claimant(s) Sovereign Bank's Claim No. 170 Pursuant to 11 U.S.C. Section 502(b) and Bankruptcy Rule 3007 (Docket no. 2056, 10/21/10)

Related Documents:

A.  Certification of Counsel Regarding Order Approving Stipulation Resolving Debtors' Objection to Proof of Claim No. 170 Filed by Sovereign Bank Pursuant to 11 U.S.C. Section 502(b) and Bankruptcy Rule 3007 (Docket No. 2190, 11/17/10)

Response Deadline: November 23, 2010 at 4:00 p.m.

Responses Received: None as of the date of this agenda.

Status: The parties have resolved this matter and a certification of counsel approving the stipulation resolving the Debtors' objection has been filed and submitted to the Court.

## OMNIBUS OBJECTION GOING FORWARD:

21. Debtors' Nineteenth (Substantive and Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 2055, 10/21/10)

Related Documents:

A. Corrected Exhibit D (Docket No. 2195, 11/19/10)

B. Notice of Submission of Proofs of Claim in Connection with Debtors' Nineteenth (Substantive and Non-Substantive) Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (Docket No. 2205, 11/23/10)

Response Deadline: November 23, 2010 at 4:00 p.m.

Responses Received:

A. Informal response from Joelene Jackson.

B. Informal response from Kodiak CDO I Ltd and Kodiak CDO II Ltd.

C. Informal response from Michael Seigel

Status: The hearing on the objection to the claim of Joelene Jackson, the claim of Michael Seigel and the claim of Kodiak CDO I Ltd and Kodiak CDO II Ltd. is continued to the December 21, 2010 hearing at 10:30 a.m. (prevailing Eastern time). This matter is going forward for those claimants who did not respond to the objection.

Dated: November 24, 2010

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
kmakowski@pszjlaw.com

-and-

HUNTON & WILLIAMS LLP
Gregory G. Hesse (Texas Bar No. 09549419)
Lynnette R. Warman (Texas Bar No. 20867940)
Jesse T. Moore (Texas Bar No. 24056001)
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 979-3000
Telecopy: (214) 880-0011
Email:    ghesse@hunton.com
            lwarman@hunton.com
            jtmoore@hunton.com

Attorneys For The Debtors And Debtors In Possession

# EXHIBIT A
## Responses To The Debtors' Eighth Omnibus Objection To Claims

| Claimant | Response | Status |
|---|---|---|
| Barbara H. Katz | Informal | Continued to December 21, 2010 at 10:30 a.m. (prevailing Eastern time) |
| Lyle and Patricia Wroan | D.I. #1347 | Continued to December 21, 2010 at 10:30 a.m. (prevailing Eastern time) |
| Greg and Olga Johnson | D.I. #1357 | Continued to December 21, 2010 at 10:30 a.m. (prevailing Eastern time) |
| Christopher Kearns | D.I. #1358 | Continued to December 21, 2010 at 10:30 a.m. (prevailing Eastern time) |
| Luna Walker | D.I. #1359 | Disallowed. Order entered [D.I. #1523] |
| Karla Brown | D.I. #1362 | Continued to December 21, 2010 at 10:30 a.m. (prevailing Eastern time) |
| Norma Graham | D.I. #1363 | Continued to December 21, 2010 at 10:30 a.m. (prevailing Eastern time) |
| Jacquez V. Erni | Informal | Continued to December 21, 2010 at 10:30 a.m. (prevailing Eastern time) |
| Myra Ciardi | Informal | Ordered entered [Docket No. 1921] |
| Mr. and Mrs. Frissora | Informal | Continued to December 21, 2010 at 10:30 a.m. (prevailing Eastern time) |
| Bowers W. Espy | Informal | Resolved. Order entered [D.I. #1420] |
| Gary M. Erickson | Informal | Resolved. Order entered [D.I. #1420] |
| David Hertzel | Informal | Resolved. Order entered [D.I. #1420] |
| James A. Konrath | Informal | Resolved. Order entered [D.I. #1420] |
| Joseph J. Lydon | Informal | Resolved. Order entered [D.I. #1420] |
| Stuart D. Marvin | Informal | Resolved. Order entered [D.I. #1420] |
| Jeffrey W. Crawford | Informal | Resolved. Order entered [D.I. #1420] |
| John S. Buchanan | Informal | Resolved. Order entered [D.I. #1420] |
| Richard T. Pratt | Informal | Resolved. Order entered [D.I. #1420] |
| Jody A. Gunderson | Informal | Resolved. Order entered [D.I. #1420] |
| James H. Berglund | Informal | Resolved. Order entered [D.I. #1420] |
| Residential Home Funding | Informal | Resolved. Order entered [D.I. #1510] |