## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **ACCREDITED HOME LENDERS, INC.,**[1] | ) | Case No. 09 11516-MFW |
| **a California Corporation, et al.** | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

## SECOND SUPPLEMENTAL DECLARATION OF MEADE MONGER OF AP SERVICES, LLC AS CHIEF RESTRUCTURING OFFICER TO THE DEBTORS AND DEBTORS IN POSSESSION

I, Meade Monger, of AP Services, LLC makes this Declaration pursuant to 28 U.S.C. § 1746 and states:

1.     I am a Managing Director of AlixPartners, LLP ("AlixPartners"), an affiliate of AP Services, LLC ("APS"), which maintains offices at 2000 Town Center, Suite 2400, Southfield, Michigan 48075.

2.     I am authorized to execute this declaration on behalf of APS. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

3.     On May 12, 2009, I executed my original declaration (the "Original Declaration"), in support of the application (the "Application"), dated May 15, 2009, of Accredited Home Lenders, Inc. and its affiliated debtors and debtors in possession (collectively,

---

[1] The affiliated debtors and debtors-in-possession are Accredited Home Lenders Holding Co., a Delaware corporation, Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company, Inzura Insurance Services, Inc., a Delaware corporation, and Windsor Management Company, d/b/a AHL Foreclosure Services Company, a Washington corporation.

the "Debtors") in the above-captioned chapter 11 cases (collectively, the "Bankruptcy Case") for an order, pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to retain and employ APS and to designate Meade Monger and Michael Murphy as Chief Restructuring Officer and Chief Administrative Officer, respectively.

4.   This Court entered an order (the "Order") granting the Application and approving the employment of APS as crisis managers to, and Mr. Monger and Mr. Murphy as officers for the Debtors, on July 2, 2009 (Docket No. 282).

5.   This Second Supplemental Declaration is submitted as a supplement to the Original Declaration in order to provide continuing disclosures. Accordingly, APS makes the disclosures set forth below.

6.   Bearing Point, Inc. Liquidating Trust ("BP"), a claim transferor of the Debtors, is a current client of AlixPartners. Neither AlixPartners nor APS will represent BP in connection with this case.

7.   Dupont Capital Management, a REIT party in this Bankruptcy Case, is a former client of AlixPartners.

8.   Locke Lord Bissell & Liddell, a claim transferor of the Debtors, is co-counsel to a former AlixPartners client and is a professional-in-interest to current AlixPartners clients.

9.   Hunton & Williams, LLP provides periodic immaterial legal services to AlixPartners in unrelated matters.

10.   In January of 2010, APS disclosed to the Debtors, their bankruptcy counsel, the Official Committee of Unsecured Creditors (the "Committee") and their counsel, that APS was employed by Bi-Lo, Inc. ("Bi-Lo") as crisis managers in Bi-Lo's unrelated chapter 11 bankruptcy proceeding. Lone Star Fund V (U.S.), L.P. ("Fund V"), LSF V International

Finance, L.P. or their affiliated investment companies (the "Lone Star Entities") held and hold equity in Bi-Lo. Hudson Advisors, L.L.C. acted as manager of the Lone Star Entities' interests in Bi-Lo. Neither the Debtors, the Committee nor their respective counsel raised any concerns regarding APS' employment by Bi-Lo in an unrelated proceeding,

11. In addition, LSF5 Bi-Lo Investments, LSF5 Bruno's, and Lone Star Acquisition, Inc., which upon information and belief are affiliates of the Lone Star Entities, are counterparties to contracts with Bi-Lo. Fund V is the ultimate parent company of the equity holders of the Debtors and/or is affiliated with parties in interest to the Debtors, including LSF5 Mortgage Line, LLC, LSF MRA, LSF5 Affiliate Finance, LLC, LSF5 Accredited Investments, Vericrest Financial, Inc., Caliber Funding LLC and Hudson Advisors, L.L.C. While APS does not believe the relationships set forth in paragraphs 7 and 8 have any bearing on APS' employment by the Debtors in this case, APS makes this disclosure out of an abundance of caution. Neither APS nor AlixPartners have previously represented the Lone Star Entities or their affiliated investment or management companies.

12. Bart Brown, who filed a letter on October 27, 2010 with this Court, purportedly objecting to the Debtors' Disclosure Statement (the "Letter"),[2] is a former employee of AlixPartners. Mr. Brown was engaged by AlixPartners on or about March 19, 2009 to provide services to AlixPartners on limited engagements, including, without limitation, in connection with the Debtors. Mr. Brown ceased to be employed by AlixPartners as of November 10, 2009. Mr. Brown was not involved in the extensive investigations, negotiations and other developments in the Bankruptcy Case that led to a settlement by and among the Debtors and

---

[2] APS and AlixPartners submit that the Letter contains numerous factual inaccuracies and misstatements, as well as confidential information of the Debtors in violation of Mr. Brown's obligations of confidentiality pursuant to written agreements with AlixPartners. APS and AlixPartners reserve all of their rights in connection with such agreements.

certain parties in interest in September 2010. Other than Mr. Brown's former employment by AlixPartners, neither AlixPartners nor APS is aware of any relationship between Mr. Brown and the Debtors.

13.     APS continues to submit that it holds no adverse interest as to the matters for which it has been employed by the Debtors. APS reserves the right to supplement this Declaration in the event that APS discovers any facts regarding matters described in this Declaration or otherwise bearing on APS' employment with the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

_____
MEADE MONGER
Authorized Representative
AP Services, LLC

Executed this 6th day of December, 2010