# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (III) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS; (IV) APPROVING PUBLICATION NOTICE REGARDING THE PLAN AND OTHER DEADLINES; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for the entry of an order, pursuant to §§ 1125 and 1126 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 3016, 3017, and 3020, and Local Rules 3017-1(a) and 3017-1(b), (i) approving the Disclosure Statement, as amended, as containing "adequate information" as that term is defined in § 1125(a)(1) of the Bankruptcy Code; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (a) approving the form and manner of the Solicitation Packages, (b) approving the form and manner of notice of the Confirmation Hearing, (c) establishing a record date and approving procedures for distributing Solicitation Packages,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

[2] Unless otherwise defined in herein, all capitalized terms shall have the respective meanings ascribed to them in the Motion.

(d) approving the forms of Ballots, (e) establishing the deadline for the receipt of Ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing the deadline and procedures for filing objections to confirmation of the Plan, including the third-party creditor, interest holders and other parties releases and waivers provided under the Plan; (iv) granting related relief; and it appearing that adequate and sufficient notice of the Motion has been given under the circumstances; and it further appearing that adequate and sufficient notice pursuant to Bankruptcy Rule 2002(b) of the hearing to approve the Disclosure Statement has been given; and it further appearing that that the contents of the solicitation packages comply with Bankruptcy Rules 2002 and 3017 and § 1125 of the Bankruptcy Code, constitute sufficient notice to all interested parties and is appropriate and reasonable under the circumstances for creditors to make an informed decisions to accept or reject the Plan; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Disclosure Statement, as most recently amended, is approved as containing adequate information within the meaning of § 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Disclosure Statement not otherwise withdrawn with prejudice or consensually resolved are overruled.

3.      The Debtors shall mail or caused to be mailed to the Voting Parties no later than April 8, 2011, a solicitation package containing:  (i) written notice (the "Confirmation Hearing Notice"), substantially in the form annexed hereto as Exhibit 1, of (a) the Court's approval of the

Disclosure Statement, (b) the deadline for voting on the Plan, (c) the date of the Confirmation Hearing, and (d) the deadline and procedures for filing objections to confirmation of the Plan, which Confirmation Hearing Notice is approved; (ii) the Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (iii) the Disclosure Statement, substantially in the form approved by the Court (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (iv) the appropriate Ballot (substantially in the form annexed hereto as Exhibit 3) and ballot return envelope; (v) a letter from the Committee substantially in the form of the letter attached to the *Notice of Filing of Form of Plan Support Letter by Creditors Committee*, Docket No. 2507; (vi) an official Internal Revenue Service W-9 Form or W-4, as applicable (substantially in the forms annexed hereto as Exhibit 4); and (vii) such other information as the Court may direct or approve (collectively, the "Solicitation Package"). The Solicitation Package is approved as described above. The Solicitation Package and the manner of service of the Solicitation Package satisfies the requirements of Bankruptcy Rule 3017(d).

4. With respect to Solicitation Packages to be distributed to Holders of Claims in Class 8 H, the Debtors shall distribute or cause to be distributed Solicitation Packages, including Ballots, to record Holders of the securities in that class, including without limitation, brokers, banks, commercial banks, trust companies, dealers, other agents or nominees, or their mailing agents, or such other person or entity agreed to by the Debtors (collectively, the "Voting Nominees"), and each Voting Nominee shall be entitled to receive reasonably sufficient numbers of Solicitation Packages (including Beneficial Ballots) to distribute to the beneficial owners of the Claims for whom such Voting Nominee acts (including the Trust Preferred Holders) (collectively, the "Beneficial Owners"), and, upon request, the Debtors shall be responsible for each such Voting Nominee's documented, reasonable, actual, and customary out-of-pocket

DOCS_DE:168822.1

expenses associated with the distribution of the Solicitation Packages to the Beneficial Owners of such Claims and Interests, the tabulation of the Beneficial Ballots, and the completion of Master Ballots.

5.      The Debtors are authorized to distribute or cause to be distributed Master Ballots to the Voting Nominees in Class 8 H in accordance with customary procedures.

6.      Each Voting Nominee is required to forward the Solicitation Packages to Beneficial Owners, receive returned Ballots from the Beneficial Owners, tabulate the results according to the instructions set forth in the Master Ballots, return such results in a Master Ballot, and retain the underlying Ballots received from the Beneficial Owners for inspection for a period of one year following the Voting Deadline (defined below).

7.      In order to cast its vote, the Beneficial Owner should return its Beneficial Ballot to the Voting Nominee so that it is received by the Voting Nominee no later than three (3) business days prior to the Voting Deadline.

8.      A transferee of a scheduled claim shall be entitled to receive a solicitation package only if all actions necessary to comply with Bankruptcy Rule 3003(e) have been completed by the Record Date.  Where a claim is transferred after the transferor has completed a Ballot, the transferee of such claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the holder of such transferred claim as of the Record Date.

9.      The Debtors shall mail or cause to be mailed to each of the known counterparties to the Rejected Executory Contracts a Confirmation Hearing Notice as well as copies of the Disclosure Statement and the Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion).

10.     The Debtors are not required to transmit a Solicitation Package to the Non-Voting Parties.[3]  By April 8, 2011, the Debtors shall mail or cause to be mailed to each Non-Voting Party the Non-Voting Creditor Notice substantially in the form attached hereto as <u>Exhibit 2</u>.

11.     The Debtors are not required to transmit any notices to persons or entities who were not scheduled as creditors and who have not filed proofs of claims as of the Record Date, regardless of whether such persons or entities have received other notices in these cases.

12.     Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the Bar Dates in substantially the form attached hereto as <u>Exhibit 5</u> (the "Publication Notice") once, in the national edition of *The Wall Street Journal* at least 25 days prior to the Confirmation Objection Deadline, which publication is hereby approved and, if the Plan is approved, shall be deemed good, adequate and sufficient publication notice of the Confirmation Hearing, the Confirmation Objection Deadline, the Administrative Claims and Rejection Claims Bar Dates, and the Plan's automatic subordination of all Claims that were not filed by the applicable bar dates, unless and until the Court enters an order allowing such Claims.

13.     April 1, 2011 at noon, prevailing Pacific Time, is established as the record date (the "<u>Record Date</u>") for the purposes of determining the creditors and interest holders entitled to receive the Solicitation Package and to vote on the Plan, and for the purpose of determining the creditors and interest holders entitled to receive the Non-Voting Creditor Notice.

---

[3] [3]The Non-Voting Parties include (i) Unimpaired Creditors holding Administrative Claims, Priority Tax Claims, Secured Claims in Classes 1 H and 1 C, and Priority Claims Claims in Classes 2 H and 2 C, (ii) the holders of claims in the Deemed Rejecting Classes, namely of Subordinated Claims in Classes 8 H, 9 H, and 7 C, and Interests in Classes 10 H and 8 C, and (iii) the holders of Disallowed and Unallowed Claims, namely, Claims that (i) have been disallowed in full, (ii) are the subject of a pending objection seeking to disallow them in full, (iii) were scheduled as liquidated, contingent, or disputed without a timely proof of claim being filed relating to such potential Claim, or (iv) were not timely filed and not otherwise allowed by agreement or Order of the Court, unless and until the Court enters an order permitting such claims to vote.

14. Each Ballot will state the amount of the Creditor's allowed claim as of the Record Date.

15. Kurtzman Carson Consultants, LLC ("KCC") shall tabulate the ballots and certify to the Court the results of the balloting.

16. The Debtors are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Creditor Notices to addresses and entities to which the notice of the Disclosure Statement Hearing was returned by the United States Postal Service as undeliverable, unless the Debtors are provided with an accurate address.

17. The Ballots, substantially in the form annexed hereto as <u>Exhibit 3</u>, are hereby approved.

18. All Ballots must be properly executed, completed and delivered to the Voting Agent at Accredited Home Lenders Ballot Processing, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, so that the Ballots are actually received on or before **May 9, 2011 at 4:00 p.m. (prevailing Pacific Time)** (the "<u>Voting Deadline</u>"), unless extended by the Debtors. Ballots cast by facsimile, email or other electronic transmission will not be counted unless approved in advance by the Debtors in writing.

19. For purposes of voting on the Plan, the amount of a claim held by a creditor shall be determined pursuant to the following guidelines:

    a. The amount of the Claim listed in a Debtor's schedule of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined or disputed, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law).

    b. The noncontingent and liquidated amount specified in a proof of claim timely filed with the Court or KCC (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of claim is not the subject of an objection, or an objection by the Debtor to a claim amount solely for voting purposes, filed no later than April 8, 2011 (the "<u>Vote Objection Deadline</u>") (or, if such claim has

6

been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

c.    The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is brought, notice is provided and a hearing is held at or prior to the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

d.    Except as otherwise provided in subsection (c) hereof, with respect to ballots cast by alleged creditors whose Claims (i) are not listed on a Debtor's schedule of liabilities, or (ii) are listed as disputed, contingent and/or unliquidated on a Debtor's schedule of liabilities, but who have timely filed proofs of claim in wholly unliquidated or unknown amounts that are not the subject of an objection filed before the Vote Objection Deadline, such ballots shall be counted as votes in determining whether the numerosity requirement of § 1126(c) of the Bankruptcy Code has been met, but shall not be counted in determining whether the aggregate claim amount requirement has been met.

20.    If a creditor casts a ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the Court under applicable law), but the creditor's claim is the subject of an objection (either generally to the applicable claim, or solely for purposes of determining the amount of the applicable claim for voting purposes) filed no later than the Vote Objection Deadline, then the creditor's ballot shall not be counted, unless such claim is temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after a Claims Estimation Motion is brought by such creditor, notice is provided and a hearing is held at or prior to the Confirmation Hearing. Notwithstanding the foregoing, if an objection to a claim requests that such claim be reclassified and/or allowed in a fixed, reduced amount, then such claimant's ballot shall be counted as if such objection had been sustained, and if an objection to a claim requests that such claim be disallowed against certain Debtors and allowed against a different Debtor, then such claimant's ballot shall be counted as if such objection had been sustained.

21.    Creditors seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) (and without prejudice to the

rights of the Debtors in any other context) must file and serve notice of a hearing on, and a Claims Estimation Motion, no later than **April 15, 2011**.  The Court will schedule a hearing on such Claims Estimation Motion to be heard at or prior to the Confirmation Hearing.  If a Claims Estimation Motion is timely filed, the Debtors shall be required to send a provisional ballot to such claimant (unless such claimant has already been provided with a ballot).

22.     The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.      For purposes of the numerosity requirement of § 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

b.      Creditors must vote all of their Claims within a particular class either to accept or reject the Plan and may not split their vote.  Accordingly, a ballot (or multiple ballots with respect to multiple Claims within a single class) that partially rejects and partially accepts the Plan will be counted as accepting the Plan.

c.      Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will counted as accepting the Plan.

d.      Only ballots that are timely received with original signatures will be counted.  Unsigned ballots will not be counted.

e.      Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

f.      Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

g.      Whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, the last ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior ballots.

h.      If a creditor simultaneously casts inconsistent duplicate ballots, with respect to the same claim, the ballot rejecting the Plan shall not be counted.

i.      Creditors who select both Convenience Class treatment and opt in to Classes 3 H, 4 H, 3 C, or 4 C will deemed to have made the Consolidated Debtors or Consolidated Holdco Convenience Class Election, as applicable.

8

j. Each creditor shall be deemed to have voted the full amount of its claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Voting Agent and the Debtors, which determination shall be final and binding.

23. With respect to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners, the amount that will be used to tabulate acceptance or rejection of the Plan will be the principal amount held by such Voting Nominees and Beneficial Owners as of the Record Date. The following additional rules apply to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners:

a. Votes cast by Beneficial Owners through a Voting Nominee will be applied against the positions held by such entities in the applicable security of the Debtors as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the applicable securities held by such Voting Nominee.

b. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the applicable Voting Nominees.

c. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

d. Where a Beneficial Owner holds securities through more than one Voting Nominee, it must execute a separate Ballot for each block of debt securities owned by such Beneficial Owner. However, such Holder must vote all of its Claims in each Class in the sane manner, to either accept or reject the Plan. Accordingly, if such Holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted.

24. Parties opposing the Plan, including the Plan's provisions relating to the releases of various claims amongst the Debtors, certain creditors, and certain parties-in-interest and the Plan's provisions relating to the Plan's waiver of various contractual subordination and

subrogation rights, must file a timely objection to the confirmation of the Plan in accordance with this Order..  Any objection, comment or response to confirmation of the Plan (including any supporting memoranda) must (a) be in writing, (b) state the name and address of the objecting party and the nature of the claim or interest of such party, (c) state with specificity the legal and factual bases for and nature of any objection to the Plan, and (d) be served on the parties identified below, and filed with the Court, together with proof of service, such that the foregoing are received by such parties and the Court on or before **May 9, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline").  The Court shall consider only timely filed written objections that comply with the terms of this Order.  All objections to the Plan and its provisions, including its releases and waivers, that are not timely filed and served in accordance with the provisions of this Motion are hereby deemed waived.  Objections to confirmation of the Plan should provide proposed language to remedy such objections and shall be served on the following parties:

> The Debtors:  (i) Hunton & Williams LLP, 1445 Ross Ave., Suite 3700, Dallas, TX 75202, attn: Gregory G. Hesse, Tel: (214) 979-3000, Fax: (214) 880-0011, and (ii) Pachulski Stang Ziehl & Jones LLP, North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE  19899-8705, attn: Kathleen Makowski, Tel: (302) 652-4100, Fax: (302) 652-4400;

> The Creditors Committee:  (i) Arent Fox LLP, 1675 Broadway, New York, NY 10019, attn: Andrew I. Silfen, Tel: (212) 484-3900, Fax: (212) 484-3990., and (ii) Elliott Greenleaf, 1105 Market St., Suite 1700, Wilmington, DE  19801, attn: Rafael X. Zahralddin-Aravena, Tel.: (302) 384-9400, Fax:  (302) 384-9399; and

> The Office of the United States Trustee: 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, attn: T. Patrick Tinker, Tel.: (302) 573-6491, Fax: (302) 573-6497.

25.    Any party supporting the Plan shall be afforded an opportunity to file a response to any objection to confirmation of the Plan, prior to the Confirmation Hearing.

26.     A hearing shall be held before this Court on **May 19, 2011 at 10:30 a.m. (prevailing Eastern time)**, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 5th Floor, Wilmington, Delaware 19801, or as soon thereafter as counsel can be heard, to consider confirmation of the Plan (the "Confirmation Hearing").

27.     The Confirmation Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest, other than an announcement of the adjourned date at the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors.

28.     Prior to mailing the Disclosure Statement, Solicitation Packages, Non-Voting Creditor Notices, or the Cure Notice, the Debtors may fill in any missing dates and other information, correct any typographical errors and make such other non-material, non-substantive changes as they deem appropriate.

29.     The Debtors are authorized to take or refrain from taking an action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further Order of the Court.

30.     This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.


Wilmington, Delaware
Date: March _____, 2011        _____
                                         The Honorable Mary F. Walrath
                                         United States Bankruptcy Judge

<u>**EXHIBIT 1**</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**NOTICE OF (i) APPROVAL OF DISCLOSURE STATEMENT, (ii) DEADLINE
FOR VOTING ON THE DEBTORS' THIRD AMENDED CHAPTER 11 PLAN OF
LIQUIDATION, (iii) HEARING TO CONSIDER CONFIRMATION OF THE PLAN,
AND (iv) LAST DATE AND PROCEDURES FOR FILING OBJECTIONS TO
<u>CONFIRMATION OF THE PLAN</u>**

TO:     ALL HOLDERS OF CLAIMS IN CLASSES 3 H, 4 H, 5 H, 6 H, 7 H, AND 8 H, AND
CLASSES 3 C, 4 C, 5 C, 6 C, AND 7 C, AND CERTAIN OTHER PARTIES

**PLEASE TAKE NOTICE THAT IF THIS NOTICE IS ACCOMPANIED BY A BALLOT, YOUR
VOTE IS BEING SOLICITED IN CONNECTION WITH THE THIRD AMENDED CHAPTER
11 PLAN OF LIQUIDATION (THE "<u>PLAN</u>") OF ACCREDITED HOME LENDERS HOLDING
CO., ACCREDITED HOME LENDERS, INC., VENDOR MANAGEMENT SERVICES, LLC
D/B/A INZURA SETTLEMENT SERVICES, INZURA INSURANCE SERVICES, INC., AND
WINDSOR MANAGEMENT CO., D/B/A AHL FORECLOSURE SERVICES CO.
(COLLECTIVELY, THE "<u>DEBTORS</u>"). YOU SHOULD CAREFULLY REVIEW THE
MATERIAL SET FORTH IN THE DISCLOSURE STATEMENT (AND IN THE EXHIBITS
ATTACHED THERETO) IN ORDER TO MAKE AN INDEPENDENT DETERMINATION AS
TO WHETHER TO VOTE TO ACCEPT OR REJECT THE PLAN.**

**THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.**

<u>**APPROVAL OF DISCLOSURE STATEMENT**</u>

PLEASE TAKE FURTHER NOTICE that, by Order dated March 30, 2011 (the "<u>Disclosure
Statement Order</u>"), the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>")
approved the *Fourth Amended Disclosure Statement with Respect to the Debtors' Third Amended
Chapter 11 Plan of Liquidation*, dated March 29, 2011 (as amended, the "<u>Disclosure Statement</u>"), as

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home
Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura
Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a
Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a
California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego,
CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered
under the bankruptcy case and style referenced above.

containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

## DEADLINE FOR RECORD DATE FOR VOTING PURPOSES

PLEASE TAKE FURTHER NOTICE that the Record Date for voting on the Plan is **April 1, 2011 at noon, prevailing Pacific Time.**

## DEADLINE FOR VOTING ON THE PLAN

PLEASE TAKE FURTHER NOTICE that, pursuant to the Disclosure Statement Order, the Court established **May 9, 2011 at 4:00 p.m. prevailing Pacific Time** (the "Voting Deadline") as the deadline by which Ballots[2] accepting or rejecting the Plan must be actually received by the Debtors' voting and tabulation agent, Kurtzman Carson Consultants, LLC.  To be counted, your original signed Ballot (a Ballot to be completed by you may be enclosed herewith) must actually be received on or before the Voting Deadline by Kurtzman Carson Consultants, LLC (the "Voting Agent"), at Accredited Home Lenders Ballot Processing, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.  Ballots received by facsimile, e-mail or other means of electronic transmission will not be counted.

## CONFIRMATION HEARING

PLEASE TAKE FURTHER NOTICE that on **May 19, 2011 at 10:30 a.m. prevailing Eastern Time** or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Mary F. Walrath, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 5th Floor, Wilmington, Delaware 19801 to consider confirmation of the Plan and approval of related maters, as the same may be further amended or modified, and for such other and further relief as may be just and proper (the "Confirmation Hearing").

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be adjourned from time to time by the Court without further notice except for an announcement of the adjourned date made at the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.  Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

PLEASE TAKE FURTHER NOTICE that the Plan may be modified, if necessary or required, prior to, during, or as a result of the Confirmation Hearing.

## RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

**PLEASE TAKE FURTHER NOTICE THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS:**

**Full Satisfaction, Discharge and Release.**

**The payments, distributions and other treatment afforded to Holders of Allowed Claims and Interests under the Plan shall be in full and complete satisfaction, discharge and release of such**

---

[2]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Plan.

Allowed Claims or Interests.

Releases

**Release of Settling Parties' Claims against the Lone Star Releasees**: Upon the Effective Date of the Plan, for good and valuable consideration, pursuant to the Plan, except as otherwise specifically provided for in the Plan, the Lone Star Releasees shall be released from all claims, potential claims, suits, debts, liens, contracts, agreements, promises, liabilities, demands, rights, costs, expenses, actions, causes of action, and damages of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, which any releasor identified below has or may have, or which have been asserted or could be asserted in the future, which are based upon, arise out of, or in any way relate to the Debtors or their business or operations (including the business or operations of the REIT and the other Non-Debtor Subsidiaries and any claims under Chapter 5 of the Bankruptcy Code or similar State or Federal law), by (i) the estates of the Consolidated Debtors and Consolidated Holdco, (ii) the non-debtor Affiliates of the Debtors, (iii) the REIT (subject to the carveout for certain insurance coverage claims set forth below), and (iv) the Committee.

**Release of Creditors' Claims against the Lone Star Releasees**: Upon the Effective Date of the Plan, for good and valuable consideration, pursuant to the Plan, except as otherwise specifically provided for in the Plan, the Lone Star Releasees shall be released from all claims, potential claims, suits, debts, liens, contracts, agreements, promises, liabilities, demands, rights, costs, expenses, actions, causes of action, and damages of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, which any releasor identified below has or may have, or which have been asserted or could be asserted in the future, which are based upon, arise out of, or in any way relate to the Debtors or their business or operations (including the business or operations of the REIT and the other Non-Debtor Subsidiaries and any claims under Chapter 5 of the Bankruptcy Code or similar State or Federal law), by (i) individual creditors of the Consolidated Debtors in Class 3 C, (ii) individual creditors of Consolidated Holdco in Class 3 H, and, if applicable, Class 9 H, (iii) individual creditors making the Consolidated Debtors Convenience Class Election, and (iv) individual creditors making the Consolidated Holdco Convenience Class Election.

**Mutual Releases Amongst Settling Parties**: Upon Upon the Effective Date, for good and valuable consideration, each of the Trust Preferred Holders, the Trust Preferred Indenture Trustee, the REIT, the Lone Star Releasees, the Debtors, the Non-Debtor Subsidiaries, the Committee, members of the Committee acting in their capacity as such, the REIT Committee, the members of the REIT Committee acting in their capacity as such, and Citigroup effective pursuant to the Confirmation Order, shall, except as otherwise specifically provided for in the Plan, grant a full and complete release to each of the Lone Star Releasees, the Trust Preferred Holders, the Trust Preferred Indenture Trustee, the REIT, the Debtors, the Non-Debtor Subsidiaries, the Committee, the members of the Committee acting in their capacity as such, the REIT Committee, the members of the REIT Committee acting in their capacity as such, and Citigroup Global Markets Realty Corp. and to their predecessor entities, Affiliates, successors and assigns and their respective professionals and advisors from all claims, potential claims, suits, debts, liens, contracts, agreements, promises, liabilities, demands, rights, costs, expenses, actions, causes of action, and damages of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, which the releasor has or may have, or which have been asserted or may be asserted in the future, that are based upon, arise out of, or in any way relate to the Debtors or their business or operations related to the Debtors and their businesses (including related to the REIT and any other Non-Debtor Subsidiaries and Affiliates of the Debtors and their

business or operations and any claims under Chapter 5 of the Bankruptcy Code or similar State or Federal law), including without limitation any and all claims or causes of action that were set forth or could have been set forth in any complaint or pleading filed by any of the foregoing in the Trust Preferred Adversary Proceeding, the REIT Adversary Proceedings or elsewhere; <u>provided, however</u>, that nothing contained herein or therein shall release any releasor's rights and claims under the Plan or the Allowed Claims granted to it under the Plan.

Injunction.

The Plan provides that the occurrence of the Effective Date shall serve to satisfy all Claims or Causes of Action arising out of any Claim addressed by the terms of the Plan and will operate as an injunction, until the Bankruptcy Proceeding is closed, precluding and enjoining all Holders of Claims or Interests from asserting any Claim against the Debtors, the Liquidating Trust, the Liquidating Trustee, the Disbursing Agent, the Liquidating Trust Assets, the Consolidated Debtors, the Consolidated Debtors Assets, the Plan Administrator, Consolidated Holdco, Consolidated Holdco Assets, and their respective agents, successors, and assigns, and also from asserting any other and further Claim based on any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, against the Debtors, the Liquidating Trust, the Liquidating Trustee, and the Plan Administrators, as representatives of the Estates, as well as their successors or their respective agents, successors, and assigns, whether or not the holder filed a proof of claim, and also from commencing or continuing, directly or indirectly, in any manner, any action or proceeding of any kind on any such Claim or Interest, or the enforcement, attachment, collection, or recovery by any manner or means, or creating, perfecting, or enforcing any encumbrance.

Exculpation.

The Plan provides that neither the Debtors nor their officers, directors, managers, employees, professionals, restructuring advisors, or the Committee and its professionals and advisors and members in their capacity as members of the Committee and their respective professionals and advisors, the Liquidating Trust, the Liquidating Trustee, the Disbursing Agent, nor the Plan Administrator will have or incur any liability to any holder of a Claim or Interest or any other entity for any act or omission in connection with, in preparation for, or arising out of, the Bankruptcy Proceeding or the cases, including but not limited to the formulation, preparation, dissemination, approval, confirmation, execution, administration, or consummation of the Plan Support Agreement and Term Sheet, the Plan or the Disclosure Statement, the solicitation of votes for or confirmation of the Plan, or implementation, consummation, or administration of the Plan or the property to be distributed under the Plan, or any compromises and settlements under the Plan, except for liability arising from conduct constituting willful misconduct or gross negligence pursuant to a Final Order.

PLEASE TAKE FURTHER NOTICE that if you do not object to the Plan or your objections are overruled or not in compliance with the Federal Rules of Bankruptcy Procedures, the Local Rules of the Bankruptcy Court and any applicable Order entered in the Debtors' cases, the releases, exculpations and injunctions set forth in the Plan will be binding.

<u>IMPORTANT TAX INFORMATION REQUIRED - POTENTIAL WITHHOLDING</u>

Federal law requires withholding for potential income tax from distributions to creditors. Creditors are receiving a Substitute W-9 Form or W-4 Form, as applicable, in this Solicitation Package. Creditors must return this form in order to receive any distributions. Distributions to

holders of Claims by the Debtors, the Liquidating Trustee, the Disbursing Agent, and the Plan Administrator, and any subsequent amounts received by the Liquidating Trust allocable to a holder, are subject to any applicable tax withholding. Under U.S. federal income tax law, interest and other reportable payments may, under certain circumstances, be subject to "backup withholding" at the then applicable backup withholding rate (currently 28%). Backup withholding generally applies if the holder (a) fails to furnish its social security number or other taxpayer identification number ("TIN"). (b) furnishes an incorrect TIN, (c) fails properly to report interest or dividends, or (d) under certain circumstances, fails to provide a certified statement, signed under penalty of perjury, that the TIN provided is its correct number and that it is a United States person that is not subject to backup withholding. Backup withholding is not an additional tax but merely an advance payment, which may be refunded to the extent it results in an overpayment of tax and the appropriate information is supplied to the IRS. Certain persons are exempt from backup withholding including, in certain circumstances, corporations aid financial institutions. In addition, in the case of any Liquidating Trust beneficiaries that are not U.S. persons, the Liquidating Trustee may be required to withhold up to 30% of the income or proceeds allocable to such persons, depending on the circumstances (including whether the type of income is subject to a lower treaty rate). Such withholding is not dependent on the Liquidating Trust distributing any cash or other proceeds. To avoid unnecessary withholding, each U.S. holder is required to properly complete and return a Substitute Form W-9, certifying that such holder is a U.S. person, that the TIN provided is correct, and that such holder is not subject to backup withholding, as per its instructions. Exempt persons should indicate their exempt status on the Substitute Form W-9 as per its instructions. Each non-U.S. holder is required to complete and return the applicable IRS Form W-8 (W-SBEN, W-SECI or W-SIMY, as applicable), signed under penalties of perjury, certifying the holder's foreign status. These forms are being mailed with the Solicitation Package, and may be obtained from the IRS website (http://www.irs.gov). Holders should consult their tax advisors as to any qualification for exemption from backup withholding, or a lower rate of U.S. withholding under an applicable treaty or exemption, and the procedure for obtaining such exemption.

## DEADLINE AND PROCEDURES FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that objections, if any, to confirmation of the Plan, (including approval of the releases and waivers provided under the Plan), including any supporting memoranda, must be in writing, must be filed with the Clerk of the United States Bankruptcy Court of the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801 together with proof of service, and shall state the name and address of the objector, all grounds for the objection and the amount of the Claim(s) or other Interest(s) held by the objector, and shall provide proposed language to remedy such objections. Any such objection must be filed with the Court and served so that it is actually received by the Court, the following parties, and all other parties requesting or entitled to receive notice in these cases, on or before **May 9, 2011 at 4:00 p.m. prevailing Eastern Time**:

The Debtors: (i) Hunton & Williams LLP, 1445 Ross Ave., Suite 3700, Dallas, TX 75202, attn: Gregory G. Hesse, Tel: (214) 979-3000, Fax: (214) 880-0011, and (ii) Pachulski Stang Ziehl & Jones LLP, North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, attn: Kathleen Makowski, Tel: (302) 652-4100, Fax: (302) 652-4400;

The Creditors Committee: (i) Arent Fox LLP, 1675 Broadway, New York, NY 10019, attn: Andrew I. Silfen, Tel: (212) 484-3900, Fax: (212) 484-3990., and (ii) Elliott Greenleaf, 1105 Market St., Suite 1700, Wilmington, DE 19801, attn: Rafael X. Zahralddin-Aravena, Tel.: (302) 384-9400, Fax: (302) 384-9399; and

The Office of the United States Trustee: 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, attn: T. Patrick Tinker, Tel.: (302) 573-6491, Fax: (302) 573-6497.

DOCS_DE:168822.1

Any objection not filed and served as set forth above will be deemed waived and will not be considered by the Court.

**COPIES OF THE PLAN AND DISCLOSURE STATEMENT**

PLEASE TAKE FURTHER NOTICE that to the extent not enclosed herewith, copies of the Plan and Disclosure Statement have been filed with the Bankruptcy Court and may be obtained by parties in interest at the Debtors' expense upon written request to Accredited Home Lenders, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245. In addition, copies of the Disclosure Statement and the Plan may be found online at www.kccllc.net/accredited and on the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801.

Dated: March ___, 2011.

**PACHULSKI STANG ZIEHL & JONES LLP**

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:      ljones@pszjlaw.com
            joneill@pszjlaw.com
            kmakowski@pszjlaw.com

-and-

**HUNTON & WILLIAMS LLP**

Gregory G. Hesse (Texas Bar No. 09549419)
Lynnette R. Warman (Texas Bar No. 20867940)
Jesse T. Moore (Texas Bar No. 24056001)
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 979-3000
Telecopy: (214) 880-0011
Email:      ghesse@hunton.com
            lwarman@hunton.com
            jtmoore@hunton.com

**ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION**

**EXHIBIT 2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**NOTICE OF (i) APPROVAL OF DISCLOSURE STATEMENT, (ii) HEARING TO
CONSIDER CONFIRMATION OF THE PLAN, (iii) LAST DATE AND
PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN,
AND (iv) LAST DATE AND PROCEDURES FOR FILING A CLAIMS
ESTIMATION MOTION**

TO:    ALL HOLDERS OF ADMINISTRATIVE CLAIMS AND PRIORITY TAX CLAIMS

ALL HOLDERS OF CLAIMS AND INTERESTS IN CLASSES 1 H, 2 H, 9 H, 10 H, and 11 H, AND CLASSES 1 C, 2 C, 8 C, 9 C, AND 10 C

ALL HOLDERS OF CLAIMS THAT (i) HAVE BEEN DISALLOWED IN FULL, (ii) MADE THE SUBJECT OF A PENDING OBJECTION SEEKING TO DISALLOW SUCH CLAIMS IN FULL, (iii) WERE SCHEDULED AS LIQUIDATED, CONTINGENT, OR DISPUTED WITHOUT A TIMELY PROOF OF CLAIM BEING FILED RELATING TO SUCH POTENTIAL CLAIM, OR (iv) NOT TIMELY FILED, AND NOT OTHERWISE ALLOWED BY AGREEMENT OR ORDER OF THE COURT

**APPROVAL OF DISCLOSURE STATEMENT**

PLEASE TAKE NOTICE that, by Order dated March 30, 2011 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") approved the *Fourth Amended Disclosure Statement with Respect to the Debtors' Third Amended Chapter 11 Plan of Liquidation*, dated March 29, 2011 (as amended, the "Disclosure Statement"), as containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

## COPIES OF THE PLAN AND DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that copies of the Plan and Disclosure Statement have been filed with the Bankruptcy Court and may be obtained by parties in interest at the Debtors' expense upon written request to Accredited Home Lenders, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245. In addition, copies of the Disclosure Statement and the Plan may be found on the internet at www.kccllc.net/accredited and on the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801.

## CONFIRMATION HEARING

PLEASE TAKE FURTHER NOTICE that on **May 19, 2011 at 10:30 a.m. prevailing Eastern Time** or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Mary F. Walrath, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 5th Floor, Wilmington, Delaware 19801 to consider confirmation of the Plan and approval of related matters, as the same may be further amended or modified, and for such other and further relief as may be just and proper (the "Confirmation Hearing").

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be adjourned from time to time by the Court without further notice except for an announcement of the adjourned date made at the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court. Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

PLEASE TAKE FURTHER NOTICE that the Plan may be modified, if necessary or required, prior to, during, or as a result of the Confirmation Hearing.

## CLASSES OF CLAIMS AND INTERESTS NOT ENTITLED TO VOTE

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Plan and the Bankruptcy Code, (i) holders of Administrative Claims,[2] Priority Tax Claims, and Secured and Priority Claims in Classes 1 H, 2 H, 1 C, and 2 C are unimpaired, are conclusively presumed to have accepted the Plan and, thus, are not entitled to vote on the Plan and a (ii) the holders of Subordinated Claims in Classes 9 H, 10 H, 8 C, and 9 C, and holders of Interests in Classes 11 H and 10 C will not receive any distributions under the Plan and are presumed to have rejected the Plan.

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Plan, the Bankruptcy Code, and orders of this Court, the holders of Claims that (i) have been disallowed in full, (ii) are the subject of a pending objection seeking to disallow them in full, (iii) were scheduled as liquidated, contingent, or disputed without a timely proof of claim being filed relating to such potential Claim, and (iv) were not timely filed and not otherwise allowed by agreement or Order of the Court ("Disallowed and Unallowed Claims") shall not be entitled to have their votes counted unless they file a Claims Estimation Motion (as defined below) and obtain an order from the Court permitting to them to vote.

PLEASE TAKE FURTHER NOTICE that the Plan may be modified, if necessary or required, prior to, during, or as a result of the Confirmation Hearing.

---

[2] Undefined capitalized terms herein are ascribed the definitions provided in the Plan.

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

PLEASE TAKE FURTHER NOTICE that the Plan proposes to modify the rights of certain creditors and equity securities holders of the Debtors.  Under the Plan, the assets of Debtors Accredited Home Lenders Holding Company and Vendor Management Services LLC ("Consolidated Holdco") will be consolidated and vested in Consolidated Holdco, and the assets of the other Debtors (the "Consolidated Debtors") will be transferred to a Liquidating Trust.  General unsecured creditors of the Consolidated Debtors will receive interests in and distributions from the Liquidating Trust, and general unsecured creditors of Consolidated Holdco will receive claims distributions from Consolidated Holdco, as described below.  The Plan establishes the following classes of Claims and Interests with the following treatment:[3]

### Unclassified Administrative Claims & Professional Fee Claims

Administrative Claims include all Claims for the costs and expenses of administering the Cases having priority under § 507(a)(2) of the Bankruptcy Code, including without limitation costs and expenses allowed under § 503(b) of the Bankruptcy Code, the actual and necessary costs and expenses of preserving the Debtors' bankruptcy Estates and operating the business of the Debtors, any fees or charges assessed against the Estates under 28 U.S.C. § 1930, Professional Fee Claims, and any Claims allowed pursuant to § 507(b) of the Bankruptcy Code.

Any Holder of an Allowed Administrative Claim shall receive the full amount of the Holder's Allowed Administrative Claim in one Cash payment from the Consolidated Debtors, or Consolidated Holdco, Liquidating Trustee, or Plan Administrator, as applicable, as part of the Effective Date Distribution.  An Administrative Claim that is a Disputed Claim shall not receive any distribution unless and until such Claim becomes an Allowed Administrative Claim.  Upon the entry of a Final Order allowing an Administrative Claim, the Holder of that Claim shall receive the full amount of such Claim in one Cash payment  from the Liquidating Trust, Plan Administrator, Consolidated Debtors, or Consolidated Holdco, as applicable.  The Debtors, Liquidating Trustee, or Plan Administrator, as applicable, may agree to less favorable treatment of such Allowed Administrative Claim.  An Administrative Claim not filed prior to the Administrative Claim Bar Date as provided in the Plan shall be deemed forever waived and barred, the Holder thereof shall not be entitled to a distribution under the Plan, and the Debtors, their Estates, the Plan Administrator, and the Liquidating Trustee shall have no obligation with respect thereto.

Unless otherwise expressly provided in the Plan, a Professional Fee Claim will be Allowed only if:  (i) on or before forty-five (45) days after the Effective Date (the "Professional Fee Claim Bar Date"), the entity holding such Professional Fee Claim files with the Court a final fee application and serves the application on counsel to the Debtors, counsel to the Committee, the Liquidating Trustee, and the U.S. Trustee; and (ii) the Court enters a Final Order allowing such Claim.

Any party in interest, including the Liquidating Trustee, but excluding the Plan Administrator, may file an objection to such application within the time provided by the Bankruptcy Rules or within any other period that the Bankruptcy Court establishes and as provided under the Plan, except that the Lone Star Entities, the Trust Preferred Indenture Trustee, and the Trust Preferred Holders waive their right to object to or challenge the allowance or award of any Professional Fee Claims.  Entities holding Professional Fee Claims that do not timely file and serve a fee application will be forever barred from

---

[3] For a complete description of the Plan provisions, reference should be made to the Plan and Disclosure Statement, copies of which can be obtained by the methods described at the beginning of this Notice.

asserting such Professional Fee Claim against the Debtors, the Estates, the Liquidating Trust, the Plan Administrator, or their respective property.

With regard to fees and expenses owed by the Debtors in connection with services provided by AP Services, LLC ("APS"), including those provided by the Chief Restructuring Officer (collectively the "CRO Expenses"), since the Petition Date, such CRO Expenses shall be paid pursuant to the terms of the *Order Under Bankruptcy Code Sections 105(a) and 363(B) Authorizing the Retention and Employment of AP Services, LLC to Provide Interim Management and Restructuring Services and Designating Meade Monger as Chief Restructuring Officer and Michael Murphy as Chief Administrative Officer to the Debtors, Nunc Pro Tunc to the Petition Date* entered by the Bankruptcy Court on or about July 2, 2009, Docket No. 282.

The Consolidated Debtors or the Liquidating Trustee, as applicable, will pay or cause to be paid an Allowed Professional Fee Claim, in Cash, within five (5) days after the entry of a Final Order allowing such Allowed Professional Fee Claims. The Consolidated Debtors shall pay CRO Expenses. In return, the Consolidated Debtors will receive the Consolidated Holdco Professional Fee Claim Payment from Consolidated Holdco.

### Unclassified Priority Tax Claims & IRS Priority Tax Claims

Any Holder of an Allowed Priority Tax Claim shall receive the full amount of the Holder's Allowed Priority Tax Claim in one Cash payment from Consolidated Holdco or the Consolidated Debtors, as applicable, as part of the Effective Date Distribution. A Priority Tax Claim that is a Disputed Claim shall not receive any distribution unless and until such Claim becomes an Allowed Priority Tax Claim. Upon the entry of a Final Order allowing an Priority Tax Claim after the Effective Date, the Holder of that Claim shall receive the full amount of such Claim in one Cash payment from Consolidated Holdco or the Liquidating Trust, as applicable, except as otherwise provided under Section 3.3 of the Plan. The applicable Liquidating Trustee, Plan Administrator, or Debtor and the Holder of an Allowed Priority Tax Claim may agree to less favorable treatment of such Allowed Priority Tax Claim. To the extent that some or all of an Allowed Secured Claim for taxes does not qualify as a Priority Tax Claim, it will be classified as a Class 1 Secured Claim.

The Holder of the IRS Priority Tax Claims shall be paid in full from the Tax Refunds. The IRS Priority Tax Claims shall be treated as an obligation of the Consolidated Debtors or the Liquidating Trust.

### Class 1 H and 1 C - Secured Claims

Any Holder of a Class 1 H or 1 C Allowed Secured Claim shall at the sole option of the applicable Debtors receive (a) the full amount of the Holder's Allowed Secured Claim in one cash payment as part of the Effective Date Distribution from the applicable Debtor, (b) all or a portion of the Assets securing the Allowed Secured Claim, or (c) subject to the requirements of § 1124(2) of the Bankruptcy Code, the legal, equitable and contractual rights of the Holder of such Allowed Secured Claim shall be reinstated. A Class 1 H or 1 C Secured Claim that is a Disputed Claim shall not receive any distribution unless and until such Claim becomes Allowed. Upon the entry of a Final Order allowing the Class 1 H or 1 C Secured Claim after the Effective Date, the Holder of that Claim shall receive (a) the full amount of such Claim in one cash payment from the Liquidating Trust or Consolidated Holdco, as applicable, (b) all or a portion of the Assets securing the Allowed Secured Claim, or (c) subject to the requirements of § 1124(2) of the Bankruptcy Code, the legal, equitable and contractual rights of the Holder of such Allowed Secured Claim shall be reinstated. The applicable Liquidating Trustee, Debtor, or Plan Administrator and the Holder of a Allowed Secured Claim may agree to less favorable treatment of such claim.

**Class 2 H and 2 C - Priority Claims Other Than Priority Tax Claims**

Any Holder of a Class 2 H or Class 2 C Allowed Priority Non-Tax Claim shall receive the full amount of such claim in one cash payment as part of the Effective Date Distribution from the applicable Debtors. A Class 2 H or 2 C Priority Non-Tax Claim that is a Disputed Claim shall not receive any distribution unless and until such Claim becomes a Class 2 H or Class 2 C Allowed Priority Non-Tax Claim. Upon the entry of a Final Order allowing such claim after the Effective Date, the Holder of that Claim shall receive the full amount of such Claim in one cash payment from the Liquidating Trust or Consolidated Holdco, as applicable. The applicable Liquidating Trustee, Debtor, or Plan Administrator and the Holder of an Class 2 H or Class 2 C Allowed Priority Non-Tax Claim may agree to less favorable treatment of such claim.

**Class 3 H - General Unsecured Claims against Consolidated Holdco Accepting the Creditor Release**

Class 3 H consists of Allowed Unsecured Claims against Consolidated Holdco whose Holders cast a timely Ballot affirmatively accepting and agreeing to the Creditor Release or provide written consent for to the Creditor Release to Consolidated Holdco. Subject to the Plan, Holders of Class 3 H Allowed Claims shall receive distributions equal to their Pro Rata Share of any distributions of Consolidated Holdco Assets made by the Plan Administrator in accordance with the Plan, and continuing on each Subsequent Distribution Date. In calculating the distribution to the Holders of Class 3 H Claims, the Pro Rata Share shall include in the calculation the Allowed Claims and Disputed Claims included in Class 3 H, 4 H, 5 H, and 6 H. Until the Holders of the Class 3 H Allowed Claims are satisfied in full without any post-petition interest thereon, the Holder of Class 3 H Allowed Claims shall be entitled to receive their Pro Rata Share of distributions made by the Plan Administrator in accordance with the Plan.

In the event of entry of a Final Order determining a Disputed Claim to be an Allowed Claim, the Plan Administrator in his sole discretion, may make an Interim Distribution to the Holder of such Allowed Claim from the Consolidated Holdco Assets. The Holders of Class 3 H Allowed Claims shall thereafter receive their Pro Rata Share of Subsequent Distributions from Consolidated Holdco.

In the event Class 3 H votes in favor of the Plan, the payment of Class 5 H Claims will be subordinated and junior to the payment of Class 3 H Claims, any distributions that would have been made to Holders of Allowed Class 5 H Claims shall instead be made to Holders of Class 3 H Claims and Class 6 H Claims (if Class 6 H also votes to in favor of the Plan) on a Pro Rata Basis, and Holders of Allowed Class 5 H Claims shall not receive any distribution until Class 3 H Claims (and possibly Class 6 H and 9 H claims) are paid in full under the Plan, and all subrogation rights of Class 5 H shall be deemed waived and released. In calculating, for a Holder of an Allowed Class 3 H Claim, its Pro Rata Share of the distribution to which Holders of Class 5 H Claim would be entitled, the Plan Administrator or Consolidated Holder, as applicable shall aggregate the total amount of the Class 3 H and Class 6 H Claims, whether Allowed or Disputed, on the Effective Date.

**Class 4 H - General Unsecured Claims against Consolidated Holdco, except for separately classified Claims**

Class 4 H consists of Allowed Unsecured Claims against Consolidated Holdco that are not separately classified under the Plan. Subject to the Plan, Holders of Class 4 H Allowed Claims shall receive distributions equal to their Pro Rata Share of any distributions of Consolidated Holdco Assets made by the Plan Administrator in accordance with the Plan, and continuing on each Subsequent Distribution Date. In calculating the distribution to the Holders of Class 4 H Claims, the Pro Rata Share shall include in the calculation the Allowed Claims and Disputed Claims included in Class 3 H, 4 H, 5 H,

and 6 H. Until the Holders of the Class 4 H Allowed Claims are satisfied in full without any post-petition interest thereon, the Holders of Class 4 H Allowed Claims shall be entitled to receive their Pro Rata Share of distributions made by the Plan Administrator in accordance with the Plan.

In the event of entry of a Final Order determining a Disputed Claim to be an Allowed Claim, the Plan Administrator in his sole discretion, may make an Interim Distribution to the Holder of such Allowed Claim from the Consolidated Holdco Assets. The Holders of Class 4 H Allowed Claims shall thereafter receive their Pro Rata Share of Subsequent Distributions from Consolidated Holdco.

For the avoidance of doubt, Holders of Allowed Class 4 H Claims opting out of the Creditor Release shall not be entitled to receive any distributions that would have been made to Holders of Allowed Class 5 H Claims.

**Class 5 H - General Unsecured Claims against Consolidated Holdco held by LSF-MRA, LLC**

Class 5 H is the Allowed Claim of LSF-MRA, LLC in the amount of $96,764,904.97. Subject to the provisions of §§ 3.1, 3.2, 4.3, 4.5 and 4.6 of the Plan, Holders of Allowed Class 5 H Claims shall receive a Pro Rata Share of any distributions of Consolidated Holdco Assets made by the Plan Administrator in accordance with the Plan, and continuing on each Subsequent Distribution Date. In calculating the distribution to the Holders of Class 5 H Claims, the Pro Rata Share shall include in the calculation the Allowed Claims and Disputed Claims included in Class 3 H, 4 H, 5 H, and 6 H. Until the Holders of the Class 5 H Allowed Claims are satisfied in full without any post-petition interest thereon, the Holder of Class 5 H Allowed Claims shall be entitled to receive their Pro Rata Share of distributions made by the Plan Administrator in accordance with the Plan.

Notwithstanding the foregoing, in the event Class 3 H votes in favor of the Plan, the payment of Allowed Class 5 H Claims will be subordinated and junior to the payment of Class 3 H Claims, and Holders of Allowed Class 5 H Claims shall not receive any distribution until Holders of Allowed Class 3 H Claims are paid in full or paid as otherwise provided under the Plan, and such distributions shall be treated and distributed as provided under the Plan.

In the event Class 6 H votes in favor of the Plan and does not object to the Plan, the payment of Allowed Class 5 H Claims will be subordinated and junior to the payment of Class 6 H Claims and Holders of Allowed Class 5 H Claims shall not receive any distribution until Holders of Class 6 H Claims (and potentially Class 3 H and Class 9 H Claims) are paid in full under the Plan, and such distributions shall be treated and distributed as provided under the Plan and all subrogation rights of Class 5 H Claims shall be deemed waived and released. In calculating, for a Holder of an Allowed Class 3 H or Allowed Class 6 H Claim, its Pro Rata Share of the Distribution to which Holders of Class 5 H Claims would be entitled, the Plan Administrator or Consolidated Holdco, as applicable, shall aggregate the total amount of Class 3 H and Class 6 H Claims, whether Allowed or Disputed, on the Effective Date.

The Holders of Class 5 H Claims shall be deemed to have waived any rights of subrogation with respect to the subordination of their Class 5 H Claims

**Class 6 H - Unsecured Claims against Consolidated Holdco Held by the REIT**

The Class 6 H Claim of the REIT shall be fixed and Allowed as an Unsecured Claim against Consolidated Holdco in the amount of Twenty Million Dollars ($20,000,000) and, on account of such Claim, the Holder of the Allowed Class 6 H Claim shall receive a Pro Rata Share of any distributions of Consolidated Holdco Assets made by the Plan Administrator in accordance with the Plan, and continuing

on each Subsequent Distribution Date. In calculating the distribution to the Holder of Class 6 H Claims, the Pro Rata Share shall include in the calculation the Allowed Claims and Disputed Claims included in Class 3 H, 4 H, 5 H, and 6 H. Until the Holder of the Class 6 H Claim is satisfied in full, without any post-petition interest thereon, the Holder of the Class 6 Claim shall be entitled to receive its Pro Rata Share of distributions made by the Plan Administrator in accordance with the Plan. The Holder of Allowed Class 6 H Claims will waive its right to enforce any subordination provisions relating to Class 8 H Claims.

In the event Class 6 H votes in favor of the Plan, the payment of Allowed Class 5 H Claims will be subordinated and junior to the payment of the Class 6 H Claim, any distributions that would have been made to Holders of Allowed Class 5 H Claims shall instead be made to Holder of the Class 6 H Claim (and Class 3 H Claims (if Class 3 H also votes to in favor of the Plan) and Class 9 H Claims) on a Pro Rata Basis, and Class 5 H Claims shall not receive any distribution until Class 3 H, Class 6 H, and Class 9 H Claims are paid in full under the Plan. In calculating, for a Holder of an Allowed Class 6 H Claim, its Pro Rata Share of the Distribution to which Holders of Class 5 H Claims would be entitled, the Plan Administrator or Consolidated Holdco, as applicable, shall aggregate the total amount of Class 3 H and Class 6 H Claims, whether Allowed or Disputed, on the Effective Date.

### Class 7 H - Consolidated Holdco Convenience Class Claims

Each Holder of an Allowed Consolidated Holdco Convenience Claim in Class 7 H shall receive the lesser of (a) sixty-five percent (65%) of the Holder's Allowed Class 7 H Convenience Claim in one Cash payment as part of the Effective Date Distribution from Consolidated Holdco or (b) their Pro Rata Share of One Million Five Hundred Thousand Dollars ($1,500,000), or such other, less favorable treatment as is agreed upon by Consolidated Holdco and the Holder of such Consolidated Holdco Convenience Claim. Any Holder of an Allowed General Unsecured Claim against Consolidated Holdco, other than Claims in Class 4 H, 5 H, 6 H, 8 H, and 9 H, may make the Consolidated Holdco Convenience Class Election. Such election must be made on a Ballot that is properly and timely cast in accordance with applicable law and orders of the Bankruptcy Court.

### Class 8 H – Claims against Consolidated Holdco relating to Accredited Preferred Securities Trust I

Class 8 H consists of Allowed Claims against Holdco that relate to the Trust Preferred Securities, Trust Preferred Notes, the Trust Preferred Guarantee, and the Trust Preferred Note Claims, Claims held or asserted or that could be asserted by the Trust Preferred Holders or other Person, and Claims held or asserted or that could be asserted by the Trust Preferred Indenture Trustee. The Claims of Holders of Allowed Class 8 H Claims shall be fixed and Allowed as a single Unsecured Claim in favor of the Trust Preferred Indenture Trustee against Consolidated Holdco, and shall be deemed fully satisfied and paid in full by the Lone Star Trust Preferred Settlement Payment and the Trust Preferred Holdco Distributions to the Trust Preferred Indenture Trustee.

### Class 9 H - REIT Preferred Holders' Subordinated Guaranty Claims against Consolidated Holdco

Class 9 H consists of all Claims against any of the Debtors relating to the guaranty claims of the REIT Preferred Security Holders. Unless otherwise agreed to by the Committee and the REIT Committee, on the Effective Date (i) the Holders of Allowed Class 9 H Claims shall not be entitled to receive any direct distributions from Consolidated Holdco until all Holders of Allowed Claims in Classes 3 H, 4 H, and 6 H have been paid in full as provided under the Plan prior to the Consolidated Holdco Assets being fully administered, and (ii) the Holders of Allowed Class 9 H Claims shall not be entitled to

any reports or notices from Consolidated Holdco or the Plan Administrator, until the Plan Administrator determines that such holders are likely to receive a direct distribution. If the Holders of Class 3 H, 4 H, and 6 H Claims are not paid in full as provided under the Plan, or if the Consolidated Holdco Assets are fully administered prior to the time when such senior unsecured Claims are paid in full, then the Holders of Allowed Class 9 H Claims shall not receive any distribution under the Plan.

In the event the Plan Administrator determines that the Holders of Class 9 H Claims are likely to receive a direct distribution, the Plan Administrator shall seek an order of the Bankruptcy Court setting a bar date for the filing of proofs of Subordinated Guaranty Claims by REIT Preferred Security Holders. Such proofs of Subordinated Guaranty Claims shall contain a Creditor Release provision pursuant to which REIT Preferred Security Holders may opt out of the Creditor Release.

After the Holders of Class 3 H, 4 H, and 6 H Claims are paid in full as provided under the Plan prior to the full administration of the Consolidated Holdco Assets, the Holders of Allowed Class 9 H Claims shall receive a Pro Rata Share of any Subsequent Distributions made after such time, and their Pro Rata Share of the Consolidated Holdco Residual Assets, as applicable.

The payment of Class 5 H Claims will be subordinated and junior to payments Holders of Class 9 H Claims who do not opt out of the Creditor Release. Any distributions that would have been made on a Pro Rata basis to Holders Class 5 H Claims shall instead be made to such Holders of Class 9 H Claims who do not opt out of the Creditor Release, and Class 5 H Claims shall not receive any distribution until such Class 9 H Claims are paid in full under the Plan.

**Class 10 H - Subordinated Claims against Consolidated Holdco (including Late Filed Claims)**

Class 10 H consists of Claims against Consolidated Holdco that are not separately classified and are subordinated for any reason under § 510 of the Bankruptcy Code, or are Late Filed Claims. Holders of Class 10 H Claims shall not receive any distributions until the Holders of Class 3 H, 4 H, 5 H, 6 H, and 9 H Claims against Consolidated Holdco have been satisfied, without any post-petition interest thereon, as provided under the Plan, in which event the holders of Class 10 H Claims shall receive their Pro Rata Share of Subsequent Distributions and their Pro Rata Share of the Consolidated Holdco Residual Assets, as applicable.

**Class 11 H- Interests in Consolidated Holdco**

Class 11 H consists of the Interests in Consolidated Holdco, including those Interests held by the Lone Star Entities. All Interests, including those Interests held by the Lone Star Entities, shall be canceled after the Effective Date and in accordance with the terms of the Plan, and the Holders thereof shall receive no distribution under the Plan, unless Holders of all Class 9 H and 10 H Claims against Consolidated Holdco are satisfied, without any post-petition interest thereon, as provided under the Plan, in which event the holders of Class 11 H Interests shall receive their Pro Rata Share of Subsequent Distributions and their Pro Rata Share of the Consolidated Holdco Residual Assets, as applicable.

**Class 3 C - General Unsecured Claims against Consolidated Debtors Accepting the Creditor Release**

Class 3 C consists of Allowed Unsecured Claims against the Consolidated Debtors whose Holders cast a timely Ballot affirmatively accepting and agreeing to the Creditor Release. Holders of Allowed Class 3 C and 4 C Claims shall be entitled to receive a Pro Rata Share of interests in the Liquidating Trust and are entitled to receive distributions equal to their Pro Rata Share of any

distributions of the Liquidating Trust Assets made by the Liquidating Trustee out of the Liquidating Trust in accordance with the Liquidating Trust Agreement and the Plan, and continuing on the dates of Subsequent Distributions, equal to their Pro Rata Share of any Subsequent Distributions of Liquidating Trust Assets made by the Liquidating Trustee out of the Liquidating Trust, as provided under the Plan.

In addition to the distributions described above, Holders of Allowed Class 3 C General Unsecured Claims as of the Effective Date shall be entitled to receive a Pro Rata Share of the Lone Star Creditor Release Settlement Payment subject to the terms of the Plan. The Liquidating Trustee and the Disbursing Agent shall hold and distribute the Lone Star Creditor Release Settlement Payment pursuant to the terms of the Plan..

In the event of entry of a Final Order determining a Disputed Claim to be an Allowed Claim, the Holder of the subject Claim shall receive its Pro Rata Share of interests in the Liquidating Trust, and the Liquidating Trustee, in his sole discretion, may make an Interim Distribution to the Holder of such Allowed Claim from the Liquidating Trust Reserve, or may release funds from the Liquidating Trust Reserve to such Holder in a Subsequent Distribution. The Holders of Allowed Class 3 C Claims shall thereafter receive their Pro Rata Share of Subsequent Distributions from the Liquidating Trust.

Upon full administration of the Assets vested in the Liquidating Trust, the Liquidating Trustee shall make the Final Distribution, and all obligations under the Plan of the Liquidating Trustee to the Holders of Allowed Class 3 C Claims shall be satisfied. In the event that the Holders of Allowed Class 3 C Claims are paid in full, without any post-petition interest, any funds remaining in the Liquidating Trust Account, net of expenses, shall be distributed first to the Holders of the Allowed Class 4 C Claims and then to the Holder of the Allowed Class 7 C Claim in accordance with the provisions of the Plan.

**Class 4 C - General Unsecured Claims against the Consolidated Debtors, except for separately classified Claims**

Class 4 C consists of Allowed Unsecured Claims against the Consolidated Debtors that are not separately classified under the Plan. Holders of Allowed Class 3 C and 4 C Claims shall be entitled to receive a Pro Rata Share of interests in the Liquidating Trust and are entitled to receive distributions equal to their Pro Rata Share of any distributions of the Liquidating Trust Assets made by the Liquidating Trustee out of the Liquidating Trust in accordance with the Liquidating Trust Agreement, and continuing on each Subsequent Distribution Date, equal to their Pro Rata Share of any Subsequent Distributions of Liquidating Trust Assets made by the Liquidating Trustee out of the Liquidating Trust.

For the avoidance of doubt, Holders of Allowed Class 4 C Claims shall not be entitled to receive any distributions from the Lone Star Consolidated Creditor Release Payment because such Holders are not accepting the Creditor Release. The Debtors estimate that Holders of Allowed Unsecured Claims against the Consolidated Debtors who elect for treatment in Class 3 C will receive an <u>additional 15%</u> of their Claims through distributions from the Lone Star Consolidated Debtors Creditor Release Payment**. Holders of Allowed Unsecured Claims against the Consolidated Debtors must cast a proper and timely Ballot electing for treatment in either Class 3 C or Class 6 C to receive distributions from the Lone Star Consolidated Debtors Creditor Release Payment.**

In the event of entry of a Final Order determining a Disputed Claim to be an Allowed Claim, the Holder of the subject Claim shall receive its Pro Rata Share of interests in the Liquidating Trust, and the Liquidating Trustee, in his sole discretion, may make an Interim Distribution to the Holder of such Allowed Claim from the Liquidating Trust Reserve, or may release funds from the Liquidating Trust Reserve to such Holder in a Subsequent Distribution. The Holders of Allowed Class 4 C Claims shall thereafter receive their Pro Rata Share of Subsequent Distributions from the Liquidating Trust.

Upon full administration of the Assets vested in the Liquidating Trust, the Liquidating Trustee shall make the Final Distribution, and all obligations under the Plan of the Liquidating Trustee to the Holders of Allowed Class 4 C Claims shall be satisfied. In the event that the Holders of Allowed Class 4C Claims are paid in full, together with interest thereon from the Petition Date through the date on which such Claim is paid in full without any post-petition interest thereon, any funds remaining in the Liquidating Trust Account, net of expenses, shall be distributed to the Holders of Allowed Class 7 C Claims in accordance with the provisions of the Plan.

### Class 5 C - General Unsecured Claims Against the Consolidated Debtors held by the Lone Star Entities

The Claims of the Lone Star Entities against the Consolidated Debtors shall be waived and released and shall receive no distributions under the Plan.

### Class 6 C - Convenience Class Claims against Consolidated Debtors

On the Effective Date, or as soon as practicable thereafter, each Holder of an Allowed Consolidated Debtor Convenience Claim in Class 6 C shall receive seventy-five percent (75%) of the Holder's Allowed Class 6 C Convenience Claim in one Cash payment as part of the Effective Date Distribution from the Consolidated Debtors, or such other less favorable treatment as is agreed upon by the Consolidated Debtors and the Holder of such Allowed Consolidated Debtor Convenience Claim.

Any Holder of an Allowed General Unsecured Claim against the Consolidated Debtors, other than Claims in Class 5 C, 7 C, and 8 C, may make the Consolidated Debtors Convenience Class Election. Such election, which requires the acceptance of the Creditor Release, must be made on a Ballot that is properly and timely cast in accordance with applicable law and orders of the Bankruptcy Court.

### Class 7 C - REIT Junior Claim against the Consolidated Debtors

Class 7 C consists of the REIT Junior Claim, which is Allowed as a Class 7 C Claim in the fixed amount of Fifteen Million Dollars ($15,000,000) held by the REIT. The Holder of the Allowed Class 7 C Claims shall receive its Pro Rata Share of interests in the Liquidating Trust subject to the enforcement of the applicable subordination provisions as described in the Plan.

Pursuant to the terms of the Plan, the Class 7 C Claim is subordinated and junior to the Class 3 C, 4 C, and 6 C Claims, and the Holder of the Class 7 C Claim will not receive any distributions until all Allowed Claims in Classes 3 and 4 C are paid in full, without any interest thereon, as provided under the Plan, and the Holders of Class 6 C Claims receive the distribution they are entitled to receive under the Plan, in which event the holder of the Class 7 C Claim shall receive its Pro Rata Share of any Subsequent Distributions made by the Liquidating Trustee after such time, and its Pro Rata Share of the Liquidating Trust Residual Assets, as applicable.

### Class 8 C - Subordinated Claims against the Consolidated Debtors (including Late Filed Claims)

Class 8 C consists of Subordinated Claims against the Consolidated Debtors, including Late Filed Claims. Holders of Class 8 C Subordinated Claims shall receive no distribution under the Plan unless the Holders of Allowed Class 3 C, 4 C and 7 C Claims are paid in full as provided under the Plan and the Liquidating Trust is terminated, as provided under the Plan, in which event the holders of Class 8 C Claims shall receive their Pro Rata Share of the Liquidating Trust Residual Assets, which distributions shall be made by the Disbursing Agent.

**Class 9 C - Claims against Consolidated Debtors relating to Accredited Preferred Securities Trust I**

Class 9 C consists of Allowed Claims against the Consolidated Debtors that relate to the Trust Preferred Securities, Trust Preferred Notes, Trust Preferred Guarantee, and the Trust Preferred Note Claims. All such Claims are reduced, fixed, and Allowed as a Class 9 C Claim in the amount of Five Million Dollars ($5,000,000) held by the Trust Preferred Indenture Trustee (the "Trust Preferred Junior Claims"). Holders of Allowed Class 9 C Claims shall receive their Pro Rata Share of interests in the Liquidating Trust subject to the enforcement of the applicable subordination provisions as described in the Plan.

Pursuant to the terms of the Plan, the Class 9 C Claims are subordinated and junior to the Class 3 C, 4 C, 6 C 7 C and 8 C Claims, and Holders of Class 9 C Claims will not receive any distributions until all Claims in Classes 3 C, 4 C, 7 C, and 8 C are paid in full and the Liquidating Trust is terminated, as provided under the Plan, in which event the holders of Class 9 C Claims shall receive their Pro Rata Share of the Liquidating Trust Residual Assets, which distributions shall be made by the Disbursing Agent.

**Class 10 C - Consolidated Debtors Interests**

Class 10 C consists of the Interests in the Consolidated Debtors. All Interests shall be canceled after the Effective Date and the Holders thereof shall receive no distribution under the Plan, unless Holders of all Class 9 C Allowed Subordinated Claims against the Consolidated Debtors are paid in full with interest and the Liquidating Trust is terminated, as provided under the Plan, in which event the holders of Class 10 C Interests shall receive their Pro Rata Share of the Liquidating Trust Residual Assets, which distributions shall be made by the Disbursing Agent.

## RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

**PLEASE TAKE FURTHER NOTICE THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS:**

**Full Satisfaction, Discharge and Release.**

**The payments, distributions and other treatment afforded to Holders of Allowed Claims and Interests under the Plan shall be in full and complete satisfaction, discharge and release of such Allowed Claims or Interests.**

**Releases**

**Release of Settling Parties' Claims against the Lone Star Releasees: Upon the Effective Date of the Plan, for good and valuable consideration, pursuant to the Plan, except as otherwise specifically provided for in the Plan, the Lone Star Releasees shall be released from all claims, potential claims, suits, debts, liens, contracts, agreements, promises, liabilities, demands, rights, costs, expenses, actions, causes of action, and damages of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, which any releasor identified below has or may have, or which have been asserted or could be asserted in the future, which are based upon, arise out of, or in any way relate to the Debtors or their business or operations (including the business or operations of the REIT and the other Non-Debtor Subsidiaries and any claims under Chapter 5 of the Bankruptcy Code or similar State or Federal law, by (i) the estates of the Consolidated Debtors and Consolidated Holdco, (ii) the non-debtor**

Affiliates of the Debtors, (iii) the REIT (subject to the carveout for certain insurance coverage claims set forth below), and (iv) the Committee.

**Release of Creditors' Claims against the Lone Star Releasees**: Upon the Effective Date of the Plan, for good and valuable consideration, pursuant to the Plan, except as otherwise specifically provided for in the Plan, the Lone Star Releasees shall be released from all claims, potential claims, suits, debts, liens, contracts, agreements, promises, liabilities, demands, rights, costs, expenses, actions, causes of action, and damages of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, which any releasor identified below has or may have, or which have been asserted or could be asserted in the future, which are based upon, arise out of, or in any way relate to the Debtors or their business or operations (including the business or operations of the REIT and the other Non-Debtor Subsidiaries and any claims under Chapter 5 of the Bankruptcy Code or similar State or Federal law), by (i) individual creditors of the Consolidated Debtors in Class 3 C, (ii) individual creditors of Consolidated Holdco in Class 3 H, and, if applicable, Class 9 H, (iii) individual creditors making the Consolidated Debtors Convenience Class Election, and (iv) individual creditors making the Consolidated Holdco Convenience Class Election.

**Mutual Releases Amongst Settling Parties**: Upon Upon the Effective Date, for good and valuable consideration, each of the Trust Preferred Holders, the Trust Preferred Indenture Trustee, the REIT, the Lone Star Releasees, the Debtors, the Non-Debtor Subsidiaries, the Committee, members of the Committee acting in their capacity as such, the REIT Committee, the members of the REIT Committee acting in their capacity as such, and Citigroup effective pursuant to the Confirmation Order, shall, except as otherwise specifically provided for in the Plan, grant a full and complete release to each of the Lone Star Releasees, the Trust Preferred Holders, the Trust Preferred Indenture Trustee, the REIT, the Debtors, the Non-Debtor Subsidiaries, the Committee, the members of the Committee acting in their capacity as such, the REIT Committee, the members of the REIT Committee acting in their capacity as such, and Citigroup Global Markets Realty Corp. and to their predecessor entities, Affiliates, successors and assigns and their respective professionals and advisors from all claims, potential claims, suits, debts, liens, contracts, agreements, promises, liabilities, demands, rights, costs, expenses, actions, causes of action, and damages of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, which the releasor has or may have, or which have been asserted or may be asserted in the future, that are based upon, arise out of, or in any way relate to the Debtors or their business or operations related to the Debtors and their businesses (including related to the REIT and any other Non-Debtor Subsidiaries and Affiliates of the Debtors and their business or operations and any claims under Chapter 5 of the Bankruptcy Code or similar State or Federal law), including without limitation any and all claims or causes of action that were set forth or could have been set forth in any complaint or pleading filed by any of the foregoing in the Trust Preferred Adversary Proceeding, the REIT Adversary Proceedings or elsewhere; provided, however, that nothing contained herein or therein shall release any releasor's rights and claims under the Plan or the Allowed Claims granted to it under the Plan.

Injunction.

The Plan provides that the occurrence of the Effective Date shall serve to satisfy all Claims or Causes of Action arising out of any Claim addressed by the terms of the Plan and will operate as an injunction, until the Bankruptcy Proceeding is closed, precluding and enjoining all Holders of Claims or Interests from asserting any Claim against the Debtors, the Liquidating Trust, the Liquidating Trustee, the Disbursing Agent, the Liquidating Trust Assets, the Consolidated Debtors, the Consolidated Debtors Assets, the Plan Administrator, Consolidated Holdco, Consolidated

Holdco Assets, and their respective agents, successors, and assigns, and also from asserting any other and further Claim based on any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, against the Debtors, the Liquidating Trust, the Liquidating Trustee, and the Plan Administrators, as representatives of the Estates, as well as their successors or their respective agents, successors, and assigns, whether or not the holder filed a proof of claim, and also from commencing or continuing, directly or indirectly, in any manner, any action or proceeding of any kind on any such Claim or Interest, or the enforcement, attachment, collection, or recovery by any manner or means, or creating, perfecting, or enforcing any encumbrance.

Exculpation.

The Plan provides that neither the Debtors nor their officers, directors, managers, employees, professionals, restructuring advisors, or the Committee and its professionals and advisors and members in their capacity as members of the Committee and their respective professionals and advisors, the Liquidating Trust, the Liquidating Trustee, the Disbursing Agent, nor the Plan Administrator will have or incur any liability to any holder of a Claim or Interest or any other entity for any act or omission in connection with, in preparation for, or arising out of, the Bankruptcy Proceeding or the cases, including but not limited to the formulation, preparation, dissemination, approval, confirmation, execution, administration, or consummation of the Plan Support Agreement and Term Sheet, the Plan or the Disclosure Statement, the solicitation of votes for or confirmation of the Plan, or implementation, consummation, or administration of the Plan or the property to be distributed under the Plan, or any compromises and settlements under the Plan, except for liability arising from conduct constituting willful misconduct or gross negligence pursuant to a Final Order.

PLEASE TAKE FURTHER NOTICE that if you do not object to the Plan or your objections are overruled or not in compliance with the Federal Rules of Bankruptcy Procedures, the Local Rules of the Bankruptcy Court and any applicable Order entered in the Debtors' cases, the releases, exculpations and injunctions set forth in the Plan will be binding.

## IMPORTANT TAX INFORMATION REQUIRED - POTENTIAL WITHHOLDING

Federal law requires withholding for potential income tax from distributions to creditors. Creditors are receiving a Substitute W-9 Form or W-4 Form, as applicable, in this Solicitation Package. Creditors must return this form in order to receive any distributions. Distributions to holders of Claims by the Debtors, the Liquidating Trustee, the Disbursing Agent, and the Plan Administrator, and any subsequent amounts received by the Liquidating Trust allocable to a holder, are subject to any applicable tax withholding. Under U.S. federal income tax law, interest and other reportable payments may, under certain circumstances, be subject to "backup withholding" at the then applicable backup withholding rate (currently 28%). Backup withholding generally applies if the holder (a) fails to furnish its social security number or other taxpayer identification number ("TIN"). (b) furnishes an incorrect TIN, (c) fails properly to report interest or dividends, or (d) under certain circumstances, fails to provide a certified statement, signed under penalty of perjury, that the TIN provided is its correct number and that it is a United States person that is not subject to backup withholding. Backup withholding is not an additional tax but merely an advance payment, which may be refunded to the extent it results in an overpayment of tax and the appropriate information is supplied to the IRS. Certain persons are exempt from backup withholding including, in certain circumstances, corporations aid financial institutions. In addition, in the case of any Liquidating Trust beneficiaries that are not U.S. persons, the Liquidating Trustee may be required to withhold up to 30% of the income or proceeds allocable to such persons, depending on the circumstances (including whether the type of

income is subject to a lower treaty rate). Such withholding is not dependent on the Liquidating Trust distributing any cash or other proceeds. To avoid unnecessary withholding, each U.S. holder is required to properly complete and return a Substitute Form W-9, certifying that such holder is a U.S. person, that the TIN provided is correct, and that such holder is not subject to backup withholding, as per its instructions. Exempt persons should indicate their exempt status on the Substitute Form W-9 as per its instructions. Each non-U.S. holder is required to complete and return the applicable IRS Form W-8 (W-SBEN, W-SECI or W-SIMY, as applicable), signed under penalties of perjury, certifying the holder's foreign status. These forms are being mailed with the Solicitation Package, and may be obtained from the IRS website (http://www.irs.gov). Holders should consult their tax advisors as to any qualification for exemption from backup withholding, or a lower rate of U.S. withholding under an applicable treaty or exemption, and the procedure for obtaining such exemption.

## DEADLINE AND PROCEDURES FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that objections, if any, to confirmation of the Plan (including approval of the releases and waivers provided under the Plan), including any supporting memoranda, must be in writing, must be filed with the Clerk of the United States Bankruptcy Court of the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801 together with proof of service, and shall state the name and address of the objector, all grounds for the objection and the amount of the Claim(s) or other Interest(s) held by the objector, and shall provide proposed language to remedy such objections. Any such objection must be filed with the Court and served so that it is actually received by the Court, the following parties, and all other parties requesting or entitled to receive notice in these cases, on or before **May 9, 2011 at 4:00 p.m. prevailing Eastern Time**:

The Debtors: (i) Hunton & Williams LLP, 1445 Ross Ave., Suite 3700, Dallas, TX 75202, attn: Gregory G. Hesse, Tel: (214) 979-3000, Fax: (214) 880-0011, and (ii) Pachulski Stang Ziehl & Jones LLP, North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, attn: Kathleen Makowski, Tel: (302) 652-4100, Fax: (302) 652-4400;

The Creditors Committee: (i) Arent Fox LLP, 1675 Broadway, New York, NY 10019, attn: Andrew I. Silfen, Tel: (212) 484-3900, Fax: (212) 484-3990., and (ii) Elliott Greenleaf, 1105 Market St., Suite 1700, Wilmington, DE 19801, attn: Rafael X. Zahralddin-Aravena, Tel.: (302) 384-9400, Fax: (302) 384-9399; and

The Office of the United States Trustee: 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, attn: T. Patrick Tinker, Tel.: (302) 573-6491, Fax: (302) 573-6497.

Any objection not filed and served as set forth above will be deemed waived and will not be considered by the Court.

## DEADLINE AND PROCEDURES FOR CLAIMS ESTIMATION MOTIONS

PLEASE TAKE FURTHER NOTICE that if you wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (and without prejudice to the rights of the Debtors in any other context) temporarily allowing such Claim for purposes of voting (the "Claims Estimation Motion"). A Claims Estimation Motion must set forth with particularly the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely-filed Claims Estimation Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Debtors and you

14

have come to an agreement as to the relief requested in the 3018 Motion, you shall not have a Ballot counted at all. The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing. Any such Claims Estimation Motion must be filed with the Court and served so that it is actually received by the Court, the following parties, and all other parties requesting or entitled to receive notice in these cases, on or before **April 15, 2011 at 4:00 p.m.** **prevailing Eastern Time**:

The Debtors: (i) Hunton & Williams LLP, 1445 Ross Ave., Suite 3700, Dallas, TX 75202, attn: Gregory G. Hesse, Tel: (214) 979-3000, Fax: (214) 880-0011, and (ii) Pachulski Stang Ziehl & Jones LLP, North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, attn: Kathleen Makowski, Tel: (302) 652-4100, Fax: (302) 652-4400;

The Creditors Committee: (i) Arent Fox LLP, 1675 Broadway, New York, NY 10019, attn: Andrew I. Silfen, Tel: (212) 484-3900, Fax: (212) 484-3990., and (ii) Elliott Greenleaf, 1105 Market St., Suite 1700, Wilmington, DE 19801, attn: Rafael X. Zahralddin-Aravena, Tel.: (302) 384-9400, Fax: (302) 384-9399; and

The Office of the United States Trustee: 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, attn: T. Patrick Tinker, Tel.: (302) 573-6491, Fax: (302) 573-6497.

PLEASE TAKE FURTHER NOTICE that Any Claims Estimation Motion not filed and served as set forth above will be deemed waived and will not be considered by the Court.

Dated: March ___, 2011.

DOCS_DE:168822.1

**PACHULSKI STANG ZIEHL & JONES LLP**

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:        ljones@pszjlaw.com
                 joneill@pszjlaw.com
                 kmakowski@pszjlaw.com

-and-

**HUNTON & WILLIAMS LLP**

Gregory G. Hesse (Texas Bar No. 09549419)
Lynnette R. Warman (Texas Bar No. 20867940)
Jesse T. Moore (Texas Bar No. 24056001)
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 979-3000
Telecopy: (214) 880-0011
Email:        ghesse@hunton.com
                 lwarman@hunton.com
                 jtmoore@hunton.com

**ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION**

DOCS_DE:168822.1

**EXHIBIT 3**
**(Class 4 H - Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST CONSOLIDATED HOLDCO**

This ballot (the "Ballot") is being sent to Holders of General Unsecured Claims against Accredited Home Lenders Holding Co. and Vendor Management Services, LLC (the "Class 4 H Claims") with a face amount greater than $1,000,000. If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

On March 30, 2011, the United States Bankruptcy Court for the District of Delaware (the "Court") signed an order (the "Solicitation Order") which approved the *Fourth Amended Disclosure Statement with Respect to the Debtors' Third Amended Chapter 11 Plan of Liquidation*, dated March 29, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Debtors' Third Amended Chapter 11 Plan of Liquidation* (as the same may be further amended or modified, the "Plan"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent. If you do not have a copy of the Plan or the Disclosure Statement, you may obtain a copy upon written request to Accredited Home Lenders c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, by going to the website at

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

www.kccllc.net/accredited, or by calling (866) 967-1789. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Class 4 H Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 4 H CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "<u>VOTING AGENT</u>"). THE VOTING DEADLINE IS 4:00 P.M. PREVAILING PACIFIC TIME ON MAY 9, 2011.**

ITEM 1.      **CLASS 4 H CLAIMS AMOUNT. The undersigned certifies that as of April 1, 2011 at noon, prevailing Pacific Time (the "<u>Record Date</u>"), it held Unsecured Claims against Consolidated Holdco in the below amount:**

$_____

ITEM 2.      **CLASS 4 H CLAIMS VOTE. The holder of the Class 4 H Claims that relate to this Ballot votes:**

☐  to ACCEPT the Plan          ☐  to REJECT the Plan

ITEM 3.      **CLASS 3 H ELECTION AND CREDITOR RELEASE ACCEPTANCE.** You may check this box if you wish to share in <u>both</u> the distributions that would be made to the Lone Star Entities from Consolidated Holdco <u>and</u> the distributions to be made upon Class 4 H Claims from Consolidated Holdco. **IF YOU OPT FOR THE CLASS 3 H, YOU WILL BE AUTOMATICALLY DEEMED TO HAVE VOTED TO ACCEPT THE PLAN AND ACCEPT THE CREDITOR RELEASE OF THE LONE STAR RELEASEES, AND YOUR DISTRIBUTION ON ACCOUNT OF YOUR ALLOWED CLAIM WILL BE GREATER.**

☐  The undersigned elects to have the Class 4 H General Unsecured Claims against Consolidated Holdco to which this Ballot pertains treated as Class 3 H Claims in exchange for receiving additional distributions that would have been made to the Lone Star Entities. The undersigned also votes to accept the Plan and the Creditor Release of the Lone Star Releasees.

ITEM 4.      **OPTIONAL ELECTION TO BE TREATED AS A CLASS 7 H CONVENIENCE CLAIM.** You may check this box if you elect to have your Class 4 H General Unsecured Claims against Consolidated Holdco reduced to $1,000,000 (if such Claims exceed $1,000,000) and to have your Claims treated as one Consolidated Holdco Convenience Claim. If the Plan is confirmed, upon the Effective Date, Holders of Consolidated Holdco Convenience Claims (Class 7 H) will receive one distribution in cash equal to the lesser of (a) sixty-five percent (65%) of the Holder's Allowed Class 7 H Convenience Claim in one Cash payment as part of the Effective Date Distribution from Consolidated

2

Holdco or (b) their Pro Rata Share of One Million Five Hundred Thousand Dollars ($1,500,000). Claim Holders electing for this treatment shall not receive any further distributions under the Plan. By checking the box below, you irrevocably elect and consent to have your aggregate Claims reduced to an amount not to exceed $1,000,000. **IF YOU OPT FOR THE CONVENIENCE CLASS ELECTION, YOU WILL BE AUTOMATICALLY DEEMED TO HAVE VOTED TO ACCEPT THE PLAN AND ACCEPT THE CREDITOR RELEASE OF THE LONE STAR RELEASEES.**

☐   The undersigned elects to have the Class 4 H General Unsecured Claims against Consolidated Holdco to which this Ballot pertains treated as a Convenience Claim and acknowledges that any valid Claim to which this Ballot pertains shall be reduced to an amount not to exceed the lesser of $1,000,000 or the amount of such Allowed Claims. The undersigned also votes to accept the Plan and the Creditor Release of the Lone Star Releasees.

**ITEM 5.      CERTIFICATION.   By signing this Ballot, the holder of the Class 4 H Claims certifies that it:**

(a) is the holder of the Claim or Claims to which this Ballot pertains;

(b) has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that it acknowledges that the vote set forth on this Ballot, including the election to grant the Creditor Release of the Lone Star Releasees or not grant such release, is voluntary and is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order;

(c) has full power and authority to vote to accept or reject the Plan; and

(d) has not submitted any other Ballots relating to the Claim or Claims to which this Ballot pertains that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
          (Print or Type)

Social Security Or Federal Tax I.D. No.:_____
          (Optional)

Signature:_____

By:_____
          (If Appropriate)

Title:_____
          (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed: _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

---

**YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT, BY 4:00 P.M. PACIFIC TIME ON MAY 9, 2011, OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

---

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.**

# **VOTING INSTRUCTIONS**

1.  All capitalized terms used in the ballot (the "Ballot") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully. You must transmit this Ballot to the Voting Agent by no later than 4:00 p.m. prevailing Pacific Time on May 9, 2011, unless such time is extended (the "Voting Deadline"), or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a.  Complete Item 1;

    b.  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c.  If you elect to have your Class 4 H General Unsecured Claim or Claims against Consolidated Holdco treated as a Class 3 H Claims in Item 3, you will receive both the Pro Rata Share of distributions from Consolidated Holdco that Class 4 H receives and a Pro Rata Share of the distributions that the Lone Star Entities would receive from Consolidated Holdco. By checking this box, you will be receiving a greater distribution under the terms of the Plan because you will be entitled to your pro rata share of the distribution to which the Lone Star Entities would otherwise be entitled. By checking the box in Item 3, you affirmatively accept and agree to the Creditor Release of the Lone Star Releasees and accept the Plan, regardless of the box you checked in Item 2. If you do not check the box in Item 3, you will not be accepting the Creditor Release of the Lone Star Entities, you will retain any direct claims that you may have against the Lone Star Entities arising from or related to the Debtors' bankruptcy cases; however, your distribution will be less than the distribution afforded to creditors in Class 3 H as you will not be entitled to your pro rata share of the distribution to which the Lone Star Entities would otherwise be entitled.

    d.  If you elect to have your Class 4 H General Unsecured Claim or Claims against Consolidated Holdco treated as a Convenience Claim in Item 4, you will receive the cash distribution available to holders of Convenience Claims instead of a Pro Rata Share of distributions from Consolidated Holdco, and your Claim or Claims will be reduced to one Claim in an amount not to exceed the lesser of $1,000,000 or the amount of your Allowed Claims. To make this election, check the box in Item 4. Election to reduce the amount of your Claim or Claims in order to be eligible to have your Claim(s) treated as a Convenience Claim is at your option. By checking the box in Item 4, you irrevocably elect and consent to have any valid Claims to which this Ballot pertains reduced to an amount not to exceed the lesser of $1,000,000 or the amount of your Allowed Claims. Further, by checking the box in Item 4, you affirmatively accept and agree to the Creditor Release of the Lone Star Releasees and accept the Plan and Convenience Class treatment, regardless of the boxes you checked in Items 2 and 3.

    e.  Review the certifications in Item 5;

    f.  Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

g.   If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

4.   Return the completed Ballot to the Voting Agent in the preaddressed stamped envelope enclosed with this Ballot.

5.   Return the Substitute W-9 Form or W-4 Form included in the Solicitation Package.  **Federal law requires withholding for potential income tax from distributions to creditors.  Creditors are receiving a Substitute W-9 Form and W-4 Form, as applicable, in this Solicitation Package.  Creditors must provide this form before receiving any distributions.  Former employees must provide a W-4.  All other creditors must provide a Substitute W-9.**

6.   If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

7.   If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before April 15, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth with particularly the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing.

8.   If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.  However, if a holder of Claims casts Ballots received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

9.   Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.   Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

11.   After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

12.   This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

DOCS_DE:168822.1

13.    If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

14.    PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.

**FOR MAILING PURPOSES, THE ADDRESS OF THE VOTING AGENT IS:**

ACCREDITED HOME LENDERS BALLOT PROCESSING
KURTZMAN CARSON CONSULTANTS LLC
2335 ALASKA AVENUE
EL SEGUNDO, CA 90245

DOCS_DE:168822.1

**EXHIBIT 3**
**(Class 5 H - Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**BALLOT FOR HOLDER OF LSF-MRA, LLC CLAIMS AGAINST CONSOLIDATED HOLDCO**

This ballot (the "Ballot") is being sent to LSF-MRA, LLC, Holder of Unsecured Claims against Accredited Home Lenders Holding Co. (the "Class 5 H Claims"). If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

On March 30, 2011, the United States Bankruptcy Court for the District of Delaware (the "Court") signed an order (the "Solicitation Order") which approved the *Fourth Amended Disclosure Statement with Respect to the Debtors' Third Amended Chapter 11 Plan of Liquidation*, dated March 29, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Debtors' Third Amended Chapter 11 Plan of Liquidation* (as the same may be further amended or modified, the "Plan"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent. If you do not have a copy of the Plan or the Disclosure Statement, you may obtain a copy upon written request to Accredited Home Lenders c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, by going to the website at www.kccllc.net/accredited, or by calling (866) 967-1789. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Class 5 H Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 5 H CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "<u>VOTING AGENT</u>"). THE VOTING DEADLINE IS 4:00 P.M. PREVAILING PACIFIC TIME ON MAY 9, 2011.**

**ITEM 1.**    **CLASS 5 H CLAIMS AMOUNT. The undersigned certifies that as of April 1, 2011 at noon, prevailing Pacific Time (the "<u>Record Date</u>"), it held Class 5 H Claims in the below amount:**

$_____

**ITEM 2.**    **CLASS 5 H CLAIMS VOTE. The holder of the Class 5 H Claims that relate to this Ballot votes:**

☐ to ACCEPT the Plan          ☐ to REJECT the Plan

**ITEM 3.**    **CERTIFICATION. By signing this Ballot, the holder of the Class 5 H Claims certifies that it:**

(a) is the holder of the Claim or Claims to which this Ballot pertains;

(b) has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that it acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order;

(c) has full power and authority to vote to accept or reject the Plan; and

(d) has not submitted any other Ballots relating to the Claim or Claims to which this Ballot pertains that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
    (Print or Type)

Social Security Or Federal Tax I.D. No.:_____
    (Optional)

Signature:_____

2

By:_____
      (If Appropriate)

Title:_____
      (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

---

**YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT, BY 4:00 P.M. PACIFIC TIME ON MAY 9, 2011, OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

---

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.**

## VOTING INSTRUCTIONS

1.      All capitalized terms used in the ballot (the "Ballot") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.      Please read and follow these instructions carefully. You must transmit this Ballot to the Voting Agent by no later than 4:00 p.m. prevailing Pacific Time on December 7, 2010, unless such time is extended (the "Voting Deadline"), or your Ballot will not be counted.

3.      In order for your vote to count, you must:

      a.      Complete Item 1;

      b.      Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

      c.      Review the certifications in Item 3;

      d.      Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

      e.      If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

4.      Return the completed Ballot to the Voting Agent in the preaddressed stamped envelope enclosed with this Ballot.

5.      Return the Substitute W-9 Form or W-4 Form included in the Solicitation Package. **Federal law requires withholding for potential income tax from distributions to creditors. Creditors are receiving a Substitute W-9 Form and W-4 Form, as applicable, in this Solicitation Package. Creditors must provide this form before receiving any distributions. Former employees must provide a W-4. All other creditors must provide a Substitute W-9.**

6.      If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

7.      If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before April 15, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularly the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not

have a Ballot counted at all.  The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing.

8.      If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.  However, if a holder of Claims casts Ballots received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

9.      Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.     Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

11.     After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

12.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

13.     If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

14.     PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.

**FOR MAILING PURPOSES, THE ADDRESS OF THE VOTING AGENT IS:**

ACCREDITED HOME LENDERS BALLOT PROCESSING
KURTZMAN CARSON CONSULTANTS LLC
2335 ALASKA AVENUE
EL SEGUNDO, CA 90245

## EXHIBIT 3
### (Class 6 H - Ballot)

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

### BALLOT FOR HOLDER OF ACCREDITED MORTGAGE LOAN REIT TRUST CLAIMS AGAINST CONSOLIDATED HOLDCO

This ballot (the "Ballot") is being sent to Accredited Mortgage Loan REIT Trust, Holder of Unsecured Claims against Accredited Home Lenders Holding Co. (the "Class 6 H Claims"). If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

On March 30, 2011, the United States Bankruptcy Court for the District of Delaware (the "Court") signed an order (the "Solicitation Order") which approved the *Fourth Amended Disclosure Statement with Respect to the Debtors' Third Amended Chapter 11 Plan of Liquidation*, dated March 29, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Debtors' Third Amended Chapter 11 Plan of Liquidation* (as the same may be further amended or modified, the "Plan"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent. If you do not have a copy of the Plan or the Disclosure Statement, you may obtain a copy upon written request to Accredited Home Lenders c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, by going to the website at

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

www.kccllc.net/accredited, or by calling (866) 967-1789. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Class 6 H Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 6 H CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "VOTING AGENT"). THE VOTING DEADLINE IS 4:00 P.M. PREVAILING PACIFIC TIME ON MAY 9, 2011.**

**ITEM 1.** **CLASS 6 H CLAIMS AMOUNT. The undersigned certifies that as of April 1, 2011 at noon, prevailing Pacific Time (the "Record Date"), it held Class 6 H Claims in the below amount:**

$_____

**ITEM 2.** **CLASS 6 H CLAIMS VOTE. The holder of the Class 6 H Claims that relate to this Ballot votes:**

☐ to ACCEPT the Plan          ☐ to REJECT the Plan

**ITEM 3.** **CERTIFICATION. By signing this Ballot, the holder of the Class 6 H Claims certifies that it:**

(a) is the holder of the Claim or Claims to which this Ballot pertains;

(b) has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that it acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order;

(c) has full power and authority to vote to accept or reject the Plan; and

(d) has not submitted any other Ballots relating to the Claim or Claims to which this Ballot pertains that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
          (Print or Type)

Social Security Or Federal Tax I.D. No.:_____
          (Optional)

2

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  The Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

<div style="border:1px solid">

**YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT, BY 4:00 P.M. PACIFIC TIME ON MAY 9, 2011, OR YOUR VOTE WILL NOT BE COUNTED.  FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

</div>

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.**

<u>**VOTING INSTRUCTIONS**</u>

1.     All capitalized terms used in the ballot (the "<u>Ballot</u>") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.     Please read and follow these instructions carefully. You must transmit this Ballot to the Voting Agent by no later than 4:00 p.m. prevailing Pacific Time on May 9, 2011, unless such time is extended (the "<u>Voting Deadline</u>"), or your Ballot will not be counted.

3.     In order for your vote to count, you must:

     a.     Complete Item 1;

     b.     Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

     c.     Review the certifications in Item 3;

     d.     Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

     e.     If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

4.     Return the completed Ballot to the Voting Agent in the preaddressed stamped envelope enclosed with this Ballot.

5.     Return the Substitute W-9 Form or W-4 Form included in the Solicitation Package. **Federal law requires withholding for potential income tax from distributions to creditors. Creditors are receiving a Substitute W-9 Form and W-4 Form, as applicable, in this Solicitation Package. Creditors must provide this form before receiving any distributions. Former employees must provide a W-4. All other creditors must provide a Substitute W-9.**

6.     If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

7.     If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before April 15, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularly the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not

have a Ballot counted at all. The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing.

8.       If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot. However, if a holder of Claims casts Ballots received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

9.       Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.      Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

11.      After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

12.      This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

13.      If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

14.      PLEASE MAIL YOUR BALLOT PROMPTLY. FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.

**FOR MAILING PURPOSES, THE ADDRESS OF THE VOTING AGENT IS:**

ACCREDITED HOME LENDERS BALLOT PROCESSING
KURTZMAN CARSON CONSULTANTS LLC
2335 ALASKA AVENUE
EL SEGUNDO, CA 90245

**EXHIBIT 3**
**(Class 7 H - Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**BALLOT FOR HOLDERS OF CLASS 7 H CONVENIENCE CLAIMS AGAINST CONSOLIDATED HOLDCO**

This ballot (the "Ballot") is being sent to Holders of Convenience Claims against Accredited Home Lenders Holding Co. and Vendor Management Services (the "Class 7 H Claims"). If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

On March 30, 2011, the United States Bankruptcy Court for the District of Delaware (the "Court") signed an order (the "Solicitation Order") which approved the *Fourth Amended Disclosure Statement with Respect to the Debtors' Third Amended Chapter 11 Plan of Liquidation*, dated March 29, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Debtors' Third Amended Chapter 11 Plan of Liquidation* (as the same may be further amended or modified, the "Plan"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent. If you do not have a copy of the Plan or the Disclosure Statement, you may obtain a copy upon written request to Accredited Home Lenders c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, by going to the website at

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

www.kccllc.net/accredited, or by calling (866) 967-1789. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Class 7 H Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 7 H CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "<u>VOTING AGENT</u>"). THE VOTING DEADLINE IS 4:00 P.M. PREVAILING PACIFIC TIME ON MAY 9, 2011.**

**ITEM 1.**     **CLASS 7 H CLAIMS AMOUNT. The undersigned certifies that as of April 1, 2011 at noon, prevailing Pacific Time (the "<u>Record Date</u>"), it held Class 7 H Claims in the below amount:**

$_____

**ITEM 2.**     **CLASS 7 H CLAIMS VOTE. The holder of the Class 7 H Claims that relate to this Ballot votes:**

☐     to ACCEPT the Plan, the Creditor Release of the Lone Star Releasees, and Class 7 H Convenience Class Treatment, which provides Holders of Class 7 H Claims with a one-time payment in Cash on the Effective Date of the Plan in the amount of the lesser of (a) sixty-five percent (65%) of the Holder's Allowed Class 7 H Convenience Claim in one Cash payment as part of the Effective Date Distribution from Consolidated Holdco or (b) their Pro Rata Share of One Million Five Hundred Thousand Dollars ($1,500,000).

☐     to REJECT the Plan and have such Claims treated as Class 4 H Claims.

**ITEM 3.**     **CLASS 3 H ELECTION AND CREDITOR RELEASE ACCEPTANCE. You may check this box if you wish to share in <u>both</u> the distributions that would be made to the Lone Star Entities from Consolidated Holdco <u>and</u> the distributions to be made upon Class 4 H Claims from Consolidated Holdco. IF YOU OPT FOR CLASS 3 H, YOU WILL BE AUTOMATICALLY DEEMED TO HAVE VOTED TO ACCEPT THE PLAN AND ACCEPT THE CREDITOR RELEASE OF THE LONE STAR RELEASEES. BY OPTING FOR CLASS 3 H, YOU ARE DECLINING CONVENIENCE CLASS TREATMENT.**

☐     The undersigned elects to have the Class 7 H General Unsecured Claims against Consolidated Holdco to which this Ballot pertains treated as Class 3 H Claims in exchange for receiving additional distributions that would have been made to the Lone Star Entities. The undersigned also votes to accept the Plan and the Creditor Release of the Lone Star Releasees.

2

**ITEM 4.**      **CLASS 4 H ELECTION.**   You may check this box if you elect to have your Class 7 H General Unsecured Claims against treated as Class 4 H Claims.   **BY OPTING FOR CLASS 4 H, YOU ARE DECLINING CONVENIENCE CLASS TREATMENT, DECLINING THE CREDITOR RELEASE OF THE LONE STAR RELEASEES, AND DECLINING TO SHARE IN THE DISTRIBUTIONS THAT CLASS 3 H CLAIMS RECEIVE THAT WOULD BE MADE TO THE LONE STAR ENTITIES FROM CONSOLIDATED HOLDCO.**

☐   The undersigned elects to have the Class 7 H General Unsecured Claims against Consolidated Holdco to which this Ballot pertains treated as Class 4 H Claims. The undersigned also votes to accept the Plan.

**ITEM 5.**      **CERTIFICATION.   By signing this Ballot, the holder of the Class 7 H Claims certifies that it:**

(a) is the holder of the Claim or Claims to which this Ballot pertains;

(b) has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that it acknowledges that the vote set forth on this Ballot, including the election to grant the Creditor Release of the Lone Star Releasees or not grant such release, is voluntary and is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order;

(c) has full power and authority to vote to accept or reject the Plan; and

(d) has not submitted any other Ballots relating to the Claim or Claims to which this Ballot pertains that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
        (Print or Type)

Social Security Or Federal Tax I.D. No.:_____
        (Optional)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

---

**YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT, BY 4:00 P.M. PACIFIC TIME ON MAY 9, 2011, OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

---

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.**

4

<u>**VOTING INSTRUCTIONS**</u>

1.  All capitalized terms used in the ballot (the "<u>Ballot</u>") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully. You must transmit this Ballot to the Voting Agent by no later than 4:00 p.m. prevailing Pacific Time on May 9, 2011, unless such time is extended (the "<u>Voting Deadline</u>"), or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a.  Complete Item 1;

    b.  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c.  If you elect to have your Class 7 H Convenience Claim or Claims against Consolidated Holdco treated as a Class 3 H Claims in Item 3, you will receive <u>both</u> a Pro Rata Share of distributions from Consolidated Holdco that Class 4 H receives <u>and</u> a Pro Rata Share of the distributions that the Lone Star Entities would receive from Consolidated Holdco. By checking the box in Item 3, you will be receiving a greater distribution under the terms of the Plan than those creditors electing to be treated as Class 4 H Creditors because you will be entitled to your pro rata share of the distribution to which the Lone Star Entities would otherwise be entitled. By checking the box in Item 3, you affirmatively accept and agree to the Creditor Release of the Lone Star Releasees and accept the Plan, regardless of the box you checked in Item 2.

    d.  If you elect to have your Class 7 H General Unsecured Claim or Claims against Consolidated Holdco treated as a Class 4 H Claim in Item 4, you are declining Convenience Class Treatment, declining to receive distributions from Consolidated Holdco that would be made to the Lone Star Entities, and declining to accept the Creditor Release of the Lone Star Releasees. By checking the box in Item 4, you accept the Plan, regardless of the boxes you checked in Items 2 and 3.

    e.  Review the certifications in Item 5;

    f.  Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

    g.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

4.  Return the completed Ballot to the Voting Agent in the preaddressed stamped envelope enclosed with this Ballot.

5.  Return the Substitute W-9 Form or W-4 Form included in the Solicitation Package. **Federal law requires withholding for potential income tax from distributions to creditors. Creditors are receiving a Substitute W-9 Form and W-4 Form, as applicable, in this Solicitation**

**Package. Creditors must provide this form before receiving any distributions. Former employees must provide a W-4. All other creditors must provide a Substitute W-9.**

6.      If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

7.      If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before April 15, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularly the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing.

8.      If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot. However, if a holder of Claims casts Ballots received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

9.      Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.     Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

11.     After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

12.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

13.     If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

14.     PLEASE MAIL YOUR BALLOT PROMPTLY. FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.

**FOR MAILING PURPOSES, THE ADDRESS OF THE VOTING AGENT IS:**

ACCREDITED HOME LENDERS BALLOT PROCESSING
KURTZMAN CARSON CONSULTANTS LLC
2335 ALASKA AVENUE
EL SEGUNDO, CA 90245

**EXHIBIT 3**
**(Class 8 H - Beneficial Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**BALLOT FOR BENEFICIAL HOLDERS OF CLASS 8 H CLAIMS RELATING TO ACCREDITED PREFERRED SECURITIES TRUST I AGAINST CONSOLIDATED HOLDCO**

This ballot is to be used by beneficial Holders of Class 8 H Claims relating to the Accredited Preferred Securities Trust I against Consolidated Holdco. Please complete, sign and date the ballot and return it in the enclosed Envelope to your broker, bank, commercial bank, trust company, dealer, or other agent or nominee (the "Voting Nominee"). Do not mail ballots directly to the Debtors, the Voting Agent, or the Indenture Trustee. You must mail this ballot to the Voting Nominee so that it is received by 4:00 p.m. prevailing Pacific time on May 4, 2011.

On March 30, 2011, the United States Bankruptcy Court for the District of Delaware (the "Court") signed an order (the "Solicitation Order") which approved the *Fourth Amended Disclosure Statement with Respect to the Debtors' Third Amended Chapter 11 Plan of Liquidation*, dated March 29, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Debtors' Third Amended Chapter 11 Plan of Liquidation* (as the same may be further amended or modified, the "Plan"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent. If you do not have a copy of the Plan or the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

Disclosure Statement, you may obtain a copy upon written request to Accredited Home Lenders c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, by going to the website at www.kccllc.net/accredited, or by calling (866) 967-1789. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Class 8 H Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**THIS BALLOT IS TO BE USED BY BENEFICIAL HOLDERS OF CLASS 8 H CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE VOTING NOMINEE SO THAT IT IS RECEIVED BY 4:00 P.M. PREVAILING PACIFIC TIME ON MAY 4, 2011.**

**ITEM 1.**      **CLASS 8 H CLAIMS AMOUNT. The undersigned certifies that as of April 1, 2011 at noon, prevailing Pacific Time (the "_Record Date_"), it was the beneficial holder of Class 8 H Claims by virtue of securities held by the Voting Nominee in aggregate unpaid principal amount of:**

$$\text{\$_____}$$

**ITEM 2.**      **CLASS 8 H CLAIMS VOTE. The holder of the Class 8 H Claims that relate to this Ballot votes:**

☐ to ACCEPT the Plan          ☐ to REJECT the Plan

**ITEM 3**      **CERTIFICATION AS TO SECURITIES HELD IN ADDITIONAL ACCOUNTS.**

By signing this Ballot, the undersigned certifies that either (a) this ballot is the only ballot submitted by the undersigned for Class 8 H Claims or (b) in addition to this ballot, one or more ballots ("Additional Ballots") for Class 8 H Claims have been submitted to other Voting Nominees as follows (please use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER
CLASS 8 H BALLOTS**

| Account Number of Securities | Name of Registered Holder or Voting Nominee of Securities | Claims Voted to Accept or Reject the Plan | Principal Amount of Class 7 H Claims Voted in Additional Ballot(s) |
|---|---|---|---|
| | | | |
| | | | |

2

| | | | |
|---|---|---|---|
| | | | |

**ITEM 4     CERTIFICATION.  By signing this Ballot, the undersigned:**

(a)  certifies that it is the beneficial owner of the Class 8 H Claims to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

(b)  certifies it is has been provided with a copy of the Plan, the Disclosure Statement, and the Solicitation Order;

(c)  certifies that it has not submitted any other Ballots relating to the Class 8 H Claims that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein;

(d)  consents to the submission of a Master Ballot by the Voting Nominee to the Debtors' Voting Agent.

(e)  acknowledges that this solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Order.

Name: _____
        (Print or Type)

Social Security Or Federal Tax I.D. No.:_____
        (Optional)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  The Voting Agent will not accept delivery of any such certificates

surrendered together with a Ballot.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

> **YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING NOMINEE, BY 4:00 P.M. PACIFIC TIME ON MAY 4, 2011, OR YOUR VOTE WILL NOT BE COUNTED.  FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.**

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the ballot (the "Ballot") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully.  You must transmit this Ballot to the Voting Nominee by no later than 4:00 p.m. prevailing Pacific Time on May 4, 2011, unless such time is extended, or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a.  Complete Item 1;

    b.  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c.  Only complete Item 3 if you are the beneficial owner of Trust Preferred Securities in other accounts or other record names and only if you have voted Ballots other than this Ballot;

**IMPORTANT: YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN. EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER OR ITS NOTES EITHER TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.**

    d.  Complete Item 4 and sign this Ballot; and

4.  If additional space is required to respond to any item on the Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Ballot to which you are responding.

5.  Votes cast by Beneficial Owners through a Voting Nominee will be applied against the positions held by such entities in the applicable security as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of such securities held by such Voting Nominee.

6.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.

DOCS_DE:168822.1

7.      To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

8.      Return the completed Ballot to the Voting Nominee in the preaddressed stamped envelope enclosed with this Ballot.

9.      If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Nominee.

10.     If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before April 15, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularly the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing.

11.     If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot. However, if a holder of Claims casts Ballots received by the Voting Nominee on the same day, but which are voted inconsistently, such Ballots will not be counted.

12.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

13.     Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

14.     After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

15.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

16.     If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

17.     PLEASE MAIL YOUR BALLOT PROMPTLY. FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

DOCS_DE:168822.1

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.

DOCS_DE:168822.1

**EXHIBIT 3**
**(Class 8 H - Master Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**MASTER BALLOT FOR HOLDERS OF CLASS 8 H CLAIMS RELATING TO ACCREDITED PREFERRED SECURITIES TRUST I AGAINST CONSOLIDATED HOLDCO**

This master ballot ("Ballot") is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee"), for beneficial owners of the Class 8 H Claims relating to Accredited Preferred Securities Trust I against Consolidated Holdco (the "Class 8 H Claims"). This Ballot is being sent to Voting Nominees to use to cast votes to accept or reject the Plan on behalf of and in accordance with the Ballots timely cast by the beneficial owners of Class 8 H Claims. If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

On March 30, 2011, the United States Bankruptcy Court for the District of Delaware (the "Court") signed an order (the "Solicitation Order") which approved the *Fourth Amended Disclosure Statement with Respect to the Debtors' Third Amended Chapter 11 Plan of Liquidation*, dated March 29, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Debtors' Third Amended Chapter 11 Plan of Liquidation* (as the same may be further amended or modified, the "Plan"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

other exhibits annexed thereto, from the Voting Agent. If you do not have a copy of the Plan or the Disclosure Statement, you may obtain a copy upon written request to Accredited Home Lenders c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, by going to the website at www.kccllc.net/accredited, or by calling (866) 967-1789. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Class 8 H Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 8 H CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "VOTING AGENT"). THE VOTING DEADLINE IS 4:00 P.M. PREVAILING PACIFIC TIME ON MAY 9, 2011.**

**ITEM 1.        CERTIFICATION OF AUTHORITY TO VOTE. The Undersigned certifies that as of April 1, 2011 at noon, prevailing Pacific Time (the "Record Date"), the Undersigned (please check applicable box):**

☐    Is a broker, bank, or other agent or nominee for the beneficial owners of the aggregate principal amount of Notes listed in Items 2 and 3 below that is the registered holder of such securities; or

☐    Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Notes listed in Items 2 and 3 below; or

☐    Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of Notes listed in Items 2 and 3 and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the beneficial owners of the Notes described below.

**ITEM 2. TABULATION OF BENEFICIAL OWNER VOTING. The undersigned certifies that:**

**Acceptances.** _____ beneficial owners of Class 8 H Claims in the aggregate unpaid principal amount of $ _____ have delivered duly completed Class 8 H Claims relating to Accredited Preferred Securities Trust I against Consolidated Holdco - Beneficial Ballots to the undersigned (or, such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Plan; and

**Rejections.** _____ beneficial owners of Class 8 H Claims in the aggregate unpaid principal amount of $ _____ have delivered duly completed Class 8 H Claims relating to Accredited Preferred Securities Trust I against Consolidated Holdco - Beneficial Ballots to the undersigned (or, such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Plan.

2

**ITEM 3.  TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL OWNER BALLOTS.**
The undersigned transmits the following votes of beneficial owners of the Class 8 H Claims and certifies that the following are beneficial owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account - please note that each beneficial owner must vote all of his, her, or its Claims to accept or reject the Plan and may not split such vote):

| Your Customer Name or Account Number for Each Beneficial Owner and name of each beneficial owner voting on the Plan | Principal Amount of beneficial owners of the Class 8 H Claims Voting to ACCEPT the Plan[2] | Principal Amount of beneficial owners of the Class 8 H Claims Voting to REJECT the Plan |
|---|---|---|
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| **TOTALS** | $ | $ |

[If space is insufficient, attach additional sheets in same format.]

**ITEM 4 - ADDITIONAL BALLOTS SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Ballot received from a beneficial owner of the Notes.  Please use additional sheets of paper if necessary.

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of the | Account Number of Securities | Name of Registered Holder or Voting Nominee of Securities | Claims Voted to Accept or Reject the Plan | Principal Amount of Class 8 H Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|

---

[2]  Please note that each beneficial owner must vote all of his, her, or its Claims to accept or reject the Plan and may not split such vote.

| Class 7 H Claims Beneficial Owners Ballot | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**ITEM 5**        **CERTIFICATION. By signing this Ballot, the undersigned:**

(a) certifies that each beneficial owner of the Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order;

(b) certifies it is the registered holder of Claims to which this ballot pertains and/or has full power and authority to vote to accept or reject the Plan; and

(c) acknowledges that this solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Order.

Name: _____
       (Print or Type)

Participant Number: _____

Social Security Or Federal Tax I.D. No.:_____
       (Optional)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

4

YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT, BY 4:00 P.M. PACIFIC TIME ON MAY 9, 2011, OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.**

## VOTING INSTRUCTIONS

1. All capitalized terms used in the ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. You must transmit this Ballot to the Voting Agent by no later than 4:00 p.m. prevailing Pacific Time on May 9, 2011, unless such time is extended (the "Voting Deadline"), or your Ballot will not be counted.

3. In order for your vote to count, you must:

   a. Complete Item 1;

   b. Indicate the total votes to accept or reject the Plan in Item 2;

   c. Transcribe the votes from the beneficial holder Ballots in Item 3 and indicate whether the beneficial holder voted to accept or reject the Plan;

**IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER OR ITS NOTES EITHER TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.**

   d. Transcribe from Item 3 of the beneficial holder Ballots the information provided by the beneficial owners into Item 4 of this Ballot;

   e. Complete Item 5 and sign this Ballot; and

   f. Independently verify and confirm the accuracy of the information provided with respect to each beneficial owner of the Class 8 H Claims.

4. If additional space is required to respond to any item on the Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Ballot to which you are responding.

5. Votes cast by Beneficial Owners through a Voting Nominee will be applied against the positions held by such entities in the applicable security as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of such securities held by such Voting Nominee.

6.      To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.

7.      To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

8.      Return the completed Ballot to the Voting Agent in the preaddressed stamped envelope enclosed with this Ballot.

9.      If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

10.     If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before April 15, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>").  A 3018 Motion must set forth with particularly the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing.

11.     If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.  However, if a holder of Claims casts Ballots received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

12.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

13.     Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

14.     After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

15.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

16.     If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

17.     PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (917) 281-4800.

**FOR MAILING PURPOSES, THE ADDRESS OF THE VOTING AGENT IS:**

ACCREDITED HOME LENDERS BALLOT PROCESSING
KURTZMAN CARSON CONSULTANTS LLC
599 LEXINGTON AVENUE, 39TH FLOOR
NEW YORK, NY 10022

DOCS_DE:168822.1

**EXHIBIT 3**
**(Class 4 C - Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE CONSOLIDATED DEBTORS**

This ballot (the "Ballot") is being sent to Holders of General Unsecured Claims against Accredited Home Lenders, Inc., Inzura Insurance Services, Inc., and Windsor Management Co. that have a face amount greater than $25,000 (the "Class 4 C Claims"). If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

On March 30, 2011, the United States Bankruptcy Court for the District of Delaware (the "Court") signed an order (the "Solicitation Order") which approved the *Fourth Amended Disclosure Statement with Respect to the Debtors' Third Amended Chapter 11 Plan of Liquidation*, dated March 29, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Debtors' Third Amended Chapter 11 Plan of Liquidation* (as the same may be further amended or modified, the "Plan"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent. If you do not have a copy of the Plan or the Disclosure Statement, you may obtain a copy upon written request to Accredited Home Lenders c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, by going to the website at

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

www.kccllc.net/accredited, or by calling (866) 967-1789. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Class 4 C Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 4 C CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "VOTING AGENT"). THE VOTING DEADLINE IS 4:00 P.M. PREVAILING PACIFIC TIME ON MAY 9, 2011.**

ITEM 1.    **CLASS 4 C CLAIMS AMOUNT. The undersigned certifies that as of April 1, 2011 at noon, prevailing Pacific Time (the "Record Date"), it held Unsecured Claims against the Consolidated Debtors in the below amount:**

$_____

ITEM 2.    **CLASS 4 C CLAIMS VOTE. The holder of the Class 4 C Claims that relate to this Ballot votes:**

☐ to ACCEPT the Plan            ☐ to REJECT the Plan

ITEM 3.    **CLASS 3 C ELECTION AND CREDITOR RELEASE ACCEPTANCE.** You may check this box if you wish to share in both the Lone Star Creditor Release Settlement Payment and the distributions to be made upon Class 4 C Claims. **IF YOU OPT FOR CLASS 3 C, YOU WILL BE AUTOMATICALLY DEEMED TO HAVE VOTED TO ACCEPT THE PLAN AND ACCEPT THE CREDITOR RELEASE OF THE LONE STAR RELEASEES, AND YOUR DISTRIBUTION ON ACCOUNT OF YOUR ALLOWED CLAIM WILL BE GREATER AS IT WILL INCLUDE A SHARE OF THE LONE STAR CREDITOR RELEASE SETTLEMENT PAYMENT.**

☐ The undersigned elects to have the Class 4 C General Unsecured Claims against the Consolidated Debtors to which this Ballot pertains treated as Class 3 C Claims in exchange for a Pro Rata Share of the Lone Star Creditor Release Settlement Payment. The undersigned also votes to accept the Plan and the Creditor Release of the Lone Star Releasees.

ITEM 4.    **OPTIONAL ELECTION TO BE TREATED AS A CLASS 6 C CONVENIENCE CLAIM.** You may check this box if you elect to have your Class 4 C General Unsecured Claims against the Consolidated Debtors reduced to $25,000 (if such Claims exceed $25,000) and to have your Claims treated as one Consolidated Debtors Convenience Claim (Class 6 C). If the Plan is confirmed, upon the Effective Date, Holders of Consolidated Debtors Convenience Claims will receive one distribution in cash equal to 75% of such Claims. This distribution will fully satisfy such Claims. Claim Holders

2

electing for this treatment shall not receive any further distributions under the Plan. By checking the box below, you irrevocably elect and consent to have your aggregate Claims reduced to an amount not to exceed $25,000. **IF YOU OPT FOR THE CONVENIENCE CLASS ELECTION, YOU WILL BE AUTOMATICALLY DEEMED TO HAVE VOTED TO ACCEPT THE PLAN AND ACCEPT THE CREDITOR RELEASE OF THE LONE STAR RELEASEES.**

☐ The undersigned elects to have the Class 4 C General Unsecured Claims against the Consolidated Debtors to which this Ballot pertains treated as a Convenience Claim and acknowledges that any valid Claim to which this Ballot pertains shall be reduced to an amount not to exceed the lesser $25,000 or the amount of such Allowed Claims. The undersigned also votes to accept the Plan and the Creditor Release of the Lone Star Releasees.

**ITEM 5.**      **CERTIFICATION. By signing this Ballot, the holder of the Class 4 C Claims certifies that it:**

(a) is the holder of the Claim or Claims to which this Ballot pertains;

(b) has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that it acknowledges that the vote set forth on this Ballot, including the election to grant the Creditor Release of the Lone Star Releasees or not grant such release, is voluntary and is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order;

(c) has full power and authority to vote to accept or reject the Plan; and

(d) has not submitted any other Ballots relating to the Claim or Claims to which this Ballot pertains that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
            (Print or Type)

Social Security Or Federal Tax I.D. No.:_____
            (Optional)

Signature:_____

By:_____
            (If Appropriate)

Title:_____
            (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed: _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  The Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

<div style="border:1px solid black">

**YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT, BY 4:00 P.M. PACIFIC TIME ON MAY 9, 2011, OR YOUR VOTE WILL NOT BE COUNTED.  FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

</div>

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.**

DOCS_DE:168822.1

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the ballot (the "Ballot") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully. You must transmit this Ballot to the Voting Agent by no later than 4:00 p.m. prevailing Pacific Time on May 9, 2011, unless such time is extended (the "Voting Deadline"), or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a.  Complete Item 1;

    b.  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c.  If you elect to have your Class 4 C General Unsecured Claim or Claims against the Consolidated Debtors treated as a Class 3 C Claims in Item 3, you will receive both a Pro Rata Share of distributions from the Liquidating Trust that Class 4 C receives and a Pro Rata Share of the Lone Star Creditor Release Payment. By checking the box in Item 3, you will be receiving a greater distribution under the terms of the Plan because you will be entitled to your pro rata share of the Lone Star Creditor Release Settlement Payment. By checking the box in Item 3, you accept the Creditor Release of the Lone Star Releasees and accept the Plan, regardless of the box you checked in Item 2. If you do not check the box in Item 3, you will not be accepting the Creditor Release of the Lone Star Entities, you will retain any direct claims that you may have against the Lone Star Entities arising from or related to the Debtors' bankruptcy cases; however, your distribution will be less than the distribution afforded to creditors in Class 3 H as you will not be entitled to your pro rata share of the distribution to which the Lone Star Entities would otherwise be entitled.

    d.  If you elect to have your Class 4 C General Unsecured Claim or Claims against the Consolidated Debtors treated as a Convenience Claim in Item 4, you will receive the cash distribution available to holders of Convenience Claims instead of a Pro Rata Share of distributions from the Liquidating Trust, and your Claim or Claims will be reduced to one Claim in an amount not to exceed the lesser of $25,000 or the amount of your Allowed Claims. To make this election, check the box in Item 4. Election to reduce the amount of your Claim or Claims in order to be eligible to have your Claim(s) treated as a Convenience Claim is at your option. By checking the box in Item 4, you irrevocably elect and consent to have any valid Claims to which this Ballot pertains reduced to an amount not to exceed the lesser of $25,000 or the amount of your Allowed Claims. Further, by checking the box in Item 4, you affirmatively accept and agree to the Creditor Release of the Lone Star Releasees and accept the Plan and Convenience Class treatment, regardless of the boxes you checked in Items 2 and 3.

    e.  Review the certifications in Item 5;

    f.  Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

g.    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

4.    Return the completed Ballot to the Voting Agent in the preaddressed stamped envelope enclosed with this Ballot.

5.    Return the Substitute W-9 Form or W-4 Form included in the Solicitation Package.  **Federal law requires withholding for potential income tax from distributions to creditors.  Creditors are receiving a Substitute W-9 Form and W-4 Form, as applicable, in this Solicitation Package.  Creditors must provide this form before receiving any distributions.  Former employees must provide a W-4.  All other creditors must provide a Substitute W-9.**

6.    If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

7.    If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before April 15, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth with particularly the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing.

8.    If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.  However, if a holder of Claims casts Ballots received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

9.    Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.    Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

11.    After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

12.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

DOCS_DE:168822.1

13.    If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

14.    PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.

**FOR MAILING PURPOSES, THE ADDRESS OF THE VOTING AGENT IS:**

ACCREDITED HOME LENDERS BALLOT PROCESSING
KURTZMAN CARSON CONSULTANTS LLC
2335 ALASKA AVENUE
EL SEGUNDO, CA 90245

**EXHIBIT 3**
**(Class 5 C - Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**BALLOT FOR HOLDER OF CLASS 5 C LONE STAR ENTITIES CLAIMS AGAINST THE CONSOLIDATED DEBTORS**

This ballot (the "Ballot") is being sent to the Holders of the Claims of the Lone Star Entities against Accredited Home Lenders, Inc., Inzura Insurance Services, Inc., and Windsor Management Co., (the "Class 5 C Claims"). If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

On March 30, 2011, the United States Bankruptcy Court for the District of Delaware (the "Court") signed an order (the "Solicitation Order") which approved the *Fourth Amended Disclosure Statement with Respect to the Debtors' Third Amended Chapter 11 Plan of Liquidation*, dated March 29, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Debtors' Third Amended Chapter 11 Plan of Liquidation* (as the same may be further amended or modified, the "Plan"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent. If you do not have a copy of the Plan or the Disclosure Statement, you may obtain a copy upon written request to Accredited Home Lenders c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, by going to the website at

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

www.kccllc.net/accredited, or by calling (866) 967-1789. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Class 5 C Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 5 C CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "<u>VOTING AGENT</u>"). THE VOTING DEADLINE IS 4:00 P.M. PREVAILING PACIFIC TIME ON MAY 9, 2011.**

**ITEM 1.** **CLASS 5 C CLAIMS AMOUNT. The undersigned certifies that as of April 1, 2011 at noon, prevailing Pacific Time (the "<u>Record Date</u>"), it held Class 5 C Claims in the below amount:**

$_____

**ITEM 2.** **CLASS 5 C CLAIMS VOTE. The holder of the Class 5 C Claims that relate to this Ballot votes:**

☐ to ACCEPT the Plan      ☐ to REJECT the Plan

**ITEM 3.** **CERTIFICATION. By signing this Ballot, the holder of the Class 5 C Claims certifies that it:**

(a) is the holder of the Claim or Claims to which this Ballot pertains;

(b) has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that it acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order;

(c) has full power and authority to vote to accept or reject the Plan; and

(d) has not submitted any other Ballots relating to the Claim or Claims to which this Ballot pertains that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
       (Print or Type)

Social Security Or Federal Tax I.D. No.:_____
       (Optional)

2

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

---

**YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT, BY 4:00 P.M. PACIFIC TIME ON MAY 9, 2011, OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

---

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.**

DOCS_DE:168822.1

# VOTING INSTRUCTIONS

1.    All capitalized terms used in the ballot (the "<u>Ballot</u>") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.    Please read and follow these instructions carefully.  You must transmit this Ballot to the Voting Agent by no later than 4:00 p.m. prevailing Pacific Time on May 9, 2011, unless such time is extended (the "<u>Voting Deadline</u>"), or your Ballot will not be counted.

3.    In order for your vote to count, you must:

   a.    Complete Item 1;

   b.    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c.    Review the certifications in Item 3;

   d.    Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

   e.    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

4.    Return the completed Ballot to the Voting Agent in the preaddressed stamped envelope enclosed with this Ballot.

5.    Return the Substitute W-9 Form included in the Solicitation Package.  **Federal law requires withholding for potential income tax from distributions to creditors.  Creditors are receiving a Substitute W-9 Form in this Solicitation Package.  Creditors must provide a W-9 form before receiving any distributions.**

6.    If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

7.    If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before April 15, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>").  A 3018 Motion must set forth with particularly the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not

4

have a Ballot counted at all. The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing.

8.      If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot. However, if a holder of Claims casts Ballots received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

9.      Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.      Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

11.      After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

12.      This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

13.      If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

14.      PLEASE MAIL YOUR BALLOT PROMPTLY. FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.

**FOR MAILING PURPOSES, THE ADDRESS OF THE VOTING AGENT IS:**

     ACCREDITED HOME LENDERS BALLOT PROCESSING
     KURTZMAN CARSON CONSULTANTS LLC
     2335 ALASKA AVENUE
     EL SEGUNDO, CA 90245

**EXHIBIT 3**
**(Class 6 C - Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**BALLOT FOR HOLDERS OF CLASS 6 C CONVENIENCE CLAIMS AGAINST THE CONSOLIDATED DEBTORS**

This ballot (the "Ballot") is being sent to Holders of General Unsecured Claims against Accredited Home Lenders, Inc., Inzura Insurance Services, Inc., and Windsor Management Co. that have a face amount equal to or less than $25,000 (the "Class 6 C Claims"). If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

On March 30, 2011, the United States Bankruptcy Court for the District of Delaware (the "Court") signed an order (the "Solicitation Order") which approved the *Fourth Amended Disclosure Statement with Respect to the Debtors' Third Amended Chapter 11 Plan of Liquidation*, dated March 29, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Debtors' Third Amended Chapter 11 Plan of Liquidation* (as the same may be further amended or modified, the "Plan"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent. If you do not have a copy of the Plan or the Disclosure Statement, you may obtain a copy upon written request to Accredited Home Lenders c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, by going to the website at

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

www.kccllc.net/accredited, or by calling (866) 967-1789. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Class 6 C Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 6 C CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "<u>VOTING AGENT</u>"). THE VOTING DEADLINE IS 4:00 P.M. PREVAILING PACIFIC TIME ON MAY 9, 2011.**

**ITEM 1.**   **CLASS 6 C CLAIMS AMOUNT. The undersigned certifies that as of April 1, 2011 at noon, prevailing Pacific Time (the "<u>Record Date</u>"), it held Class 6 C Claims in the below amount:**

$_____

**ITEM 2.**   **CLASS 6 C CLAIMS VOTE. The holder of the Class 6 C Claims that relate to this Ballot votes:**

☐   to ACCEPT the Plan, the Creditor Release of the Lone Star Releasees, and Class 6 C Convenience Class Treatment, which provides Holders of Class 6 C Claims with a one-time payment in Cash on the Effective Date of the Plan in the amount of 75% of such Claims in full satisfaction of such Claims.

☐   to REJECT the Plan and have such Claims treated as Class 4 C Claims.

**ITEM 3.**   **CLASS 3 C ELECTION AND CREDITOR RELEASE ACCEPTANCE.** You may check this box if you wish to share in <u>both</u> the Lone Star Creditor Release Settlement Payment <u>and</u> the distributions to be made upon Class 3 C Claims from the Consolidated Debtors. **IF YOU OPT FOR THE CLASS 3 C, YOU WILL BE AUTOMATICALLY DEEMED TO HAVE VOTED TO ACCEPT THE PLAN AND ACCEPT THE CREDITOR RELEASE OF THE LONE STAR RELEASEES. BY OPTING FOR CLASS 3 C, YOU ARE DECLINING CONVENIENCE CLASS TREATMENT.**

☐ The undersigned elects to have the Class 6 C General Unsecured Claims against the Consolidated Debtors to which this Ballot pertains treated as Class 3 C Claims in exchange for receiving a Pro Rata Share of the Lone Star Creditor Release Settlement Payment. The undersigned also votes to accept the Plan and the Creditor Release of the Lone Star Releasees.

**ITEM 4.**   **CLASS 4 C ELECTION.** You may check this box if you elect to have your Class 6 C General Unsecured Claims against treated as Class 4 C Claims. **BY OPTING FOR CLASS 4 C, YOU ARE DECLINING CONVENIENCE CLASS TREATMENT,**

2

**DECLINING THE CREDITOR RELEASE OF THE LONE STAR RELEASEES, AND DECLINING TO SHARE IN THE LONE STAR CREDITOR RELEASE SETTLEMENT PAYMENT.**

☐ The undersigned elects to have the Class 6 C General Unsecured Claims against the Consolidated Debtors to which this Ballot pertains treated as Class 4 C Claims. The undersigned also votes to accept the Plan.

**ITEM 5.**     **CERTIFICATION.** By signing this Ballot, the holder of the Class 6 C Claims certifies that it:

(a) is the holder of the Claim or Claims to which this Ballot pertains;

(b) has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that it acknowledges that the vote set forth on this Ballot, including the election to grant the Creditor Release of the Lone Star Releasees or not grant such release, is voluntary and is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order;

(c) has full power and authority to vote to accept or reject the Plan; and

(d) has not submitted any other Ballots relating to the Claim or Claims to which this Ballot pertains that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
        (Print or Type)

Social Security Or Federal Tax I.D. No.:_____
        (Optional)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates

representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT, BY 4:00 P.M. PACIFIC TIME ON MAY 9, 2011, OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.**

## VOTING INSTRUCTIONS

1. All capitalized terms used in the ballot (the "Ballot") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. You must transmit this Ballot to the Voting Agent by no later than 4:00 p.m. prevailing Pacific Time on May 9, 2011, unless such time is extended (the "Voting Deadline"), or your Ballot will not be counted.

3. In order for your vote to count, you must:

   a. Complete Item 1;

   b. Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c. If you elect to have your Class 6 C Convenience Claim or Claims against the Consolidated Debtors treated as a Class 3 C Claims in Item 3, you will receive both the Pro Rata Share of distributions from the Consolidated Debtors that Class 4 C receives and a Pro Rata Share of the distributions that the Lone Star Entities would receive from the Consolidated Debtors. By checking the box in Item 3, you will be receiving a greater distribution under the terms of the Plan than those creditors electing to be treated as Class 4 C Creditors because you will be entitled to your pro rata share of the Lone Star Creditor Release Settlement Payment. By checking the box in Item 3, you accept the Creditor Release of the Lone Star Releasees and accept the Plan, regardless of the box you checked in Item 2.

   d. If you elect to have your Class 6 C Convenience Claim or Claims against the Consolidated Debtors treated as a Class 4 C in Item 4, you are declining Convenience Class Treatment, declining to receive distributions from the Lone Star Creditor Release Settlement Payment, and declining to accept the Creditor Release of the Lone Star Releasees. By checking the box in Item 4, you accept the Plan, regardless of the boxes you checked in Items 2 and 3.

   e. Review the certifications in Item 5;

4

f.	Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

g.	If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

4.	Return the completed Ballot to the Voting Agent in the preaddressed stamped envelope enclosed with this Ballot.

5.	Return the Substitute W-9 Form or W-4 Form included in the Solicitation Package.  Federal law requires withholding for potential income tax from distributions to creditors.  Creditors are receiving a Substitute W-9 Form and W-4 Form, as applicable, in this Solicitation Package. **Creditors must provide this form before receiving any distributions.  Former employees must provide a W-4.  All other creditors must provide a Substitute W-9.**

6.	If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

7.	If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before April 15, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth with particularly the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing.

8.	If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.  However, if a holder of Claims casts Ballots received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

9.	Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.	Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

11.	After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

12. This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

13. If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

14. PLEASE MAIL YOUR BALLOT PROMPTLY. FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.

**FOR MAILING PURPOSES, THE ADDRESS OF THE VOTING AGENT IS:**

ACCREDITED HOME LENDERS BALLOT PROCESSING
KURTZMAN CARSON CONSULTANTS LLC
2335 ALASKA AVENUE
EL SEGUNDO, CA 90245

DOCS_DE:168822.1

**EXHIBIT 3**
(Class 7 C - Ballot)

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

**BALLOT FOR HOLDER OF CLASS 7 C REIT JUNIOR CLAIM AGAINST THE CONSOLIDATED DEBTORS**

This ballot (the "Ballot") is being sent to the Holders of the REIT Junior Claim against Accredited Home Lenders, Inc., Inzura Insurance Services, Inc., and Windsor Management Co., (the "Class 7 C Claims"). If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

On March 30, 2011, the United States Bankruptcy Court for the District of Delaware (the "Court") signed an order (the "Solicitation Order") which approved the *Fourth Amended Disclosure Statement with Respect to the Debtors' Third Amended Chapter 11 Plan of Liquidation*, dated March 29, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Debtors' Third Amended Chapter 11 Plan of Liquidation* (as the same may be further amended or modified, the "Plan"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan which is proposed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent. If you do not have a copy of the Plan or the Disclosure Statement, you may obtain a copy upon written request to Accredited Home Lenders c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, by going to the website at

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

www.kccllc.net/accredited, or by calling (866) 967-1789. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Class 7 C Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 7 C CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "VOTING AGENT"). THE VOTING DEADLINE IS 4:00 P.M. PREVAILING PACIFIC TIME ON MAY 9, 2011.**

**ITEM 1.**      **CLASS 7 C CLAIMS AMOUNT. The undersigned certifies that as of April 1, 2011 at noon, prevailing Pacific Time (the "Record Date"), it held Class 7 C Claims in the below amount:**

$_____

**ITEM 2.**      **CLASS 7 C CLAIMS VOTE. The holder of the Class 7 C Claims that relate to this Ballot votes:**

☐ to ACCEPT the Plan          ☐ to REJECT the Plan

**ITEM 3.**      **CERTIFICATION. By signing this Ballot, the holder of the Class 7 C Claims certifies that it:**

(a) is the holder of the Claim or Claims to which this Ballot pertains;

(b) has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that it acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order;

(c) has full power and authority to vote to accept or reject the Plan; and

(d) has not submitted any other Ballots relating to the Claim or Claims to which this Ballot pertains that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
         (Print or Type)

Social Security Or Federal Tax I.D. No.:_____
         (Optional)

2

Signature: _____

By: _____
      (If Appropriate)

Title: _____
      (If Appropriate)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

---

**YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT, BY 4:00 P.M. PACIFIC TIME ON MAY 9, 2011, OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

---

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.**

## **VOTING INSTRUCTIONS**

1.  All capitalized terms used in the ballot (the "<u>Ballot</u>") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully.  You must transmit this Ballot to the Voting Agent by no later than 4:00 p.m. prevailing Pacific Time on May 9, 2011, unless such time is extended (the "<u>Voting Deadline</u>"), or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a.  Complete Item 1;

    b.  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c.  Review the certifications in Item 3;

    d.  Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

    e.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

4.  Return the completed Ballot to the Voting Agent in the preaddressed stamped envelope enclosed with this Ballot.

5.  Return the Substitute W-9 Form included in the Solicitation Package.  **Federal law requires withholding for potential income tax from distributions to creditors.  Creditors are receiving a Substitute W-9 Form in this Solicitation Package.  Creditors must provide a W-9 form before receiving any distributions.**

6.  If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

7.  If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before April 15, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>").  A 3018 Motion must set forth with particularly the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not

have a Ballot counted at all. The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing.

8.      If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot. However, if a holder of Claims casts Ballots received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

9.      Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

10.     Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

11.     After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

12.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

13.     If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

14.     PLEASE MAIL YOUR BALLOT PROMPTLY. FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (866) 967-1789.

**FOR MAILING PURPOSES, THE ADDRESS OF THE VOTING AGENT IS:**

        ACCREDITED HOME LENDERS BALLOT PROCESSING
        KURTZMAN CARSON CONSULTANTS LLC
        2335 ALASKA AVENUE
        EL SEGUNDO, CA 90245

EXHIBIT 4

**W-9 AND W-4 FORM**

Form **W-9**
(Rev. January 2011)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
# Identification Number and Certification

**Give Form to the requester. Do not send to the IRS.**



**Name (as shown on your income tax return)**

**Business name/disregarded entity name, if different from above**

**Check appropriate box for federal tax classification (required):**
☐ Individual/sole proprietor ☐ C Corporation ☐ S Corporation ☐ Partnership ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _ _ _ _ _ _ _ _

☐ Other (see instructions) ▶

☐ Exempt payee

**Address (number, street, and apt. or suite no.)**

**Requester's name and address (optional)**

**City, state, and ZIP code**

**List account number(s) here (optional)**

*Print or type*
*See Specific Instructions on page 2.*

## Part I    Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

**Social security number**

**Employer identification number**

## Part II    Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

**Sign Here**    **Signature of U.S. person** ▶                    **Date** ▶

# General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

## Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

• The U.S. owner of a disregarded entity and not the entity,

• The U.S. grantor or other owner of a grantor trust and not the trust, and

• The U.S. trust (other than a grantor trust) and not the beneficiaries of the trust.

**Foreign person.** If you are a foreign person, do not use Form W-9. Instead, use the appropriate Form W-8 (see Publication 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the payee has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement to Form W-9 that specifies the following five items:

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

**Example.** Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if his or her stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first protocol) and is relying on this exception to claim an exemption from tax on his or her scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

If you are a nonresident alien or a foreign entity not subject to backup withholding, give the requester the appropriate completed Form W-8.

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS a percentage of such payments. This is called "backup withholding." Payments that may be subject to backup withholding include interest, tax-exempt interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will not be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

**Payments you receive will be subject to backup withholding if:**

1. You do not furnish your TIN to the requester,

2. You do not certify your TIN when required (see the Part II instructions on page 3 for details),

3. The IRS tells the requester that you furnished an incorrect TIN,

4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or

5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See the instructions below and the separate Instructions for the Requester of Form W-9.

Also see *Special rules for partnerships* on page 1.

## Updating Your Information

You must provide updated information to any person to whom you claimed to be an exempt payee if you are no longer an exempt payee and anticipate receiving reportable payments in the future from this person. For example, you may need to provide updated information if you are a C corporation that elects to be an S corporation, or if you no longer are tax exempt. In addition, you must furnish a new Form W-9 if the name or TIN changes for the account, for example, if the grantor of a grantor trust dies.

## Penalties

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of federal law, the requester may be subject to civil and criminal penalties.

## Specific Instructions

### Name

If you are an individual, you must generally enter the name shown on your income tax return. However, if you have changed your last name, for instance, due to marriage without informing the Social Security Administration of the name change, enter your first name, the last name shown on your social security card, and your new last name.

If the account is in joint names, list first, and then circle, the name of the person or entity whose number you entered in Part I of the form.

**Sole proprietor.** Enter your individual name as shown on your income tax return on the "Name" line. You may enter your business, trade, or "doing business as (DBA)" name on the "Business name/disregarded entity name" line.

**Partnership, C Corporation, or S Corporation.** Enter the entity's name on the "Name" line and any business, trade, or "doing business as (DBA) name" on the "Business name/disregarded entity name" line.

**Disregarded entity.** Enter the owner's name on the "Name" line. The name of the entity entered on the "Name" line should never be a disregarded entity. The name on the "Name" line must be the name shown on the income tax return on which the income will be reported. For example, if a foreign LLC that is treated as a disregarded entity for U.S. federal tax purposes has a domestic owner, the domestic owner's name is required to be provided on the "Name" line. If the direct owner of the entity is also a disregarded entity, enter the first owner that is not disregarded for federal tax purposes. Enter the disregarded entity's name on the "Business name/disregarded entity name" line. If the owner of the disregarded entity is a foreign person, you must complete an appropriate Form W-8.

**Note.** Check the appropriate box for the federal tax classification of the person whose name is entered on the "Name" line (Individual/sole proprietor, Partnership, C Corporation, S Corporation, Trust/estate).

**Limited Liability Company (LLC).** If the person identified on the "Name" line is an LLC, check the "Limited liability company" box only and enter the appropriate code for the tax classification in the space provided. If you are an LLC that is treated as a partnership for federal tax purposes, enter "P" for partnership. If you are an LLC that has filed a Form 8832 or a Form 2553 to be taxed as a corporation, enter "C" for C corporation or "S" for S corporation. If you are an LLC that is disregarded as an entity separate from its owner under Regulation section 301.7701-3 (except for employment and excise tax), do not check the LLC box unless the owner of the LLC (required to be identified on the "Name" line) is another LLC that is not disregarded for federal tax purposes. If the LLC is disregarded as an entity separate from its owner, enter the appropriate tax classification of the owner identified on the "Name" line.

**Other entities.** Enter your business name as shown on required federal tax documents on the "Name" line. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on the "Business name/disregarded entity name" line.

# Exempt Payee

If you are exempt from backup withholding, enter your name as described above and check the appropriate box for your status, then check the "Exempt payee" box in the line following the "Business name/disregarded entity name," sign and date the form.

Generally, individuals (including sole proprietors) are not exempt from backup withholding. Corporations are exempt from backup withholding for certain payments, such as interest and dividends.

**Note.** If you are exempt from backup withholding, you should still complete this form to avoid possible erroneous backup withholding.

The following payees are exempt from backup withholding:

1. An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2),

2. The United States or any of its agencies or instrumentalities,

3. A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities,

4. A foreign government or any of its political subdivisions, agencies, or instrumentalities, or

5. An international organization or any of its agencies or instrumentalities.

Other payees that may be exempt from backup withholding include:

6. A corporation,

7. A foreign central bank of issue,

8. A dealer in securities or commodities required to register in the United States, the District of Columbia, or a possession of the United States,

9. A futures commission merchant registered with the Commodity Futures Trading Commission,

10. A real estate investment trust,

11. An entity registered at all times during the tax year under the Investment Company Act of 1940,

12. A common trust fund operated by a bank under section 584(a),

13. A financial institution,

14. A middleman known in the investment community as a nominee or custodian, or

15. A trust exempt from tax under section 664 or described in section 4947.

The following chart shows types of payments that may be exempt from backup withholding. The chart applies to the exempt payees listed above, 1 through 15.

| IF the payment is for . . . | THEN the payment is exempt for . . . |
|---|---|
| Interest and dividend payments | All exempt payees except for 9 |
| Broker transactions | Exempt payees 1 through 5 and 7 through 13. Also, C corporations. |
| Barter exchange transactions and patronage dividends | Exempt payees 1 through 5 |
| Payments over $600 required to be reported and direct sales over $5,000 [1] | Generally, exempt payees 1 through 7 [2] |

[1] See Form 1099-MISC, Miscellaneous Income, and its instructions.

[2] However, the following payments made to a corporation and reportable on Form 1099-MISC are not exempt from backup withholding: medical and health care payments, attorneys' fees, gross proceeds paid to an attorney, and payments for services paid by a federal executive agency.

## Part I. Taxpayer Identification Number (TIN)

**Enter your TIN in the appropriate box.** If you are a resident alien and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see *How to get a TIN* below.

If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN. However, the IRS prefers that you use your SSN.

If you are a single-member LLC that is disregarded as an entity separate from its owner (see *Limited Liability Company (LLC)* on page 2), enter the owner's SSN (or EIN, if the owner has one). Do not enter the disregarded entity's EIN. If the LLC is classified as a corporation or partnership, enter the entity's EIN.

**Note.** See the chart on page 4 for further clarification of name and TIN combinations.

**How to get a TIN.** If you do not have a TIN, apply for one immediately. To apply for an SSN, get Form SS-5, Application for a Social Security Card, from your local Social Security Administration office or get this form online at *www.ssa.gov*. You may also get this form by calling 1-800-772-1213. Use Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can apply for an EIN online by accessing the IRS website at *www.irs.gov/businesses* and clicking on Employer Identification Number (EIN) under Starting a Business. You can get Forms W-7 and SS-4 from the IRS by visiting IRS.gov or by calling 1-800-TAX-FORM (1-800-829-3676).

If you are asked to complete Form W-9 but do not have a TIN, write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

**Note.** Entering "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.

**Caution:** *A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.*

## Part II. Certification

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if item 1, below, and items 4 and 5 on page 4 indicate otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). In the case of a disregarded entity, the person identified on the "Name" line must sign. Exempt payees, see *Exempt Payee* on page 3.

**Signature requirements.** Complete the certification as indicated in items 1 through 3, below, and items 4 and 5 on page 4.

**1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.

**2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

**3. Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.

**4. Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

**5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), IRA, Coverdell ESA, Archer MSA or HSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
| --- | --- |
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account [1] |
| 3. Custodian account of a minor (Uniform Gift to Minors Act) | The minor [2] |
| 4. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee [1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner [1] |
| 5. Sole proprietorship or disregarded entity owned by an individual | The owner [3] |
| 6. Grantor trust filing under Optional Form 1099 Filing Method 1 (see Regulation section 1.671-4(b)(2)(i)(A)) | The grantor* |

| For this type of account: | Give name and EIN of: |
| --- | --- |
| 7. Disregarded entity not owned by an individual | The owner |
| 8. A valid trust, estate, or pension trust | Legal entity [4] |
| 9. Corporation or LLC electing corporate status on Form 8832 or Form 2553 | The corporation |
| 10. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 11. Partnership or multi-member LLC | The partnership |
| 12. A broker or registered nominee | The broker or nominee |
| 13. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| 14. Grantor trust filing under the Form 1041 Filing Method or the Optional Form 1099 Filing Method 2 (see Regulation section 1.671-4(b)(2)(i)(B)) | The trust |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name and you may also enter your business or "DBA" name on the "Business name/disregarded entity" name line. You may use either your SSN or EIN (if you have one), but the IRS encourages you to use your SSN.

[4] List first and circle the name of the trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.) Also see *Special rules for partnerships* on page 1.

*Note. Grantor also must provide a Form W-9 to trustee of trust.

**Note.** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

## Secure Your Tax Records from Identity Theft

Identity theft occurs when someone uses your personal information such as your name, social security number (SSN), or other identifying information, without your permission, to commit fraud or other crimes. An identity thief may use your SSN to get a job or may file a tax return using your SSN to receive a refund.

To reduce your risk:

• Protect your SSN,

• Ensure your employer is protecting your SSN, and

• Be careful when choosing a tax preparer.

If your tax records are affected by identity theft and you receive a notice from the IRS, respond right away to the name and phone number printed on the IRS notice or letter.

If your tax records are not currently affected by identity theft but you think you are at risk due to a lost or stolen purse or wallet, questionable credit card activity or credit report, contact the IRS Identity Theft Hotline at 1-800-908-4490 or submit Form 14039.

For more information, see Publication 4535, Identity Theft Prevention and Victim Assistance.

Victims of identity theft who are experiencing economic harm or a system problem, or are seeking help in resolving tax problems that have not been resolved through normal channels, may be eligible for Taxpayer Advocate Service (TAS) assistance. You can reach TAS by calling the TAS toll-free case intake line at 1-877-777-4778 or TTY/TDD 1-800-829-4059.

**Protect yourself from suspicious emails or phishing schemes.** Phishing is the creation and use of email and websites designed to mimic legitimate business emails and websites. The most common act is sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.

The IRS does not initiate contacts with taxpayers via emails. Also, the IRS does not request personal detailed information through email or ask taxpayers for the PIN numbers, passwords, or similar secret access information for their credit card, bank, or other financial accounts.

If you receive an unsolicited email claiming to be from the IRS, forward this message to *phishing@irs.gov*. You may also report misuse of the IRS name, logo, or other IRS property to the Treasury Inspector General for Tax Administration at 1-800-366-4484. You can forward suspicious emails to the Federal Trade Commission at: *spam@uce.gov* or contact them at *www.ftc.gov/idtheft* or 1-877-IDTHEFT (1-877-438-4338).

Visit IRS.gov to learn more about identity theft and how to reduce your risk.

## Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons (including federal agencies) who are required to file information returns with the IRS for interest, dividends, or certain other income paid to you; mortgage interest paid by you; the acquisition or abandonment of secured property; the cancellation of debt; or contributions you made to an IRA, Archer MSA, or HSA. The person collecting this form uses the information on the form to file information returns with the IRS, reporting the above information. Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation and to cities, states, the District of Columbia, and U.S. possessions for use in administering their laws. The information may also be disclosed to other countries under a treaty, to federal and state agencies to enforce civil and criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism. You must provide your TIN whether or not you are required to file a tax return. Under section 3406, payers must generally withhold a percentage of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to the payer. Certain penalties may also apply for providing false or fraudulent information.

# Form W-4 (2011)

**Purpose.** Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay. Consider completing a new Form W-4 each year and when your personal or financial situation changes.

**Exemption from withholding.** If you are exempt, complete **only** lines 1, 2, 3, 4, and 7 and sign the form to validate it. Your exemption for 2011 expires February 16, 2012. See Pub. 505, Tax Withholding and Estimated Tax.

**Note.** If another person can claim you as a dependent on his or her tax return, you cannot claim exemption from withholding if your income exceeds $950 and includes more than $300 of unearned income (for example, interest and dividends).

**Basic instructions.** If you are not exempt, complete the **Personal Allowances Worksheet** below. The worksheets on page 2 further adjust your withholding allowances based on itemized deductions, certain credits, adjustments to income, or two-earners/multiple jobs situations.

Complete all worksheets that apply. However, you may claim fewer (or zero) allowances. For regular wages, withholding must be based on allowances you claimed and may not be based on a flat amount or percentage of wages.

**Head of household.** Generally, you may claim head of household filing status on your tax return only if you are unmarried and pay more than 50% of the costs of keeping up a home for yourself and your dependent(s) or other qualifying individuals. See Pub. 501, Exemptions, Standard Deduction, and Filing Information, for information.

**Tax credits.** You can take projected tax credits into account in figuring your allowable number of withholding allowances. Credits for child or dependent care expenses and the child tax credit may be claimed using the **Personal Allowances Worksheet** below. See Pub. 919, How Do I Adjust My Tax Withholding, for information on converting your other credits into withholding allowances.

**Nonwage income.** If you have a large amount of nonwage income, such as interest or dividends, consider making estimated tax payments using

Form 1040-ES, Estimated Tax for Individuals. Otherwise, you may owe additional tax. If you have pension or annuity income, see Pub. 919 to find out if you should adjust your withholding on Form W-4 or W-4P.

**Two earners or multiple jobs.** If you have a working spouse or more than one job, figure the total number of allowances you are entitled to claim on all jobs using worksheets from only one Form W-4. Your withholding usually will be most accurate when all allowances are claimed on the Form W-4 for the highest paying job and zero allowances are claimed on the others. See Pub. 919 for details.

**Nonresident alien.** If you are a nonresident alien, see Notice 1392, Supplemental Form W-4 Instructions for Nonresident Aliens, before completing this form.

**Check your withholding.** After your Form W-4 takes effect, use Pub. 919 to see how the amount you are having withheld compares to your projected total tax for 2011. See Pub. 919, especially if your earnings exceed $130,000 (Single) or $180,000 (Married).

---

## Personal Allowances Worksheet (Keep for your records.)

| | | |
|---|---|---|
| **A** | Enter "1" for **yourself** if no one else can claim you as a dependent . . . . . . . . . . . . . . . . | **A** _____ |
| **B** | Enter "1" if: { • You are single and have only one job; or<br>• You are married, have only one job, and your spouse does not work; or<br>• Your wages from a second job or your spouse's wages (or the total of both) are $1,500 or less. } . . | **B** _____ |
| **C** | Enter "1" for your **spouse.** But, you may choose to enter "-0-" if you are married and have either a working spouse or more than one job. (Entering "-0-" may help you avoid having too little tax withheld.) . . . . . . . | **C** _____ |
| **D** | Enter number of **dependents** (other than your spouse or yourself) you will claim on your tax return . . . . | **D** _____ |
| **E** | Enter "1" if you will file as **head of household** on your tax return (see conditions under **Head of household** above) . . | **E** _____ |
| **F** | Enter "1" if you have at least $1,900 of **child or dependent care expenses** for which you plan to claim a credit . . | **F** _____ |
| | (**Note.** Do **not** include child support payments. See Pub. 503, Child and Dependent Care Expenses, for details.) | |
| **G** | **Child Tax Credit** (including additional child tax credit). See Pub. 972, Child Tax Credit, for more information. | |
| | • If your total income will be less than $61,000 ($90,000 if married), enter "2" for each eligible child; then **less** "1" if you have three or more eligible children. | |
| | • If your total income will be between $61,000 and $84,000 ($90,000 and $119,000 if married), enter "1" for each eligible child plus "1" **additional** if you have six or more eligible children . . . . . . . . . . . . . . . . | **G** _____ |
| **H** | Add lines A through G and enter total here. (**Note.** This may be different from the number of exemptions you claim on your tax return.) ▶ **H** | _____ |

| | |
|---|---|
| For accuracy, complete all worksheets that apply. | • If you plan to **itemize** or **claim adjustments to income** and want to reduce your withholding, see the **Deductions and Adjustments Worksheet** on page 2.<br>• If you have **more than one job** or are **married and you and your spouse both work** and the combined earnings from all jobs exceed $40,000 ($10,000 if married), see the **Two-Earners/Multiple Jobs Worksheet** on page 2 to avoid having too little tax withheld.<br>• If **neither** of the above situations applies, **stop here** and enter the number from line H on line 5 of Form W-4 below. |

---

**Cut here and give Form W-4 to your employer. Keep the top part for your records.**

---

| Form **W-4** | **Employee's Withholding Allowance Certificate** | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury<br>Internal Revenue Service | ▶ Whether you are entitled to claim a certain number of allowances or exemption from withholding is subject to review by the IRS. Your employer may be required to send a copy of this form to the IRS. | 20**11** |

| 1 | Type or print your first name and middle initial. | Last name | 2 Your social security number |
|---|---|---|---|

| Home address (number and street or rural route) | 3 ☐ Single ☐ Married ☐ Married, but withhold at higher Single rate. |
|---|---|
| City or town, state, and ZIP code | **Note.** If married, but legally separated, or spouse is a nonresident alien, check the "Single" box. |
| | 4 If your last name differs from that shown on your social security card, check here. You must call 1-800-772-1213 for a replacement card. ▶ ☐ |

| 5 | Total number of allowances you are claiming (from line **H** above **or** from the applicable worksheet on page 2) | 5 |
|---|---|---|
| 6 | Additional amount, if any, you want withheld from each paycheck . . . . . . . . . . . . | 6 $ |
| 7 | I claim exemption from withholding for 2011, and I certify that I meet **both** of the following conditions for exemption. | |
| | • Last year I had a right to a refund of **all** federal income tax withheld because I had **no** tax liability **and** | |
| | • This year I expect a refund of **all** federal income tax withheld because I expect to have **no** tax liability. | |
| | If you meet both conditions, write "Exempt" here . . . . . . . . . . . ▶ | 7 |

Under penalties of perjury, I declare that I have examined this certificate and to the best of my knowledge and belief, it is true, correct, and complete.

**Employee's signature**
(This form is not valid unless you sign it.) ▶ _____ **Date** ▶ _____

| 8 | Employer's name and address (Employer: Complete lines 8 and 10 only if sending to the IRS.) | 9 Office code (optional) | 10 Employer identification number (EIN) |
|---|---|---|---|

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.** 　　　　Cat. No. 10220Q 　　　　Form **W-4** (2011)

## Deductions and Adjustments Worksheet

**Note.** Use this worksheet *only* if you plan to itemize deductions or claim certain credits or adjustments to income.

| | | |
|---|---|---|
| **1** | Enter an estimate of your 2011 itemized deductions. These include qualifying home mortgage interest, charitable contributions, state and local taxes, medical expenses in excess of 7.5% of your income, and miscellaneous deductions . . . . . . . . . . . . . . . . . . . . . . | **1** $ _____ |
| **2** | Enter: { $11,600 if married filing jointly or qualifying widow(er) <br> $8,500 if head of household <br> $5,800 if single or married filing separately } . . . . | **2** $ _____ |
| **3** | **Subtract** line 2 from line 1. If zero or less, enter "-0-" . . . . . . . . . . . . . | **3** $ _____ |
| **4** | Enter an estimate of your 2011 adjustments to income and any additional standard deduction (see Pub. 919) | **4** $ _____ |
| **5** | **Add** lines 3 and 4 and enter the total. (Include any amount for credits from the *Converting Credits to Withholding Allowances for 2011 Form W-4 Worksheet* in Pub. 919.) . . . . . . . . | **5** $ _____ |
| **6** | Enter an estimate of your 2011 nonwage income (such as dividends or interest) . . . . . | **6** $ _____ |
| **7** | **Subtract** line 6 from line 5. If zero or less, enter "-0-" . . . . . . . . . . . . | **7** $ _____ |
| **8** | **Divide** the amount on line 7 by $3,700 and enter the result here. Drop any fraction . . . . | **8** _____ |
| **9** | Enter the number from the **Personal Allowances Worksheet**, line H, page 1 . . . . . | **9** _____ |
| **10** | **Add** lines 8 and 9 and enter the total here. If you plan to use the **Two-Earners/Multiple Jobs Worksheet**, also enter this total on line 1 below. Otherwise, **stop here** and enter this total on Form W-4, line 5, page 1 | **10** _____ |

## Two-Earners/Multiple Jobs Worksheet (See *Two earners or multiple jobs* on page 1.)

**Note.** Use this worksheet *only* if the instructions under line H on page 1 direct you here.

| | | |
|---|---|---|
| **1** | Enter the number from line H, page 1 (or from line 10 above if you used the **Deductions and Adjustments Worksheet**) | **1** _____ |
| **2** | Find the number in **Table 1** below that applies to the **LOWEST** paying job and enter it here. **However,** if you are married filing jointly and wages from the highest paying job are $65,000 or less, do not enter more than "3" . . . . . . . . . . . . . . . . . . . . . . . . . | **2** _____ |
| **3** | If line 1 is **more than or equal to** line 2, subtract line 2 from line 1. Enter the result here (if zero, enter "-0-") and on Form W-4, line 5, page 1. **Do not** use the rest of this worksheet . . . | **3** _____ |
| **Note.** | If line 1 is **less than** line 2, enter "-0-" on Form W-4, line 5, page 1. Complete lines 4 through 9 below to figure the additional withholding amount necessary to avoid a year-end tax bill. | |
| **4** | Enter the number from line 2 of this worksheet . . . . . **4** _____ | |
| **5** | Enter the number from line 1 of this worksheet . . . . . **5** _____ | |
| **6** | **Subtract** line 5 from line 4 . . . . . . . . . . . . . . . . . . | **6** _____ |
| **7** | Find the amount in **Table 2** below that applies to the **HIGHEST** paying job and enter it here | **7** $ _____ |
| **8** | **Multiply** line 7 by line 6 and enter the result here. This is the additional annual withholding needed | **8** $ _____ |
| **9** | Divide line 8 by the number of pay periods remaining in 2011. For example, divide by 26 if you are paid every two weeks and you complete this form in December 2010. Enter the result here and on Form W-4, line 6, page 1. This is the additional amount to be withheld from each paycheck . . . . | **9** $ _____ |

### Table 1

| Married Filing Jointly | | All Others | |
|---|---|---|---|
| If wages from LOWEST paying job are— | Enter on line 2 above | If wages from LOWEST paying job are— | Enter on line 2 above |
| $0 - $5,000 - | 0 | $0 - $8,000 - | 0 |
| 5,001 - 12,000 - | 1 | 8,001 - 15,000 - | 1 |
| 12,001 - 22,000 - | 2 | 15,001 - 25,000 - | 2 |
| 22,001 - 25,000 - | 3 | 25,001 - 30,000 - | 3 |
| 25,001 - 30,000 - | 4 | 30,001 - 40,000 - | 4 |
| 30,001 - 40,000 - | 5 | 40,001 - 50,000 - | 5 |
| 40,001 - 48,000 - | 6 | 50,001 - 65,000 - | 6 |
| 48,001 - 55,000 - | 7 | 65,001 - 80,000 - | 7 |
| 55,001 - 65,000 - | 8 | 80,001 - 95,000 - | 8 |
| 65,001 - 72,000 - | 9 | 95,001 -120,000 - | 9 |
| 72,001 - 85,000 - | 10 | 120,001 and over | 10 |
| 85,001 - 97,000 - | 11 | | |
| 97,001 -110,000 - | 12 | | |
| 110,001 -120,000 - | 13 | | |
| 120,001 -135,000 - | 14 | | |
| 135,001 and over | 15 | | |

### Table 2

| Married Filing Jointly | | All Others | |
|---|---|---|---|
| If wages from HIGHEST paying job are— | Enter on line 7 above | If wages from HIGHEST paying job are— | Enter on line 7 above |
| $0 - $65,000 - | $560 | $0 - $35,000 - | $560 |
| 65,001 - 125,000 - | 930 | 35,001 - 90,000 - | 930 |
| 125,001 - 185,000 - | 1,040 | 90,001 - 165,000 - | 1,040 |
| 185,001 - 335,000 - | 1,220 | 165,001 - 370,000 - | 1,220 |
| 335,001 and over | 1,300 | 370,001 and over | 1,300 |

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. Internal Revenue Code sections 3402(f)(2) and 6109 and their regulations require you to provide this information; your employer uses it to determine your federal income tax withholding. Failure to provide a properly completed form will result in your being treated as a single person who claims no withholding allowances; providing fraudulent information may subject you to penalties. Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, to cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws; and to the Department of Health and Human Services for use in the National Directory of New Hires. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by Code section 6103.

The average time and expenses required to complete and file this form will vary depending on individual circumstances. For estimated averages, see the instructions for your income tax return.

If you have suggestions for making this form simpler, we would be happy to hear from you. See the instructions for your income tax return.

EXHIBIT 5

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors. | § | JOINTLY ADMINISTERED |

**PLEASE TAKE NOTICE THAT** the Debtors in these cases filed for chapter 11 bankruptcy on May 1, 2009 in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases are jointly administered under the bankruptcy case and style referenced above.

**PLEASE TAKE FURTHER NOTICE THAT** on March 29, 2011, the Debtors filed a proposed amended Chapter 11 Plan of Liquidation (the "Plan") and a proposed amended Disclosure Statement. The Court has approved the Disclosure Statement, as amended, and entered an order stating that any objections to the Plan (including approval of the releases and waivers provided under the Plan) must be filed with the Court on or before May 9, 2011. A hearing on the confirmation of the Plan will be held by the Court on May 19, 2011 at 10:30 a.m. prevailing Eastern time. This hearing may be adjourned from time to time by the Court without further notice except for an announcement of the adjourned date made at such a hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court. For the Plan, the Disclosure Statement, and more information about these hearing dates and deadlines, please visit www.kccllc.net/accredited.

**PLEASE TAKE FURTHER NOTICE THAT** the deadlines established by the Bankruptcy Court for asserting pre-bankruptcy claims against the Debtors have expired. Creditors who wish to assert claims against the Debtors arising prior to May 1, 2009 must file the appropriate pleadings with the Bankruptcy Court, and are advised to contact legal counsel. The Plan proposes to automatically subordinate all claims that were not filed by the applicable bar dates, unless and until the Court enters an order authorizing the untimely filing of such Claims.

**PLEASE TAKE FURTHER NOTICE THAT** the Plan proposes to establish deadlines for asserting administrative claims arising after the commencement of these bankruptcy cases. If the Plan is confirmed, anyone who wishes to assert administrative claims arising on or after May 1, 2009 must do so by the deadlines established by the Plan, and are advised to contact legal counsel.

**PLEASE TAKE FURTHER NOTICE THAT** the Plan proposes to automatically reject all of the Debtors' remaining unexpired leases and executory contracts, except as provided in the Plan. If the Plan is confirmed, creditors who wish to assert claims arising from the rejection of these remaining unexpired leases and executory contracts must do so by the deadlines established by the Plan, and are advised to contact legal counsel. Information how to file these claims can be obtained from www.kccllc.net/accredited or by calling (866) 967-1789.