IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ACCREDITED HOME LENDERS | § | Case No. 09-11516 (MFW) |
| HOLDING CO., et al. | § | |
| | § | |
| Debtors.[1] | § | JOINTLY ADMINISTERED |

Re: Docket Nos. 2572 & 2576

**REVISED ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (III) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS; (IV) APPROVING PUBLICATION NOTICE REGARDING THE PLAN AND OTHER DEADLINES; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for the entry of an order, pursuant to §§ 1125 and 1126 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 3016, 3017, and 3020, and Local Rules 3017-1(a) and 3017-1(b), (i) approving the Disclosure Statement, as amended, as containing "adequate information" as that term is defined in § 1125(a)(1) of the Bankruptcy Code; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (a) approving the form and manner of the Solicitation Packages, (b) approving the form and manner of notice of the Confirmation Hearing,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Accredited Home Lenders Holding Co., a Delaware corporation (9482), Accredited Home Lenders, Inc., a California corporation (6859), Vendor Management Services, LLC d/b/a Inzura Settlement Services, a Pennsylvania limited liability company (8047), Inzura Insurance Services, Inc., a Delaware corporation (7089), and Windsor Management Co., d/b/a AHL Foreclosure Services Co., a California corporation (4056). The address for all Debtors is 9915 Mira Mesa Blvd., Ste. 120, San Diego, CA 92131. The bankruptcy cases for these debtors and debtors-in-possession are jointly administered under the bankruptcy case and style referenced above.

[2] Unless otherwise defined in herein, all capitalized terms shall have the respective meanings ascribed to them in the Motion.

(c) establishing a record date and approving procedures for distributing Solicitation Packages, (d) approving the forms of Ballots, (e) establishing the deadline for the receipt of Ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing the deadline and procedures for filing objections to confirmation of the Plan, including the third-party creditor, interest holders and other parties releases and waivers provided under the Plan; (iv) granting related relief; and it appearing that adequate and sufficient notice of the Motion has been given under the circumstances; and it further appearing that adequate and sufficient notice pursuant to Bankruptcy Rule 2002(b) of the hearing to approve the Disclosure Statement has been given; and it further appearing that that the contents of the solicitation packages comply with Bankruptcy Rules 2002 and 3017 and § 1125 of the Bankruptcy Code, constitute sufficient notice to all interested parties and is appropriate and reasonable under the circumstances for creditors to make an informed decisions to accept or reject the Plan; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Disclosure Statement, as most recently amended, is approved as containing adequate information within the meaning of § 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Disclosure Statement not otherwise withdrawn with prejudice or consensually resolved are overruled.

3. The Debtors shall mail or caused to be mailed to the Voting Parties no later than April 9, 2011, a solicitation package containing: (i) written notice (the "<u>Confirmation Hearing</u>

Notice"), substantially in the form annexed hereto as Exhibit 1, of (a) the Court's approval of the Disclosure Statement, (b) the deadline for voting on the Plan, (c) the date of the Confirmation Hearing, and (d) the deadline and procedures for filing objections to confirmation of the Plan, which Confirmation Hearing Notice is approved; (ii) the Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (iii) the Disclosure Statement, substantially in the form approved by the Court (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (iv) the appropriate Ballot (substantially in the form annexed hereto as Exhibit 3) and ballot return envelope; (v) a letter from the Committee substantially in the form of the letter attached to the *Notice of Filing of Form of Plan Support Letter by Creditors Committee*, Docket No. 2507; (vi) an official Internal Revenue Service W-9 Form or W-4, as applicable (substantially in the forms annexed hereto as Exhibit 4); and (vii) such other information as the Court may direct or approve (collectively, the "Solicitation Package"). The Solicitation Package is approved as described above. The Solicitation Package and the manner of service of the Solicitation Package satisfies the requirements of Bankruptcy Rule 3017(d).

4. With respect to Solicitation Packages to be distributed to Holders of Claims in Class 8 H, the Debtors shall distribute or cause to be distributed Solicitation Packages, including Ballots, to record Holders of the securities in that class, including without limitation, brokers, banks, commercial banks, trust companies, dealers, other agents or nominees, or their mailing agents, or such other person or entity agreed to by the Debtors (collectively, the "Voting Nominees"), and each Voting Nominee shall be entitled to receive reasonably sufficient numbers of Solicitation Packages (including Beneficial Ballots) to distribute to the beneficial owners of the Claims for whom such Voting Nominee acts (including the Trust Preferred Holders) (collectively, the "Beneficial Owners"), and, upon request, the Debtors shall be responsible for

each such Voting Nominee's documented, reasonable, actual, and customary out-of-pocket expenses associated with the distribution of the Solicitation Packages to the Beneficial Owners of such Claims and Interests, the tabulation of the Beneficial Ballots, and the completion of Master Ballots.

5. The Debtors are authorized to distribute or cause to be distributed Master Ballots to the Voting Nominees in Class 8 H in accordance with customary procedures.

6. Each Voting Nominee is required to forward the Solicitation Packages to Beneficial Owners, receive returned Ballots from the Beneficial Owners, tabulate the results according to the instructions set forth in the Master Ballots, return such results in a Master Ballot, and retain the underlying Ballots received from the Beneficial Owners for inspection for a period of one year following the Voting Deadline (defined below).

7. In order to cast its vote, the Beneficial Owner should return its Beneficial Ballot to the Voting Nominee so that it is received by the Voting Nominee no later than three (3) business days prior to the Voting Deadline.

8. A transferee of a scheduled claim shall be entitled to receive a solicitation package only if all actions necessary to comply with Bankruptcy Rule 3003(e) have been completed by the Record Date. Where a claim is transferred after the transferor has completed a Ballot, the transferee of such claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the holder of such transferred claim as of the Record Date.

9. The Debtors shall mail or cause to be mailed to each of the known counterparties to the Rejected Executory Contracts a Confirmation Hearing Notice as well as copies of the Disclosure Statement and the Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion).

DOCS_DE:169066.1

4

10. The Debtors are not required to transmit a Solicitation Package to the Non-Voting Parties.[3] By April 9, 2011, the Debtors shall mail or cause to be mailed to each Non-Voting Party the Non-Voting Creditor Notice substantially in the form attached hereto as Exhibit 2.

11. The Debtors are not required to transmit any notices to persons or entities who were not scheduled as creditors and who have not filed proofs of claims as of the Record Date, regardless of whether such persons or entities have received other notices in these cases.

12. Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the Bar Dates in substantially the form attached hereto as Exhibit 5 (the "Publication Notice") once, in the national edition of *The Wall Street Journal* at least 25 days prior to the Confirmation Objection Deadline, which publication is hereby approved and, if the Plan is approved, shall be deemed good, adequate and sufficient publication notice of the Confirmation Hearing, the Confirmation Objection Deadline, the Administrative Claims and Rejection Claims Bar Dates, and the Plan's automatic subordination of all Claims that were not filed by the applicable bar dates, unless and until the Court enters an order allowing such Claims.

13. April 1, 2011 at noon, prevailing Pacific Time, is established as the record date (the "Record Date") for the purposes of determining the creditors and interest holders entitled to receive the Solicitation Package and to vote on the Plan, and for the purpose of determining the creditors and interest holders entitled to receive the Non-Voting Creditor Notice.

---

[3] [3]The Non-Voting Parties include (i) Unimpaired Creditors holding Administrative Claims, Priority Tax Claims, Secured Claims in Classes 1 H and 1 C, and Priority Claims Claims in Classes 2 H and 2 C, (ii) the holders of claims in the Deemed Rejecting Classes, namely of Subordinated Claims in Classes 8 H, 9 H, and 7 C, and Interests in Classes 10 H and 8 C, and (iii) the holders of Disallowed and Unallowed Claims, namely, Claims that (i) have been disallowed in full, (ii) are the subject of a pending objection seeking to disallow them in full, (iii) were scheduled as liquidated, contingent, or disputed without a timely proof of claim being filed relating to such potential Claim, or (iv) were not timely filed and not otherwise allowed by agreement or Order of the Court, unless and until the Court enters an order permitting such claims to vote.

14. Each Ballot will state the amount of the Creditor's allowed claim as of the Record Date.

15. Kurtzman Carson Consultants, LLC ("KCC") shall tabulate the ballots and certify to the Court the results of the balloting.

16. The Debtors are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Creditor Notices to addresses and entities to which the notice of the Disclosure Statement Hearing was returned by the United States Postal Service as undeliverable, unless the Debtors are provided with an accurate address.

17. The Ballots, substantially in the form annexed hereto as Exhibit 3, are hereby approved.

18. All Ballots must be properly executed, completed and delivered to the Voting Agent at Accredited Home Lenders Ballot Processing, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, so that the Ballots are actually received on or before **May 10, 2011 at 4:00 p.m. (prevailing Pacific Time)** (the "Voting Deadline"), unless extended by the Debtors. Ballots cast by facsimile, email or other electronic transmission will not be counted unless approved in advance by the Debtors in writing.

19. For purposes of voting on the Plan, the amount of a claim held by a creditor shall be determined pursuant to the following guidelines:

   a. The amount of the Claim listed in a Debtor's schedule of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined or disputed, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law).

   b. The noncontingent and liquidated amount specified in a proof of claim timely filed with the Court or KCC (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of claim is not the subject of an objection, or an objection by the Debtor to a claim amount solely for voting purposes, filed no later than April 8, 2011 (the "Vote Objection Deadline") (or, if such claim has

been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

c.  The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is brought, notice is provided and a hearing is held at or prior to the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

d.  Except as otherwise provided in subsection (c) hereof, with respect to ballots cast by alleged creditors whose Claims (i) are not listed on a Debtor's schedule of liabilities, or (ii) are listed as disputed, contingent and/or unliquidated on a Debtor's schedule of liabilities, but who have timely filed proofs of claim in wholly unliquidated or unknown amounts that are not the subject of an objection filed before the Vote Objection Deadline, such ballots shall be counted as votes in determining whether the numerosity requirement of § 1126(c) of the Bankruptcy Code has been met, but shall not be counted in determining whether the aggregate claim amount requirement has been met.

20.  If a creditor casts a ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the Court under applicable law), but the creditor's claim is the subject of an objection (either generally to the applicable claim, or solely for purposes of determining the amount of the applicable claim for voting purposes) filed no later than the Vote Objection Deadline, then the creditor's ballot shall not be counted, unless such claim is temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after a Claims Estimation Motion is brought by such creditor, notice is provided and a hearing is held at or prior to the Confirmation Hearing. Notwithstanding the foregoing, if an objection to a claim requests that such claim be reclassified and/or allowed in a fixed, reduced amount, then such claimant's ballot shall be counted as if such objection had been sustained, and if an objection to a claim requests that such claim be disallowed against certain Debtors and allowed against a different Debtor, then such claimant's ballot shall be counted as if such objection had been sustained.

21.  Creditors seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) (and without prejudice to the

rights of the Debtors in any other context) must file and serve notice of a hearing on, and a Claims Estimation Motion, no later than **April 15, 2011**. The Court will schedule a hearing on such Claims Estimation Motion to be heard at or prior to the Confirmation Hearing. If a Claims Estimation Motion is timely filed, the Debtors shall be required to send a provisional ballot to such claimant (unless such claimant has already been provided with a ballot).

22. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

   a. For purposes of the numerosity requirement of § 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

   b. Creditors must vote all of their Claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a ballot (or multiple ballots with respect to multiple Claims within a single class) that partially rejects and partially accepts the Plan will be counted as accepting the Plan.

   c. Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will counted as accepting the Plan.

   d. Only ballots that are timely received with original signatures will be counted. Unsigned ballots will not be counted.

   e. Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

   f. Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

   g. Whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, the last ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior ballots.

   h. If a creditor simultaneously casts inconsistent duplicate ballots, with respect to the same claim, the ballot rejecting the Plan shall not be counted.

   i. Creditors who select both Convenience Class treatment and opt in to Classes 3 H, 4 H, 3 C, or 4 C will deemed to have made the Consolidated Debtors or Consolidated Holdco Convenience Class Election, as applicable.

DOCS_DE:169066.1

8

j.  Each creditor shall be deemed to have voted the full amount of its claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Voting Agent and the Debtors, which determination shall be final and binding.

23. With respect to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners, the amount that will be used to tabulate acceptance or rejection of the Plan will be the principal amount held by such Voting Nominees and Beneficial Owners as of the Record Date. The following additional rules apply to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners:

   a.  Votes cast by Beneficial Owners through a Voting Nominee will be applied against the positions held by such entities in the applicable security of the Debtors as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the applicable securities held by such Voting Nominee.

   b.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the applicable Voting Nominees.

   c.  To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

   d.  Where a Beneficial Owner holds securities through more than one Voting Nominee, it must execute a separate Ballot for each block of debt securities owned by such Beneficial Owner. However, such Holder must vote all of its Claims in each Class in the sane manner, to either accept or reject the Plan. Accordingly, if such Holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted.

24. Parties opposing the Plan, including the Plan's provisions relating to the releases of various claims amongst the Debtors, certain creditors, and certain parties-in-interest and the Plan's provisions relating to the Plan's waiver of various contractual subordination and

subrogation rights, must file a timely objection to the confirmation of the Plan in accordance with this Order.. Any objection, comment or response to confirmation of the Plan (including any supporting memoranda) must (a) be in writing, (b) state the name and address of the objecting party and the nature of the claim or interest of such party, (c) state with specificity the legal and factual bases for and nature of any objection to the Plan, and (d) be served on the parties identified below, and filed with the Court, together with proof of service, such that the foregoing are received by such parties and the Court on or before **May 10, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline"). The Court shall consider only timely filed written objections that comply with the terms of this Order. All objections to the Plan and its provisions, including its releases and waivers, that are not timely filed and served in accordance with the provisions of this Motion are hereby deemed waived. Objections to confirmation of the Plan should provide proposed language to remedy such objections and shall be served on the following parties:

> The Debtors: (i) Hunton & Williams LLP, 1445 Ross Ave., Suite 3700, Dallas, TX 75202, attn: Gregory G. Hesse, Tel: (214) 979-3000, Fax: (214) 880-0011, and (ii) Pachulski Stang Ziehl & Jones LLP, North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, attn: Kathleen Makowski, Tel: (302) 652-4100, Fax: (302) 652-4400;

> The Creditors Committee: (i) Arent Fox LLP, 1675 Broadway, New York, NY 10019, attn: Andrew I. Silfen, Tel: (212) 484-3900, Fax: (212) 484-3990., and (ii) Elliott Greenleaf, 1105 Market St., Suite 1700, Wilmington, DE 19801, attn: Rafael X. Zahralddin-Aravena, Tel.: (302) 384-9400, Fax: (302) 384-9399; and

> The Office of the United States Trustee: 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, attn: T. Patrick Tinker, Tel.: (302) 573-6491, Fax: (302) 573-6497.

25. Any party supporting the Plan shall be afforded an opportunity to file a response to any objection to confirmation of the Plan, no later than May 16, 2011 at midnight (prevailing Eastern time).

26. A hearing shall be held before this Court on **May 19, 2011 at 10:30 a.m. (prevailing Eastern time)**, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 5th Floor, Wilmington, Delaware 19801, or as soon thereafter as counsel can be heard, to consider confirmation of the Plan (the "Confirmation Hearing").

27. The Confirmation Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest, other than an announcement of the adjourned date at the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors.

28. Prior to mailing the Disclosure Statement, Solicitation Packages, Non-Voting Creditor Notices, or the Cure Notice, the Debtors may fill in any missing dates and other information, correct any typographical errors and make such other non-material, non-substantive changes as they deem appropriate.

29. The Debtors are authorized to take or refrain from taking an action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further Order of the Court.

30. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

Wilmington, Delaware
Date: April ___, 2011

The Honorable Mary F. Walrath
United States Bankruptcy Judge